Case 4:01-cv-03624  Document 55  Filed on 12/21/01 in TXSD  Page 1 of 27

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK NEWBY, and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ENRON CORP., et al, | ) ) |
| Defendants. | ) ) |
| ——————————————— | ) |
| AND CONSOLIDATED ACTIONS | ) ) |

C.A. No. H-01-3624
And Consolidated Actions:

01cv3789, 01cv3630, 01cv3670,
01cv3838, 01cv3647, 01cv3652,
01cv3889, 01cv3660, 01cv3717,
01cv3734, 01cv3735, 01cv3681,
01cv3671, 01cv3682, 01cv3733,
01cv3647, 01cv3686, 01cv3914,
01cv4071, 01cv3737, 01cv3736,
01cv4189, 01cv3839, 01cv3993

JUDGE LEE H. ROSENTHAL

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF LOCAL 710 PENSION FUND
FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL**

CONNELLY BAKER WOTRING & JACKSON L.L.P.
Earnest Wotring
700 Louisiana
Suite 1850
Houston, Texas   77002
(713) 980-1713
(713) 980-1701 (fax)

KIRBY McINERNEY & SQUIRE, LLP
Roger W. Kirby
Ira M. Press
830 Third Avenue
10th Floor
New York, New York   10022
(212) 371-6600
(212) 751-2540 (fax)

FUTTERMAN & HOWARD, CHTD.
Michael J. Behn
122 South Michigan Avenue
Suite 1850
Chicago, Illinois   60603
(312) 427-3600
(312) 427-1850 (fax)

Counsel for Local 710 Pension Fund

55

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.   The Court Should Appoint Movant to Serve as Lead
       Plaintiff . . . . . . . . . . . . . . . . . . . . . . . 4

        1.  Local 710 Pension Fund Has Timely Filed A
            Complaint Or Joined In A Motion To Serve
            As A Lead Plaintiff . . . . . . . . . . . . . . 5

        2.  Movant Has The Largest Financial
            Interest In The Relief Sought By
            The Class . . . . . . . . . . . . . . . . . . . 5

        3.  The Proposed Lead Plaintiff Satisfies The
            Requirements Of Rule 23 Of The Federal Rules Of
            Civil Procedure . . . . . . . . . . . . . . . . 6

            a.  Movant's Claims Are Typical Of The Claims Of
               The Class . . . . . . . . . . . . . . . . 7

            b.  The Proposed Lead Plaintiff Will Fairly and
               Adequately Represent the Interests of the
               Class . . . . . . . . . . . . . . . . . . 8

    B.   The Court Should Approve The Proposed Lead Plaintiff's
       Choice Of Counsel . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## CASES

In re Baan Co. Sec. Litig.,
    186 F.R.D. 214 (D.D.C. 1999) . . . . . . . . . . . . 6

In re Corrugated Container AntiTrust Litig.,
    643 F.2d 195 (5th Cir. 1981) . . . . . . . . . . . . 9

Fischler v. Amsouth Bancorp.,
    1997 WL 118429 (M.D. Fla. Feb. 6, 1997) . . . . . . 7

Hanon v. Dataproducts Corp.,
    976 F.2d 497 (9th Cir. 1992) . . . . . . . . . . . . 7

Kalodner v. Michaels Stores, Inc.,
    172 F.R.D. 200 (N.D. Tex. 1997) . . . . . . . . . . 7

Longden v. Sunderman,
    123 F.R.D. 547 (N.D. Tex. 1988) . . . . . . . . . . 9

In re Milestone Scientific Sec. Litig.,
    183 F.R.D. 404 (D.N.J. 1998) . . . . . . . . . . . . 6
                                                          7

In re Olsten Corp. Sec. Litig.,
    181 F.R.D. 218 (E.D.N.Y. 1998) . . . . . . . . . . . 6

In re Oxford Health Plans Sec. Litig.,
    182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . . . . . . . 7

In re Reliance Accept. Group, Inc. Sec. Litig.,
    1998 WL 388260 (W.D. Tex. June 29, 1998) . . . . . . 7

Transamerican Refining Corp. v. Dravo Corp.,
    130 F.R.D. 70 (S.D. Tex. 1990)  . . . . . . . . . . 7

Weinberger v. Jackson,
    102 F.R.D. 839 (N.D. Cal. 1984) . . . . . . . . . . 7

## STATUTES, RULES AND REGULATIONS

15 U.S.C. §78u-4, et seq. . . . . . . . . . . . . . . . passim

Federal Rules Of Civil Procedure
    Rule 23 . . . . . . . . . . . . . . . . . . . . . . 6
                                                          7

# MISCELLANEOUS

5 Herbert B Newberg,
    <u>Newberg on Class Actions</u> § 8816 (1977) . . . . . . . . . 8

Statement of Managers --
    The "Private Securities Litigation Reform Act of 1995,"
    141 Cong. Rec. H13691-08 (daily ed. Nov. 28, 1995) . . . 10

7A Wright Miller & Kane, Federal Practice & Procedure (1986)   7

## I.   <u>INTRODUCTION</u>

Enron Corporation investor Local 710 Pension Fund moves this Court for its appointment as Lead Plaintiff of a proposed class of persons or entities who purchased securities of Enron Corporation ("Enron" or the "Company") during the period October 19, 1998 through November 7, 2001 (the "Class Period"), and approval of its choice of counsel.

Local 710 Pension Fund, an institutional investor, with losses of over $2.5 million from its Class Period purchases of Enron securities, is believed to have the largest financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff and is, therefore, presumptively the most adequate lead plaintiff on behalf of the class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]

The above-captioned action was filed on October 22, 2001.  Since that time, dozens of putative class actions were commenced in this District on behalf of an identical or largely-overlapping putative class and based upon the same underlying facts (the "Actions").  Each of the Actions charges Enron, certain officers and directors, and its auditors with violations of sections 10(b) and 20(a) of the Securities Exchange Act of

---

[1]   <u>See</u> charts annexed to Ex. C to Declaration of Earnest Wotring in Support of Motion For Appointment As Lead Plaintiffs And For Approval of Lead Plaintiff's Choice of Counsel (the "Wotring Declaration"), setting forth the movant's class period transactions and losses.

1

1934 and Rule 10b-5 promulgated thereunder.[2]  The suits allege
that during the class period, defendants made false and
misleading statements about Enron's business and issued
favorable, but materially false, financial statements that were
distorted through complex, massive off-balance-sheet financial
accounting.  As a result of these false statements, the
complaints allege, Enron's stock was artificially inflated during
the Class Period.  Enron's officers and directors took advantage
of this artificial inflation, selling more than 7 million shares
of their Enron stock for proceeds of more than $434 million.

        Enron is an Oregon corporation with its principal place
of business in Houston, Texas.  Enron is engaged in electricity,
natural gas and communications businesses.  The company produces
electricity and natural gas, develops, constructs and operates
energy facilities worldwide and delivers both physical
commodities and financial risk management services to customers.

        In October of 2001, Enron disclosed that it would
suffer substantial losses, and a reduction in shareholders'
equity of over *$1 billion,* as a result of complex financial
transactions with two partnerships established by Enron's then
chief financial officer. Enron's shares lost 50% of their value
in one week, falling from $33.84 per share on October 16, 2001 to
close at $16.40 per share on October 24, 2001.

        On November 8, 2001, Enron announced it was restating

---

        [2]  Many of the related actions asserted claims against
Enron, however, on December 2, 2001, Enron filed for bankruptcy,
thereby staying all claims against it.

its results for 1997, 1998, 1999 and 2000, and the first two
quarters of 2001 to correct for errors which had inflated Enron's
net income by $591 million in those years.   In addition, Enron
admitted that audit reports for those years should not be relied
upon. The impact of the restatement was enormous. Upon these
disclosures, Enron's stock dropped to as low as $0.26 per share
by November 30, 2001, a mere fraction of the Class Period high of
$90.75.

 Procedurally, Movant's claims are typical of the Class,
and the Movant will fairly and adequately represent the claims of
the class.   As such, pursuant to the PSLRA, this Court should
appoint the Movant as Lead Plaintiff and approve its choice of
counsel.

## II. PROCEDURAL HISTORY

 The above-captioned Action was commenced on October 22,
2001.   Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), plaintiff's
counsel duly published the required early notice to Class members
on October 22, 2001 on PRNewswire, advising the public of the
pendency of the class action.   See Wotring Declaration, Ex. A.

 Dozens of additional class actions were subsequently
filed against Enron and are pending in this District.   All of the
Actions arise from Enron's Class Period misrepresentations and
omissions that give rise to the first-filed Newby Action.   They
name many of the same defendants and are asserted on behalf of
largely overlapping investor classes.   By order dated December
12, 2001, the Court consolideated more than two dozen actions

under the above caption.[3]

The PSLRA requires early notice to advise Class members
of their right to move this Court to be appointed Lead Plaintiff
within 60 days of publication. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).
Movant has filed this motion prior to the expiration of the 60-
day period from the publication of the notice.  Further, 15
U.S.C. § 78u-4(a)(3)(B) requires the Court to decide this motion
(a) within 90 days from the date of early notice publication or
(b) as soon as practicable after deciding any pending motion to
consolidate, whichever is later.

III. **ARGUMENT**

   A.   **The Court Should Appoint Movant to Serve as Lead
        Plaintiff**

Movant moves herein for entry of an Order providing for
(i) the appointment of Local 710 Pension Fund as Lead Plaintiff
for the proposed class; and (ii) the Court's approval of the lead
plaintiff's selection of counsel for the class.

---

   [3]  The consolidated actions are: <u>Christianson v. Enron
Corp., et al</u>, 01cv3671; <u>Odam, et al v. Enron, et al</u>, 01cv3914;
<u>John P. McCarthy Mone v. Enron Corp. et al</u>, 01cv3686; <u>Casey , et
al v. Enron Corp, et al</u>, 01cv3647; <u>Mashayekh v. Enron Corp, et
al</u>, 01cv3737; <u>Archdiocese of Milwa v. Enron Corp, et al</u>,
01cv4071; <u>Pinchuck v. Enron Corp, et al</u>, 01cv3736; <u>Daly v. Enron
Corp, et al</u>, 01cv4189; <u>Kaufman v. Enron Corp, et al</u>, 01cv3682;
<u>Koroluk v. Enron Corp, et al</u>, 01cv3733; <u>Brill v. Enron Corp, et
al</u>, 01cv3734; <u>Busch v. Enron Corp, et al</u>, 01cv3735; <u>Gottdiener v.
Enron Corp, et al</u>, 01cv3681; <u>Fragione v. Enron Corp, et al</u>,
01:3889; <u>Gottesman v. Enron Corp, et al</u>, 01cv3660; <u>Steiner v.
Enron Corp, et al</u>, 01cv3717; <u>Casey, et al v. Enron Corp, et al</u>,
01cv3647; <u>Greenberg v. Enron Corp, et al</u>, 01cv3670; <u>Wilson v.
Enron Corporation, et al</u>, 01cv3652; <u>Cammarata v. Enron Corp, et
al</u>, 01cv3993; <u>Raphael v. Enron Corp, et al</u>, 01cv3839; <u>Karcich, et
al v. Enron Corp, et al</u>, 01cv3838; <u>Lee v. Enron Corp, et al</u>,
01cv3789; <u>Abrams, et al v. Enron Corp, et al</u>, 01cv3630.

4

Movant meets the criteria under 15 U.S.C. § 78u-4
(a)(3)(B)(iii)(I) as noted below, and respectfully urges the
Court to grant its motion.

### 1. Local 710 Pension Fund Has Timely Filed A Motion To Serve As Lead Plaintiff

The PSLRA requires that one seeking to be a lead
plaintiff must have filed a complaint or made a timely motion to
serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).
Movant is filing this motion in a timely fashion.  Moreover,
Movant has signed a certification expressing a willingness to
serve as a representative party on behalf of the Class.  See
Wotring Decl. Ex. B.

### 2. Movant Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA provides that the most adequate plaintiff is
presumed to be the person or group of persons that, among other
things, "has the largest financial interest in the relief sought
by the class."  See 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I) (bb).
Movant is an institutional investor that acquired millions of
dollars worth of Enron securities during the Class Period.
Calculating its loss in accordance with 15 U.S.C. § 78u-4 (e)(1)
or (e)(2) indicates aggregate loss for the Movant in excess of
$2.5 million.  See Wotring Decl. Ex. C (setting forth Movant's
losses and explaining the method of calculation used).[4]

_____

[4]  Local 710 Pension Fund reserves the right to revise its
damage calculation at the appropriate stage of the litigation
and/or after the parties retain damage experts.

5

Furthermore, the PSLRA expresses a clear preference for appointment of institutional investors to serve as lead plaintiffs. See, e.g., In re Baan Co., 186 F.R.D. 214, 221 (D.D.C. 1999); In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 412 (D.N.J. 1998); In re Olsten Corp. Sec. Litig., 181 F.R.D. 218, 221 (E.D.N.Y. 1998). The Local 710 Pension Fund is precisely the type of institutional investor that the PSLRA favors.

### 3. The Proposed Lead Plaintiff Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

The PSLRA provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff or plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). F.R.C.P. 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of Lead

6

Plaintiff, the Court should limit its inquiry to the typicality
and adequacy prongs of Rule 23(a), and defer examination of the
remaining requirements until the Lead Plaintiff moves for class
certification.[5]  In re Reliance Accept. Group, Inc. Sec. Litig.,
1998 WL 388260, at *4 (W.D. Tex. June 29, 1998); In re Milestone
Scientific, 183 F.R.D. at 414; Fischler v. Amsouth Bancorp., 1997
WL 118429, at *2 (M.D. Fla. Feb. 6, 1997); In re Oxford Health
Plans Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  As set
forth below, movant satisfies the typicality and adequacy
requirements of Rule 23(a), and, therefore, should be appointed
as Lead Plaintiff.

a.  **Movant's Claims Are Typical Of The
Claims Of The Class**

"The purpose of the typicality requirement is to assure
that the interest of the named representative aligns with the
interests of the class." Hanon v. Dataproducts Corp., 976 F.2d
497, 508 (9th Cir. 1992).  Thus, the typicality requirement is
satisfied when the named plaintiff's claims "stem from the same
event, practice or course of conduct that forms the basis of the
class claims and [are] based on the same remedial theory."
Transamerican Refining Corp. v. Dravo Corp., 130 F.R.D. 70, 73
(S.D. Tex. 1990) (citing 7A, Wright, Miller & Kane, Federal

---

[5]     This interpretation is supported by 15 U.S.C. § 78u-4
(a)(3)(B)(iii)(II), which provides that the presumption in favor
of the most adequate plaintiff may be rebutted only upon proof
that this individual or group "(aa) will not fairly and
adequately protect the interests of the class; or (bb) is subject
to unique defenses that render such plaintiff incapable of
adequately representing the class."

Practice and Procedure, § 1764, at 228 (1986)); see also Kalodner
v. Michaels Stores, Inc., 172 F.R.D. 200, 204 (N.D. Tex. 1997).
As stated in Weinberger v. Jackson, 102 F.R.D. 839 (N.D. Cal.
1984):

> Typicality refers to the nature of the claim
> or defense of the class representative, and
> not to the specific facts from which it arose
> or the relief sought.  Accordingly,
> differences in the amount of damage, the size
> or manner of [stock] purchase, the nature of
> the purchaser, and even the specific document
> influencing the purchase will not render a
> claim atypical in most securities cases.

102 F.R.D. at 844 (citing 5 Herbert B. Newberg, Newberg on Class
Actions §8816, at 850 (1977)).  Thus, the typicality requirement
does not require identical claims.

Movant's claims are typical of, if not identical to,
the other class members' claims.  The Actions consolidated under
the above caption all allege that defendants violated the federal
securities laws through public misrepresentations and omissions
concerning Enron's business, accounting and financial statements,
which caused Enron's securities to trade at artificially inflated
prices throughout the Class Period.  Movant, like all class
members, suffered injury when they  acquired Enron securities
during the Class Period at those artificially inflated prices.
Movant's claims therefore arise from the same events or course of
conduct that gives rise to claims of other class members, and are
based on the same legal theories.

     **b.**  **The Proposed Lead Plaintiff Will Fairly
and Adequately Represent the
Interests of the Class**

Prior to the enactment of the PSLRA, courts evaluated two factors in assessing the adequacy of proposed class representatives: (1) whether the class representatives appear capable of prosecuting the action through competent counsel; and (2) whether there existed antagonism or disabling conflict between the interests of the class representatives and the interests of the members of the class. See, e.g., In re Corrugated Container AntiTrust Litig., 643 F.2d 195, 208 (5th Cir. 1981); Longden v. Sunderman, 123 F.R.D. 547, 558 (N.D. Tex. 1988). The PSLRA apparently modifies this analysis somewhat, however, by directing the Court's inquiry to the existence of any conflicts between the interests of the proposed representatives and the members of the class, and allowing the lead plaintiffs to retain counsel to represent the class, "subject to the approval of the court." See 15 U.S.C. § 78u-4(a)(3)(B)(v).

Here, the interests of Local 710 Pension Fund are clearly aligned with the those of the class, and there is no evidence of any antagonism between the interests of this institution and the class. As detailed above, movant shares numerous common questions of law and fact with the class, and its claims are typical of the claims of other members of the class. Further, movant already has demonstrated its interest in pursuing this action on behalf of the class by signing a certification attesting to that Movant's willingness to assume the responsibilities of a lead plaintiff. See Wotring Decl. Ex. B. Thus, the close alignment of interests between movant and all

9

other class members, combined with the strong desire of this institution to prosecute these actions on behalf of the class, militates in favor of granting this motion.

**B.      The Court Should Approve The Proposed Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff or plaintiffs to select and retain counsel, subject only to the approval of the Court.  <u>See</u> 15 U.S.C. § 78u-4 (a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class."  <u>See</u> Statement of Managers -- The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995).  Here, movant has retained the law firms of Futterman & Howard, Chtd and Kirby McInerney & Squire LLP to pursue the claims on behalf of the proposed class, and will retain that firm as the plaintiff's lead counsel in the event that it is appointed lead plaintiff, with the law firm of Connelly Baker Wotring & Jackson LLP to serve as liaison counsel for the proposed class.  The Futterman and Kirby law firms possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm résumés annexed to the Wotring Declaration as Exs. D and E.  Thus, the Court may be assured that, in the event the motion is granted, the members of the class will receive the highest quality of legal representation available.

## V.    CONCLUSION

For all the foregoing reasons, the movant respectfully requests that the Court:  (i) appoint Local 710 Pension Fund as Lead Plaintiff for the proposed class; (ii) approve of the movant's selection of lead counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated:  December 21, 2001

Respectfully submitted,

CONNELLY BAKER WOTRING & JACKSON L.L.P.

By: _____
        Earnest Wotring

SBOT 22012400
Federal ID 15284
700 Louisiana, Suite 1850
Houston, Texas 77002
713-980-1700
713-980-1701 (fax)

Movant's Local Counsel

FUTTERMAN & HOWARD, CHTD.
        Michael J. Behn
        122 South Michigan Avenue
        Suite 1850
        Chicago, Illinois  60603
        (312) 427-3600
        (312) 427-1850 (fax)

KIRBY McINERNEY & SQUIRE, LLP
        Roger W. Kirby
        Ira M. Press
        830 Third Avenue
        10th Floor
        New York, New York  10022

11

```
(212) 371-6600
(212) 751-2540 (fax)
```

Movant's Proposed Lead Counsel

ASHER GITTLER GREENFIELD & D'ALBA, LTD
    Marvin Gittler
    125 South Wacker Drive
    Chicago, Illinois  60606
    (312) 263-1500

RUSSELL N. LUPLOW LAW OFFICES
    Russell N. Luplow
    185 Oakland Ave.
    Suite 200
    Birmingham, MI  48009

Co-Counsel for Movant

## Certificate of Conference

Counsel for Movant states that he was unable to consult with the other parties regarding the relief requested in this motion. Given the upcoming deadline for filing the motion and the fact that the parties who might have an interest in this motion have yet to be identified, the Movant will not be able to attempt to consult with the interested parties until after the deadline for filing this motion. Specifically, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) requires that motions for appointment of lead plaintiff be filed within 60 days of published notice of a securities fraud class action. In this action, that deadline expires on December 21, 2001. That Act also provides that such motions may be filed by individuals and institutions that are not parties to the action. It is, therefore, impossible to identify (and to confer with) all potential movants. In fact, the undersigned represents a movant that is not currently a party to the action. The act only allows other potential plaintiffs (not defendants) to oppose motions for appointment of lead plaintiffs. Thus, there is no need to confer with defendants' counsel. Furthermore, as the statute requires the filing of these motions, the filing of this motion could not be obviated through conference. Movant will supplement its certificate of conference as soon as it is reasonably possible to do so.

Earnest W. Wotring

12

## CERTIFICATE OF SERVICE

I, EARNEST WOTRING, an attorney duly admitted to practice before this Court, hereby certify that on the 21 day of December, 2001, I caused a true and correct copy of the MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LOCAL 710 PENSION FUND FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL, PROPOSED ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL, MOTION OF LOCAL 710 PENSION FUND FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL and DECLARATION OF EARNEST WOTRING IN SUPPORT OF LOCAL 710 PENSION FUND'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL AND LIAISON COUNSEL to be served upon the attached service list via First Class Mail.

Dated:   Houston, Texas
         December 21, 2001

_____
EARNEST WOTRING

13

## Service List

Thomas E. Bilek
HOEFFNER BILEK & EIDMAN
440 Louisiana
Suite 720
Houston, TX   77002-1634
Telephone:   (713) 227-7720
Facsimile:   (713) 227-9404

Tom Alan Cunningham
Richard J. Zook
CUNNINGHAM DARLOW ET AL
600 Travis
Suite. 1700
Houston, Texas   77002
Telephone:   (713) 659-5522
Facsimile:   (713) 659-4466

George M. Fleming
Gregory Sean Jez
FLEMING & ASSOCIATES
1330 Post Oak Blvd.
Suite 3030
Houston, TX   77056-3019
Telephone:   (713) 621-7944
Facsimile:   (713) 621-9638

Neil Rothstein
SCOTT & SCOTT LLD
208 Norvich Ave.
Suite 1700
Colchester, CT   06415
Telephone:   (860) 537-3818

James D. Baskin, III
BASKIN BENNETT ET AL
919 Congress Ave.
Suite 1000
Austin, TX   78701
Telephone:   (512) 381-6300

Roger Farrel Claxton
KILGORE & KILGORE
3131 McKinney Ave.
Suite 700 LB 103
Dallas, TX   75204
Telephone:   (214) 969-9099
Facsimile:   (214) 953-0583

14

Jack Edward McGehee
MCGEHEE & PIANELLI
1225 N. Loop W.
Suite 810
Houston, TX   77008
Telephone:   (713) 225-5529
Facsimile:   (713) 868-9393

Richard Frankel
HACKERMAN PETERSON ET AL
1122 Bissonnet
Houston, TX   77005
Telephone:   (713) 528-2500
Facsimile:   (713) 528-2509

William B. Federman
DRIER BARITZ ET AL
120 N Robinson
Suite 2720
Oklahoma City, OK   73102
Telephone:   (405) 235-1560
Facsimile:   (405) 239-2112

Robin L. Harrison
CAMPBELL HARRISON & WRIGHT
909 Fannin
Suite 4000
Houston, TX   77010
Telephone:   (713) 752-2332
Facsimile:   (713) 752-2330

Thomas W. Sankey
SANKEY & LUCK, L.L.P.
62 Chase Tower
600 Travis
Houston, Texas   77002
Telephone:   (713) 224-1007
Facsimile:   (713) 223-7737

Thomas W. Paterson
Stephen D. Susman
SUSMAN GODFREY
1000 Louisiana
Suite 5100
Houston, TX   77002-5096
Telephone:   (713) 651-9366
Facsimile:   (713) 654-6670

Richard Bruce Drubel, Jr.
BOIES SCHILLER ET AL

15

26 S Main Street
Hanover, NH  03755
Telephone:  (603) 643-9090
Facsimile:  (603) 643-9010

James Coleman, Jr.
CARRINGTON COLEMAN ET AL
200 Crescent Ct.
Suite 1500
Dallas, TX  75201
Telephone:  (214) 855-3000

Robin Gibbs
GIBBS & BRUNS
1100 Louisiana
Suite 5300
Houston, TX  77002
Telephone:  (713) 650-8805
Facsimile:  (713) 750-0903

Russell Hardin, Jr.
RUSTY HARDIN AND ASSOCIATES
1201 Louisiana
Suite 3300
Houston, TX  77002
Telephone:  (713) 652-9000
Facsimile:  (713) 652-9800

Charles F. Richard
LAYTON & FINGER PA
PO Box 551
Wilmington, DE  19899
Telephone:  (302)651-7338

BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 E. 40th Street
22nd Floor
New York, NY, 10016
Telephone:  (800)217-1522

BULL & LIFSHITZ
246 West 38th street
New York, NY, 10018
Telephone: (212)869-9440
Facsimile: (212) 869-5630

LOVELL & STEWART LLP
500 Fifth Avenue
New York, NY, 10110
Telephone: 212.608.1900

16

Facsimile:  212.719.4677


MILBERG WEISS BERSHAD HYNES & LERACH LLP
600 West Broadway
1800 One America Plaza
San Diego, CA, 92101
(voice) 800.449.4900


WECHSLER HARWOOD HALEBIAN & FEFFER LLP
488 Madison Avenue
8th Floor
New York, NY, 10022
(voice) 877.935.7400


ABBEY GARDY, LLP
212 East 39th Street
New York, NY, 10016
(voice) 212.889.3700


Alfred G. Yates, Jr.
429 Forbes Avenue
Pittsburgh , PA, 15219
(voice) 412.391.5164


Bernard M. Gross
1500 Walnut Street
Suite 600
Philadelphia, PA, 19102
(voice) 215.561.3600


RABIN & PECKEL LLP
275 Madison Avenue
New York, NY, 10016
(voice) 212.682.1818


SCHIFFRIN & BARROWAY
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA  19004
Telephone:  (610) 667-7706


COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
999 Third Avenue
Suite 3600
Seattle, WA, 98014
(voice) 888.240.1238


SHAPIRO HABER & URMY, LLP
75 State Street

17

Boston, MA, 2109
(voice) 617.439.3939

STULL STULL & BRODY
6 East 45th Street
New York, NY, 10017
(voice) 310.209.2468
(fax) 310.209.2087

ZWERLING SCHACHTER ZWERLING LLP
767 Third Avenue
New York, NY, 10017

Frederic S. Fox, Esq.
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
22nd Floor
New York, NY 10022
(212) 687-1980
Fax: (212) 687-7714

CAULEY GELLER BOWMAN & COATES, LLP
Sue Null
P.O. Box 25438
Little Rock, AR 72221-5438
Toll Free: 1-888-551-9944

Sherrie R. Savett, Esquire
Carole A. Broderick, Esquire
Arthur Stock, Esquire
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: 888-891-2289 or 215-875-3000
Fax: 215-875-5715

Marc H. Edelson
Jerold B. Hoffman
HOFFMAN & EDELSON, LLC
45 W. Court Street
Doylestown, PA 18901
Phone toll free at 877/537-6532

William B. Federman
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
(405) 235-1560/FAX: (405) 239-2112

Law Office of Leo W. Desmond
2161 Palm Beach Lakes Blvd.

18

Suite 204
West Palm Beach, Florida 33409
(888) 337-6663

Michael Goldberg, Esquire
Law Offices of Lionel Z. Glancy
1801 Avenue of the Stars
Suite 311
Los Angeles, Calif. 90067
310/201-9150

Marc S. Henzel, Esq.
The Law Offices of Marc S. Henzel
273 Montgomery Ave
Suite 202
Bala Cynwyd, PA 19004-2808
(888) 643-6735

SPECTOR ROSEMAN & KODROFF P.C.
600 West Broadway
Suite 1800
San Diego, CA, 92101
(voice) 619.338.4514

WEISS & YOURMAN
The French Building
51 Fifth Ave.
Suite 1600
New York, NY 10126
Telephone:  (800) 437-7910

WOLF HALDENSTEIN ADLER FREEMAN HERZ LLP
270 Madison Avenue
New York, NY  10016
Telephone: (800) 575-0735

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK NEWBY, and All Others Similarly Situated, | ) ) ) C.A. No. H-01-3624<br>) And Consolidated Actions: |
| Plaintiff, | ) ) 01cv3789, 01cv3630, 01cv3670, |
| v. | ) 01cv3838, 01cv3647, 01cv3652,<br>) 01cv3889, 01cv3660, 01cv3717,<br>) 01cv3734, 01cv3735, 01cv3681, |
| ENRON CORP., et al, | ) 01cv3671, 01cv3682, 01cv3733,<br>) 01cv3647, 01cv3686, 01cv3914, |
| Defendants. | ) 01cv4071, 01cv3737, 01cv3736,<br>) 01cv4189, 01cv3839, 01cv3993 |
| —————————————— | ) |
| AND CONSOLIDATED ACTIONS | ) JUDGE LEE H. ROSENTHAL<br>) |

**DECLARATION OF EARNEST WOTRING IN SUPPORT OF
LOCAL 710 PENSION FUND'S MOTION FOR APPOINTMENT OF
LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF COUNSEL AND LIAISON COUNSEL**

CONNELLY BAKER WOTRING & JACKSON L.L.P.
Earnest Wotring
700 Louisiana
Suite 1850
Houston, Texas  77002
(713) 980-1713
(713) 980-1701 (fax)

KIRBY McINERNEY & SQUIRE, LLP
Roger W. Kirby
Ira M. Press
830 Third Avenue
10th Floor
New York, New York  10022
(212) 371-6600
(212) 751-2540 (fax)

FUTTERMAN & HOWARD, CHTD.
Michael J. Behn
122 South Michigan Avenue
Suite 1850
Chicago, Illinois  60603
(312) 427-3600
(312) 427-1850 (fax)

Counsel for Local 710 Pension Fund

EARNEST WOTRING, declares as follows:

1.    I am a member of the law firm of Connelly Baker Wotring & Jackson LLP, co-counsel for Enron Corporation investor Local 710 Pension Fund.  I make this declaration in support of Local 710 Pension Fund's motion for appointment of lead plaintiff and approval of its choice of lead counsel.

2.    Attached hereto as Exhibit A is a true and correct copy of the notice to class members concerning the first-filed of the above-captioned actions that was published on October 22, 2001, advising the public of the pendency of a class action against Enron Corporation.

3.    Annexed as Exhibit B is a true and correct copy of the sworn certification signed by Local 710 Pension Fund pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  See 15 U.S.C. § 78u-4(a)(2).

4.    Attached hereto as Exhibit C is a chart setting forth Local 710 Pension Fund's Class Period transactions in Enron securities and calculating its damages therefrom.

5.    Attached hereto as Exhibits D and E are true and correct copies of the résumés of Futterman & Howard Chtd. and Kirby McInerney & Squire LLP, who seek appointment as plaintiff's lead counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   December 21, 2001

_____
          Earnest Wotring

2

The Exhibit(s) May

Be Viewed in the

Office of the Clerk