United States Courts
Southern District of Texas
FILED

OCT 1 7 2002

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MARK NEWBY, et. al.** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 01-CV-3624** |
| **v.** | § | **(Consolidated)** |
| | § | |
| **ENRON CORPORATION, et al.** | § | |

---

## THE OUTSIDE DIRECTORS' OBJECTION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION TO SUSPEND CLASS BRIEFING PENDING COMPLETION OF APPROPRIATE CLASS DISCOVERY[1]

---

TO THE HONORABLE MELINDA HARMON:

## I.      INTRODUCTION

The Regents' Motion for Class Certification,[2] filed October 1, 2002, is premature.  Fifth Circuit precedent is clear that Plaintiffs bear the burden of proving class certification is appropriate, and that discovery is necessary to determine class certification.  This Court has ordered, and the Regents have steadfastly maintained, that discovery (both on the merits and for class purposes) is stayed at this time.  Because Plaintiffs' cannot meet their burden of proof on class certification without appropriate class discovery, and because Defendants cannot respond to tPlaintiffs' Motion for Class Certification until class discovery has been completed, the moving defendants respectfully

---

[1]This objection and motion is joined by Lou L. Pai, Joseph W. Sutton, Richard B. Buy, Mark A. Frevert, Richard A. Causey, Kevin P. Hannon, Joseph M. Hirko, Stanley C. Horton, Steven J. Kean, Mark E. Koenig, Jeffrey McMahon, Cindy K. Olson, Kenneth D. Rice, Rebecca Mark-Jusbache, Jeffrey J. Skilling, James V. Derrick, John A. Urquhart, Kenneth Lay, and Lawrence Greg Whalley (collectively with the Outside Director Defendants, "the moving defendants").

[2]Instrument #1048.

1

request class briefing in *Newby* be scheduled after the discovery stay has been lifted, when the parties

have had an opportunity for discovery on class certification issues.

## II.   ARGUMENT: CLASS BRIEFING IN *NEWBY* SHOULD BE SCHEDULED AFTER THE DISCOVERY STAY HAS BEEN LIFTED AND THE PARTIES HAVE HAD AN OPPORTUNITY FOR DISCOVERY ON THE CLASS CERTIFICATION ISSUE

### A.   The Fifth Circuit Is Clear That Discovery Is Essential To Determine Class Certification And That Plaintiffs Bear The Burden Of Proving The Rule 23 Requirements Have Been Met

Plaintiffs' motion for class certification attempts, prematurely, to force the class certification

issue before discovery has been conducted.  Courts in this Circuit and elsewhere widely disapprove

of putting the certification cart before the class discovery horse.  As the Fifth Circuit unequivocally

found: "[A] certain amount of discovery is <u>essential</u> in order to determine the class action issue and

the proper scope of the class action." *Pittman v. E. I. duPont de Nemours & Co., Inc.*, 552 F.2d 149,

150 (5th Cir. 1977) (emphasis added).  Other federal courts have likewise adopted the Fifth Circuit's

approach:

> some discovery <u>must</u> be procured in order to determine whether the action may proceed as a class action, and this is not a matter of ascertaining whether plaintiffs will prevail on the merits, but whether the requirements of Rule 23 are met.

*Rodriguez v. Banco Cent.*, 102 F.R.D. 897, 903 (D.P.R. 1984) (*citing Miller v. Mackey Int'l*, 452

F.2d 424, 427 (5th Cir. 1971)) (emphasis added).  *See also In re American Med. Sys., Inc.*, 75 F.3d

1069, 1079-1086 (6th Cir. 1996) (court should defer decision on certification pending discovery if

existing record is inadequate for resolving issues relevant to certification; a class is not maintainable

as a class action by virtue of its designation as such in the pleadings); *Hudson et al. v. Delta Air*

*Lines, Inc. et al.*, 90 F.3d 451, 459 (11th Cir. 1996) (discovery is often necessary to sufficiently

define the proper scope of an alleged class or subclass).

In the Fifth Circuit, "[t]he party seeking certification bears the burden of demonstrating the rule 23 requirements have been met." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); *see also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 & n.4 (5th Cir. 2001) ("The party seeking certification bears the burden of proof."). In *Berger*, 257 F.3d at 479 n.4, the Fifth Circuit cited approvingly a Sixth Circuit decision "reversing the district court because 'the practical effect of the proceeding below was to place the burden on defendants to disprove plaintiffs' 'entitlement' to class certification.'" Discovery on class certification is no less necessary in this case -- particularly given "the complexity of this case." *Newby* Class Cert. Br. at 1.[3] In short, class certification here is not obvious, it is not an entitlement, and it cannot be granted on the Regents' *ipse dixit*. As we earlier observed, "The Regents' hauteur notwithstanding, it is axiomatic that the defendants are entitled to test whether a class representative has claims typical of the class and can adequately represent their interests." Outside Directors' Resp. In Opp'n To Mot. For Protection Filed By the Regents at 2 (Instrument #1030).

Among other things, the Regents bear the burden to prove their adequacy as class representatives. Fed. R. Civ. P. 23(a). They have -- as with all of the Rule 23 requirements -- not offered any evidence to support their apparent presumption of their adequacy.[4]   Instead, Lead

---

[3]This Court has already found the need for class discovery in this case. In its February 27, 2002 Scheduling Order -- after "[t]he Court heard from plaintiffs and defendants in each case and [] considered the arguments of all sides" -- this Court ordered the parties proceed with class discovery for over two months prior to the filing of Plaintiffs' Motions for Class Certification. February 27, 2002 Scheduling Order (signed February 27, 2002; entered February 28, 2002) (Instrument #326).

[4]The Regents themselves have emphasized the importance of evidence of adequacy. They argue, "*Typicality and adequacy are directly relevant to the choice of the Lead Plaintiff as well as*

3

Plaintiffs have shielded[5] themselves behind this Court's stay of discovery, *see* Regents' Motion for Protective Order at 1 (filed August 13, 2002) (Instrument #1000), and objected to Defendants' effort to obtain necessary discovery. *Id.* Discovery into the Regents' adequacy is of course (again, as with all Rule 23 requirements) necessary. This is particularly true here, where the Regents have sought lead plaintiff status in another massive securities class action against Dynegy that is also pending in the Southern District of Texas -- a fact that is directly relevant to the Regents' adequacy, but left unexplored due to the present absence of discovery. *See Pirelli Armstrong v. Dynegy Inc., et al.*, C.A. No. 02-CV-1571 (S.D. Tex.) (Instrument 32).

Despite these facts, Plaintiffs insist that the Court move forward on class certification without any discovery at all. To do so would be nothing more than "[c]ertifying classes on the basis of [allegedly] incontestable allegations in the complaint[, an action that] moves the court's discretion to the plaintiff's attorneys -- who may use it in ways injurious to other class members, as well as injurious to defendants." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). To accept the plaintiffs' proposition that a class should be certified on the Regents' terms, without an opportunity for defendants, or other plaintiffs, to test their proposition with appropriate class discovery, would deny "[b]oth the absent class members and defendants . . . the protection of independent judicial review of the plaintiff's allegations" to which they are "entitled." *Id.*

---

*of the class representative* . . . Thus the court must examine "[1] the zeal and competency of the representative[s'] counsel and . . . [2] *the willingness and ability of the representative[s'] to take an active role in and control the litigation and to protected the interests of the absentees[.]*" *Newby* Class Cert. Br. at 17 (emphasis original in the *Newby* Class Cert. Br.) (quoting and adding emphasis to *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002).

[5]Of course, the Regents cannot use the stay of discovery as a shield on the one hand, and use it as a sword in its pleadings on the other. *Krim v. BancTexas Group, Inc.*, 99 F.3d 775, 778-79 (5th Cir. 1996) (finding a party could not use a stay of discovery as "both a sword and a shield").

Plaintiffs attempt to certify a class of purported thousands without a shred of evidence is obvious. For example, the Regents' discussion of the adequacy of proposed class representative, *Newby* Class Cert. Br. at 19-23, uses as its basis only the Consolidated Complaint. While there are nineteen citations to *Newby*'s Consolidated Complaint in the Regents' discussion of adequacy, there are no citations to any other source of this information. Plaintiffs -- without evidence -- boldly assert that: "The proposed Class representatives have personally demonstrated they are familiar with the facts and allegations of the class, understand the nature of their claims and their responsibilities as a Class representative, and will zealously represent the Class. They are well informed about the ongoing status of the litigation and prepared to continue their active role in the case." *Newby* Class Cert. Br. at 23.

Demonstrated to whom? Certainly not to the Court, which has seen evidence only of the Regents' unwillingness to involve themselves -- or anyone with actual knowledge -- in the discovery process. Defendants, cannot, of course, confirm or deny plaintiffs bald assertions -- as discovery is "presently stayed," *Newby* Class Cert. Br. at 13, and thus far, Plaintiffs have not demonstrated the requirements of Rule 23 to anyone. Indeed, these are precisely the types of facts that class discovery would allow the defendants to test. To ignore the Regents' inability to proffer any evidence on the adequacy issue at this time would be to "ignore[] the constitutional dimensions of the adequacy requirement, which implicates the due process rights of all members who will be bound by the judgment."*Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 (5th Cir. 2001); *see also Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). Therefore, class briefing in the *Newby* case should be scheduled after the discovery stay has been lifted, and after the parties have had an opportunity for discovery on the class certification issues.

5

**B.      Plaintiffs Have Maintained That Discovery For All Purposes Has Been Stayed By The Court -- And Prior To The August 7 Order Plaintiffs Did Not Provide A Single Document And Filed A Motion For Protection To Avoid Further Discovery**

The Court recently confirmed that all discovery is stayed on August 7, 2002, ordering, among other things, "that all discovery is STAYED, pursuant to the PSLRA, until the Court has ruled on the pending motions to dismiss." August 7, 2002 Order at 4 (signed August 5, 2002 and filed August 7, 2002) (Instrument #983) (emphasis in original).  Plaintiffs have acknowledged the August 7 Order's staying effect, and argued its enforcement in their Motion for Protective Order, stating:

> On August 7, 2002, the Court ordered 'all discovery is STAYED, pursuant to the PSLRA, until the Court has ruled on the pending motions to dismiss.' The Court's August 7 Order stayed the noticed 'class certification' depositions and accompanying document discovery requests.

Regents' Motion for Protective Order at 1 (filed August 13, 2002) (Instrument #1000).  There can be no suggestion that anyone had the opportunity to take, or actually did take, any discovery depositions on the class certification issue, nor that Plaintiffs provided a single document in response to class discovery requests for production.[6]

In fact, Plaintiffs made plain *before* the August 7 order that they had no intention of cooperating with Defendants' class certification discovery requests.  An August 1, 2002 letter from counsel for the Regents requested certain defendants to simply "stipulate to the certification of a class rather than pursuing needless and expensive discovery." Ex. A, at 1.  Indeed, as The Bank

---

[6]The class discovery which has been served, but not answered, or not fully answered, includes: (1) Defendant Lou L. Pai's First Set of Interrogatories to all Named Plaintiffs Regarding Class Certification Issues; Defendant Jeffrey K. Skilling's First Set of Interrogatories to All Named Plaintiffs Regarding Class Certification Issues; The Outside Director Defendants' First Request for Production of Documents to all Named Plaintiffs Regarding Class Certification; and The Bank Defendants' First Set of Requests for Production of Documents to All Class Representatives.

Defendants' Opposition to Lead Plaintiff the Regents' Motion for Protective Order at 2-4, filed August 30, 2002 (Instrument #1021), sets it out starkly: "not one of the plaintiffs, including the Regents, has produced a single document." *Id.* at 3.

## III.   CONCLUSION AND REQUEST FOR RELIEF

For these reasons, the moving defendants object to the Motion for Class Certification as filed, as a response cannot be briefed without discovery on the issue takes place, and further request that briefing on the class certification issue be postponed until such time as class discovery commences and is completed.

Respectfully submitted,

GIBBS & BRUNS, L.L.P.

By:    Robin C. Gibbs / by Jeremy Doyle
       with permission
       Robin C. Gibbs
       State Bar No. 07853000
       S.D. Tex. I.D. No. 4790
       Kathy D. Patrick
       State Bar No. 15581400
       Jeremy L. Doyle
       State Bar No. 24012553
       Aundrea K. Frieden
       State Bar No. 24034468
       1100 Louisiana Street, Suite 5300
       Houston, Texas 77002
       Telephone:  (713) 650-8805
       Facsimile:  (713) 750-0903

       **Attorneys For Defendants Robert A. Belfer,
       Norman P. Blake, Jr., Ronnie C. Chan,
       John H. Duncan, Joe H. Foy, Wendy L.
       Gramm, Robert K. Jaedicke, Charles A.
       LeMaistre, John Mendelsohn, Paulo Ferraz
       Pereira, Frank Savage, Jerome J. Meyer,
       John Wakeham, Charls E. Walker and
       Herbert S. Winokur, Jr.**

ZUCKERMAN SPAEDER LLP

By:    Roger Zuckerman / by Jeremy Doyle
       with permission
       Roger E. Zuckerman
       Deborah J. Jeffrey
       Norman L. Eisen
       1201 Connecticut Avenue, N.W.
       Washington, D.C. 20036-2638
       (202) 778-1800 Telephone
       (202) 822-8106 Fax

       **Attorneys for Defendant Lou L. Pai**

8

CLEMENTS, O'NEILL, PIERCE,
WILSON & FULKERSON, L.L.P.

By: *Jack O'Neill (by Jason Boyle his permission)*

Jack O'Neill
State Bar No. 15288500
Jason C. Norwood
State Bar No. 24027579
Federal ID No. 28825
Federal ID No. 3696
Wells Fargo Plaza
1000 Louisiana Street, Suite 1800
Houston, Texas 77002-5009
Telephone: (713) 654-7607
Telecopier: (713) 654-7690

Attorneys for Defendant **Joseph W. Sutton**

GRAVES, DOUGHERTY, HEARON & MOODY,
A Professional Corporation

By: *John J. McKetta III (by Jason Boyle his permission)*

John J. McKetta, III
State Bar No. 13711500
Federal ID No. 29895
ATTORNEY IN CHARGE
Helen Currie Foster
State Bar No. 24008379
Federal ID No. 29894
Eric G. Behrens
State Bar No. 02070500
515 Congress Avenue, Suite 2300
P.O. Box 98
Austin, Texas 78767
(512) 480-5600
(512) 478-1976 Telecopy

Attorneys for Defendant **Rebecca Mark-Jusbasche**

NICKENS, KEETON, LAWLESS,
FARRELL & FLACK, L.L.P.

By: _Jacks C. Nickens_ (by Jerry Aql with permission)

      Jacks C. Nickens
State Bar No. 15013800
600 Travis, Suite 7500
(713) 353-6660
(713) 571-9652 (fax)
Houston, Texas  77002

Attorney For Defendants **Richard B. Buy,
Mark A. Frevert, Richard A. Causey,
Kevin P. Hannon, Joseph M. irko, Stanley
C. Horton, Steven J. Kean, Mark E.
Koenig, Jeffrey McMahon, Cindy K. Olson,
Kenneth D. Rice, and Lawrence Greg
Whalley**

O'MELVENY & MYERS, L.L.P.

By: _Jeffrey W. Kilduff_ (by Jerry Aql with permission)

      Jeffrey W. Kilduff
1650 Tysons Boulevard
McLean, VA 22102
(703) 918-2712 [phone]
(703) 918-2704 [fax]

Bruce A. Hiler
Robert Stern
555 13th Street N.W.
Washington, D.C.  20004

Attorneys for Defendant **Jeffrey Skilling**

10

BRACEWELL & PATTERSON, L.L.P.

By: _____

J. Clifford Gunter III
Gayle A. Boone
Tom F.A. Hetherington
South Tower Pennzoil Place
711 Louisiana Street, Suite 2900
Houston, Texas 77002
(713) 223-2900 (phone)
(713) 221-1212 (fax)

Attorneys for Defendant **James V. Derrick**


GOLDEN & OWENS, L.L.P.


By: _____

H. Bruce Golden
State Bar No. 08081500
S.D. Tex. No. 8314
1221 McKinney Street, Suite 3600
Houston, TX 77010
Phone: (713) 223-2600
Fax:    (713) 223-5002

Attorney-in-Charge for Defendant **John A. Urquhart**


CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.

By: _____

James E. Coleman, Jr.
State Bar No. 0457400
So. Dist. ID No. 04574000
200 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 855-3000 (telephone)
(214) 855-1333 (telecopy)


11

OF COUNSEL:

Ken Carroll
  State Bar No. 03888500
  Southern District ID No. 20110
Diane M. Sumoski
  State Bar No. 19511000
  Southern District ID No. 14847
Carrington, Coleman, Sloman & Blumenthal,
L.L.P.
200 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 855-3000 (telephone)
(214) 855-1333 (telecopy)

Attorneys for **Defendant Kenneth L. Lay**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was served on all counsel of record on the Service List on October 17, 2002 via posting to www.esl3624.com in compliance with the Court's Order Regarding Service of Papers and Notice of Hearings Via Independent Website.

Jeremy L. Doyle

The Exhibit(s) May

Be Viewed in the

Office of the Clerk