```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

In Re Enron Corporation         §
Securities, Derivative &        §          MDL-1446
"ERISA" Litigation              §
                                §
_____§
MARK NEWBY, ET AL.,             §
                                §
         Plaintiffs             §
                                §
VS.                             §   CIVIL ACTION NO. H-01-3624
                                §        CONSOLIDATED CASES
ENRON CORPORATION, ET AL.,      §
                                §
         Defendants             §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause is Defendants Bank of America Corporation ("BAC") and Banc of America Securities LLC's ("BAS'") motion for reconsideration (instrument #2086) of part of the Court's Order *re* Bank of America Defendants' Motion to Dismiss,[1] agreed to with respect to BAS but not as to BAC by Lead Plaintiff.

Defendants bring to the Court's attention that the Court's order did not address Defendants' arguments that the statute of repose bars certain claims under §§ 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o, relating to two Enron note offerings, specifically the May 19, 1999 7.375% Notes and the August 10, 1999 7% Exchangeable Notes.

Defendants contend that because the offerings at issue took place more than three years before the date the Court has

---

[1] The Court's order was entered on April 8, 2004, instrument #2064.

construed as the date of filing of the First Amended Consolidated complaint, January 14, 2003,[2] claims based on the May 19, 1999 7.375% Notes and the August 10, 1999 7% Exchangeable Notes, are repose-barred.  Lead Plaintiff asserted for the first time on January 14, 2003 a § 11 claim against newly named Defendant BAS. Lead Plaintiff agrees that the Section 11 claim against BAS is barred by the statute of repose.  On reviewing the pleadings and briefs, this Court agrees and dismisses the § 11 primary violator claim against BAS.

Defendants further argue that the § 15 control person claim against BAC based on the two Note offerings at issue here was also asserted for the first time on January 14, 2003 because the control person claims against BAC in the First Consolidated Amended Complaint are completely different from those in the original Consolidated Complaint.[3]  Therefore these "new" claims in

---

[2] For equitable reasons explained in #2036 at 66-74, the Court construed Lead Plaintiff's January 14, 2003 letter as a motion for leave to amend its complaint to name as new defendants the subsidiaries of various Bank Defendants and therefore held that the First Amended Consolidated Complaint, though entered on May 14, 2003, was deemed filed timely on January 14, 2003 for purposes of the one-year statute of limitations.
   In contrast, unlike the statute of limitations, the three-year period of repose for § 10(b) and § 11 claims is an absolute cut-off, not subject to equitable tolling or equitable estoppel.  *Id.; Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991)(holding that section 10(b) claims must be commenced "within one year after the discovery of the facts constituting the violation and within three years after such violation.").

[3] BAC and BAS argue that Lead Plaintiff did not respond to their characterization in their motion to dismiss the First Consolidated Complaint that because BAC "did not have the power to control Enron, the individual Enron defendants, or Andersen, it could not be held liable as a control person."  Therefore they

the First Amended Consolidated Complaint are also time-barred by the statute of repose.  Defendants insist that the earlier complaint was unclear about the kind of control person claim it was asserting.  They highlight the fact that BAS, the controlled entity, was not named as a defendant in the earlier pleading even though the publicly available offering documents stated that BAS was the entity involved in the 7% and 7.375% Enron Notes.  Only in the Amended Consolidated Complaint did Lead Plaintiff allege that BAC was a control person with respect to the newly added § 11 claims against BAS as underwriter.  Furthermore, they contend the control person claim against BAC should be dismissed because it is derivative of the underlying, time-barred, primary-violator claim against BAS and thus time-barred also.  *See, e.g., Lillard v. Stockton*, 267 F. Supp.2d 1081, 1121-11 (N.D. Okla. 2003)(control person liability claim dismissed after plaintiffs failed to allege underlying primary violation within one-year statute of limitations period); *Fezzani v. Bear, Stearns & Co., Inc.,* No. 99 CIV. 0793 (RCC), 2004 WL 744594 (S.D.N.Y. Apr. 6, 2004)(dismissing control person claims under § 20(a) of the 1934 Act, 15 U.S.C. § 78t(a),[4] where primary violation repose-barred),

---

insist that Lead Plaintiff's current theory that its control person claim against BAC "relates back" to the First Consolidated Complaint is unreasonable and incorrect.  The Court finds this argument unpersuasive; Defendants cannot substitute their own briefing for Lead Plaintiff's pleadings, which speak for themselves.

[4] As this Court has noted in other orders, because "section 20(a) [of the Exchange Act of 1934] is an analogue of section 15" of the Securities Act of 1933, the term "controlling person" is given the same interpretation under both statutes. *Pharo v. Smith*,

- 3 -

*on reconsideration in part on other grounds*, 2004 WL 1781148 (S.D.N.Y. Aug. 10, 2004); *Havenick v. Network Express, Inc.*, 981 F. Supp. 480, 522 (E.D. Mich. 1997)(where primary § 10(b) claim time-barred, derivative § 20(a) claim dismissed because no predicate for it); *Payne v. Fidelity Homes of America, Inc.*, 437 F. Supp. 656, 658 (W.D. Ky. 1977)(where § 12 claim dismissed as time-barred by statute of repose, derivative § 15 claim also dismissed).

Although conceding that the § 11 claim against BAS is time-barred, Lead Plaintiff does object to dismissal of control person claims against BAC under Section 15 based on BAC's alleged control of BAS with respect to these two offerings.

Having reviewed the briefs and the complaints, the Court observes that there are two issues here:  (1) whether the control person claim against BAC in the First Amended Consolidated Complaint "relates back" factually to claims in the First Consolidated Complaint because it arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; and (2) whether the control person claim is barred by the statute of repose because the primary violation claim against BAS from which it is derived is so barred.

Under the relevant portion of Federal Rule of Civil Procedure 15(c)(2),

---

621 F.2d 656, 672-73, *aff'd in part and remanded in part on other grounds*, 625 F.2d 1226 (5th Cir. 1980).

> An amendment of a pleading relates back to the date of the original pleading when . . .
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

"The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968); *Johnson v. Crown Enters.*, 398 F.3d 339, 342 (5th Cir. 2005). In a securities fraud action, courts examine whether the allegations "relate to the same statements and/or documents referenced in the original complaint." *See, e.g., Bond Opportunity Fund II, LLC v. Heffernan*, 340 F. Supp.2d 146, 155 (D.R.I. 2004), *citing In re Xchange Inc. Sec. Litig.*, No. CIV. A. 00-10322-RWZ, 2002 WL 1969661, *4 (D. Mass. Aug. 26, 2002)(new claims in amended complaint do not relate back where they relate to registration statements for IPO or Second Offering not mentioned in the original complaint); *In re National Media Sec. Litig.*, No. Civ. A. 93-2977, 1994 WL 649261, *2 (E.D. Pa. Nov. 18, 1994)(amended complaint relates back where new allegations allege misrepresentations relating to the same product line in the same public statements); *Lind v. Vanguard Offset Printers, Inc.*, 857 F. Supp. 1060, 1068-69 (S.D.N.Y. 1994)(second amended complaint relates back because both original and new allegations all involve misrepresentations regarding a stock purchase agreement); *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1566 (N.D. Ga. 1992); *Fry v. UAL Corp.*, No. 90 C 0999, 1992 WL 177086, *16 (N.D. Ill. July 23,

1993).  *See also Alpern v. UtilCorp United, Inc.*, 84 F.3d 1525, 1543-44 (8th Cir. 1996)(after original complaint asserted claims under § 10(b), plaintiff amended to allege § 11 claim based on the same misleading financial statements; court found the § 11 claim related back); *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 841 (S.D. Tex. 2004).

Here the Court finds that both the First Consolidated Complaint and the First Amended Consolidated Complaint assert claims based on the same alleged misrepresentations and omissions in the same registration statements and prospectuses covering the debt offerings, specifically those for the May 19, 1999 7.375% Notes and the August 10, 1999 7% Exchangeable Notes; thus the same factual basis was brought, or attempted to be brought, to the attention of these defendants.  First Consolidated Complaint, ¶¶ 151, 165, 1005-16; First Amended Consolidated Complaint, ¶¶ 151, 165, 1005-16.  Moreover the earlier complaint defined "Bank of America" collectively as comprised of subsidiaries and divisions, and it alleged control by Bank of America under § 11 claim of BAC and/or its subsidiaries and divisions: "Defendant Bank of America Corp. is a large integrated financial services institution that through its controlled subsidiaries and divisions (such as Bank of America Securities (collectively 'Bank of America')) provides commercial and investment banking services . . . acting as underwriter in the sale of corporate securities to the public .

. . . Bank of America is also liable under § 11 of the 1933 Act[5] in connection with Enron securities offerings." First Consolidated Complaint at ¶ 104. The complaint also identifies the two note offerings at issue here. The Court has previously indicated in numerous orders that there are no heightened pleading requirements for control person liability claims in the Fifth Circuit and that Rule 8's notice pleading standard is more in tune with the legislative history behind § 15. Therefore the Court finds that Defendants had fair notice of claims arising out of these two debt instruments and that the control person claim against BAC, based on its control of a subsidiary as an underwriter, in the later complaint relates back to the previous one.

Second, because the § 11 claims against the primary violator are time-barred by the statute of repose, is the derivative § 15 claim against BAC also barred?

Judicial opinions vary about whether a complaint can go forward on a derivative claim against an entity as a controlling person in the absence of a properly pled claim in the same complaint against the primary violator, i.e., whether joinder of the primary violator is necessary for a controlling person claim, or even if a primary violation must actually be pled or is just

---

[5] Because "Bank of America" is used collectively throughout the complaint, the § 11 claim stated a primary violation against an unidentified Bank of America entity or entities, and the reference to controlled subsidiaries and divisions gave Defendants fair notice of a § 15 claim.

an element of proof for a control person claim, or whether a complaint may allege simultaneously a primary violation.

Some courts have dismissed control person claims in the same pleading where they have dismissed the underlying primary violator claims for inadequate pleading of substantive elements, such as scienter for a § 10(b) claim. *See, e.g., PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 696-97 & n.4 (6th Cir. 2004)(complaint must properly plead a predicate primary violation under § 10(b) and Rule 10b-5 to also assert a § 20(a) claim for control person liability); *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353 (5th Cir. 2004)(affirming dismissal of § 20(a) claims where the complaint alleges no § 10(b) primary violation properly); *City of Phila. v. Flemming Companies, Inc.*, 264 F.3d 1245, 1249 (10th Cir. 2001)("because we find that Plaintiffs have not sufficiently pled a primary violation of [§ 10(b)], we find that Plaintiffs' claims of controlling person liability necessarily fail as well").

As noted many times by the Court in earlier orders, the pleading requirements for § 11 claims are less stringent than for § 10(b) claims and scienter is not required. Moreover, it appears to this Court that such cases can and should be distinguished from those in which the primary claim is barred because it cannot be asserted against the primary violator for reasons other than inadequate pleading of its elements under relevant pleading standards. There are cases in which the primary violator was absent or unavailable, e.g., because it was in bankruptcy or had

been dissolved, and the control person claim has been allowed to go forward. *See, e.g., Kemmerer v. Weaver*, 445 F.2d 76, 78-79 (7th Cir. 1971)(even though case dismissed against controlled entity on procedural grounds for lack of personal jurisdiction because of failure to obtain process, control person may still be sued and held liable); *Briggs v. Sterner*, 529 F. Supp. 1155, 1170-71 (S.D. Iowa 1981)("The court will not permit officers and directors of a bankrupt corporation whose actions are alleged to have contributed to that condition to avoid the possible imposition of liability . . . by asserting the lack of prior adjudication against the controlled person as a basis for dismissal."; "Under circumstances . . . where the primary offender is insolvent or otherwise unavailable, the courts have proceeded to adjudicate the underlying liability of that offender regardless of its presence as a party defendant.").  The primary violation would need to be proven, however, as an element of a controlling person claim, even where the primary violator was not joined in the complaint.

There is a line of authority supporting the proposition that a claim against a control person can be asserted without suing a primary violator. *See, e.g., SEC v. Savoy Industries, Inc.*, 587 F.2d 1149, 1170 n. 47 (D.C. Cir. 1978)("It is established that the plaintiff need not proceed against the principal perpetrator, nor need the principal perpetrator be identified in the complaint."); *In re CitiSource, Inc. Sec. Litig.*, 694 F. Supp. 1069, 1077 (S.D.N.Y. 1988)("[T]he liability of the primary violator is simply an element of proof of a section

20(a) claim, and liability need not be actually visited upon a primary violator before a controlling person may be held liable for the primary violator's wrong."); *McCarthy v. Barnett Bank of Polk County*, 750 F. Supp. 1119, 1126-27 (M.D. Fla. 1990)(plaintiffs need not identify the principle perpetrator of securities violations who were subject to the named defendants' control); *Briggs v. Sterner*, 529 F. Supp. 1155, 1170-71 (S.D. Iowa 1981)("In keeping with the remedial purpose of the securities laws, . . . the court will not permit officers and directors of a bankrupt corporation whose actions are alleged to have contributed to that condition to avoid the possible imposition of liability . . . by asserting the lack of prior adjudication against the controlled person as a basis for dismissal."); *Elliott Graphics, Inc. v. Stein*, 660 F. Supp. 378, 381 (N.D. Ill. 1987)(plaintiff does not have to sue controlled person); *Keys v. Wolfe*, 540 F. Supp. 1054, 1061-62 (N.D. Tex. 1982)(Plaintiffs need not join primary violator in suit against two alleged control persons)(*citing Paul F. Newton & Co. v. Texas Commerce*, 630 F.2d 1111, 1119-20 (5th Cir. 1980)), *rev'd on other grounds*, 709 F.2d 413 (5th Cir. 1983); *Kemmerer*, 445 F.2d at 78-79 (even though case dismissed against controlled entity because of lack of jurisdiction for failure of process, control person may still be sued and held liable).

In light of the purpose of the securities laws to redress wrongs and provide improved remedies for injuries caused by securities violations, this Court concludes that if a plaintiff

asserts a timely controlling-person claim in its first complaint and can ultimately prove the elements, it would make no logical sense to conclude that control person claim was time-barred when asserted again in a later complaint merely because the plaintiff asserted an untimely primary violation claim against a new party in the later complaint. The alleged controlling perpetrator should not be allowed "off the hook" because Plaintiff failed to allege the underlying primary violation against the right party in a timely fashion.

Accordingly, the Court

ORDERS that Defendants' motion for reconsideration is GRANTED. For reasons indicated above, because Lead Plaintiff's the Section 11 claim against BAS, relating to the May 19, 1999 7.375% Notes and the August 10, 1999 7% Exchangeable Notes, is barred by the statute of repose, the Court

ORDERS that it is DISMISSED with prejudice. The Court further

ORDERS the Defendants' request for dismissal of the § 15 control person claim against BAC based on the same two Note offerings is DENIED.

**SIGNED** at Houston, Texas, this 20th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE