IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, VS. | § § § | |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court in the above referenced cause is the Excess Insurers' motion to vacate (instrument #3678) the Court's order of June 2, 2005 (#3552).

In the June 2, 2005 order, relating to the proposed settlement of Plaintiffs with the Outside Directors and Ken Harrison, which would exhaust the D&O insurance policy limits, the Court addressed the Texas doctrine long established under *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544, 547-48 (Tex. Comm'n App. 1929, holding approved), and progeny, that insurers may be liable for negligently failing to approve a

reasonable settlement within policy limits even when the policy proceeds would be exhausted at the expense of other insureds.  The Outside Directors had argued that the Excess Insurers had impliedly given their consent to the settlements by interpleading the policy funds into the registry of the Court.  Because the Court could not find any express statements in the Excess Insurers' pleadings nor in hearing transcripts whether the Excess Insurers had determined the settlement offers to be reasonable and because it was unwilling to accept the Outside Directors' argument without some support, the Court ordered the Excess Insurers to make such a determination within thirty days.

The motion to vacate argues that under the interpleader statutes, by filing an interpleader the insurers can relieve themselves of the responsibility to decide which of competing claimants have the superior claim to the interpleader fund and avoid any subsequent litigation against the insurers by other insureds.  The motion cites, *inter alia, Great American Reserve Ins. Co. v. Sanders*, 525 S.W. 2d 956, 958 (Tex. 1975)(noting that an insurer "was entitled to maintain an interpleader suit if there existed a reasonable doubt, either of fact or law, as to which of the rival claimants was entitled to the proceeds of the policy . . . . If the insurer's doubt is a reasonable one, and for that reason it in good faith declines to pay the named beneficiary, but admits liability and deposits the funds into the court, it is liable for the face amount of the policy.").  They point out that none of the Excess Insurers has the ability, individually, to

settle the underlying actions within the limits of its own policy, because here the settlement involves multiple policies and multiple lawsuits. Second under *Stowers*, the insured must first present the insurer with the settlement offer and demand that the insurer accept the offer, which triggers the insurer's duty to "exercise the degree of care and diligence which an ordinarily prudent person would exercise in the management of its own business." *Stowers*, 15 S.W. 2d at 547. The Excess Insurers maintain that they satisfied that duty by funding an interpleader in accordance with orders from this Court and Bankruptcy Judge Arthur Gonzalez.

This Court does not disagree with the Excess Insurers that they have the right under the interpleader statutes to protect themselves and to place the issue before a judge for resolution, as indicated by this Court's initial order establishing the interpleader and its orders after the objection of the Excess Insurers to making such a determination. In the absence of any indication from the Excess Insurers, the Court issued its order that they make the determination in hopes that they might be willing to put such a conclusion in the record, as the insurers did orally before the Bankruptcy Court with respect to the interpleaded funds in the *Tittle* action.[1] The Court notes

---

[1] The Court observes that the Excess Insurers do state that they "wish to comply with [the order] to the extent reasonably possible" and "acknowledge that an ordinarily prudent insurer--when presented with only the proposed settlement of the pending claims against the Outside Directors and other insureds and not any other conflicting claims against or objections by any non-settling insureds--likely would consent to the proposed D&O Settlement as

that Excess Insurers have far more experience, expertise and an established method of addressing such issues than this Court, which will have to conduct what is likely to be an extensive evidentiary hearing to make such a determination.  Nevertheless, this Court has acknowledged the insurers' right to proceed with an interpleader action here.  Therefore the Court finds no persuasive reasoning to vacate its order.

Accordingly, the Court

ORDERS that the motion to vacate (#3678) is DENIED.

**SIGNED** at Houston, Texas, this 1st day of December, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

reasonable under the unique circumstances of these lawsuits." #3678.  *See also id.* at 6 ("Although the settling insureds have asserted legal and factual defenses to the claims being resolved by the proposed D&O Settlement, an ordinarily prudent insurer reasonably would conclude that settlement, not trial, is the more prudent course of action in the unique circumstances of this case.") and at 7 ("In the end, an ordinarily prudent insurer likely would conclude that the proposed D&O Settlement, which benefits thirty-one insureds and settles numerous claims in several pending lawsuits, is reasonable in the circumstances of the Enron litigation and when viewed without regard for the interests of other insureds, as this Court has instructed. Although the Outside Directors and Messrs. Harrison, Derrick and Buy have potentially valid defenses, the current environment for the director and officer defendants in Enron-related litigation and the potential exposure faced by these insureds pose extraordinary risks in the event the claims against them are not resolved before trial.").