UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL 1446 |
| This Document Relates To: | Civil Action No. H-01-3624 |
| MARK NEWBY, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ENRON CORP., *et al.*<br><br>    Defendants. | (Consolidated) |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KENNETH L. LAY, *et al.*,<br><br>    Defendants. | |
| WASHINGTON STATE INVESTMENT BOARD, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KENNETH L. LAY, *et al.*,<br><br>    Defendants. | Civil Action No. H-02-3401 |
| CONSECO ANNUITY ASSURANCE COMPANY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITIGROUP, INC., *et al.*,<br><br>    Defendants. | Civil Action No. H-03-2240 |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, consolidated class actions are pending before this Court, including Newby, et al. v. Enron Corp., et al.; Washington State Investment Board et al. v. Kenneth L. Lay., et al.; Conseco Annuity Assurance Co. v. Citigroup, Inc., et al., and

WHEREAS, the Settling Parties have applied to the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of the Actions as to the Citigroup Defendants in accordance with the Stipulation of Settlement among the Settling Parties dated as of January 27, 2006 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Actions as to the Citigroup Defendants (the "Settlement") and for dismissal of the Actions with prejudice as to the Citigroup Defendants upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement; and

WHEREAS, the Court has read and considered the Stipulation and the Exhibits annexed thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed in the premises, and with good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1

1.      This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, and not otherwise defined herein, shall have the same meanings set forth in the Stipulation.

2.      The Court preliminarily approves the Stipulation, including the releases contained therein, and preliminarily approves the Settlement as being fair, reasonable, and adequate to the Settlement Class.

3.      Solely for purposes of the Stipulation and the Settlement, the Court now finds and concludes that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied and hereby certifies the Settlement Class pursuant to Rule 23(b)(3) in accordance with the following definition as set forth in the Stipulation: "Settlement Class" means all Persons (and their beneficiaries) who purchased or acquired any Enron Securities by any method, including but not limited to in an offering or purported private placement; in the secondary market; in exchange for shares of acquired companies pursuant to a registration statement; by means of an employer contribution to an employee stock plan; or through the exercise of options (including but not limited to options acquired pursuant to employee stock plans), between September 9, 1997 and December 2, 2001, inclusive.  Excluded from the Settlement Class are the Defendants, any entity in which any of the Defendants has a controlling interest, the directors of Enron, and the members of their immediate families or their successors, heirs, assigns, and legal representatives.  The Defendants or any entity in which any of the Defendants has a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to the extent that such Defendant-Controlled Entity itself had a proprietary (*i.e.*, for its own account) interest in

2

Enron Securities. To the extent that a Defendant-Controlled Entity held Enron Securities in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with respect to such Enron Securities. Without limiting the foregoing, a Defendant-Controlled Entity (and the Persons on whose behalf such Enron Securities are held) shall not be excluded from the Settlement Class with respect to Enron Securities that were held, purchased, or acquired (i) in a registered or unregistered investment company (including, but not limited to, a unit investment trust or mutual fund); (ii) in a common, collective, commingled, or group trust fund; or (iii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount, for which a Defendant-Controlled Entity serves as investment manager, investment adviser, trustee, or depositor. Defendants shall be deemed to have a "controlling interest" in an entity if such Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the board of directors of such entity. "Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the 1934 Act, as amended, or any successor statute or statutes thereto. The Settlement Class shall include any present or former employee of Enron other than named Defendants in the Actions or any other actions that are part of MDL 1446;

3

*provided*, however, that present or former employees of Enron who are named as Third-Party Counterclaim Defendants in the Insurers' First Amended Answer to First Amended Third-Party Complaint for Contract Enforcement and Injunctive Relief Regarding D&O Policy Proceeds and First Amended Third-Party Counterclaim for Interpleader, filed October 22, 2004, in the *Newby* Action, but are not named defendants in any other action that is part of MDL 1446, shall be part of the Settlement Class.

4.    Solely for purposes of the Stipulation and the Settlement, the Representative Plaintiffs are hereby certified as the class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.    The certification of the Settlement Class shall be binding only with respect to the Settlement of the Actions and only if the Judgment contemplated by the Stipulation becomes Final and the Effective Date occurs.  If, for any reason, the Stipulation is terminated, or the Effective Date for any reason does not occur, the certification of the Settlement Class shall automatically be vacated, *nunc pro tunc*. In such case, neither the Stipulation nor any order of this Court certifying the Settlement Class will be binding on any of the Settling Parties, the Actions shall proceed as though the Settlement Class had never been certified, and the Citigroup Defendants may oppose and assert all objections to certification of any class or subclass sought by any party to the Actions.

6.    The Court approves, as to form and content, the Notice of Pendency and Partial Settlements of Class Action annexed hereto as Exhibit A-1 (the "Mailed Notice").

7.    The Court approves, as to form and content, the Summary Notice for Publication annexed hereto as Exhibit A-2 (the "Summary Notice").

4

8. The date and time of the Settlement Hearing shall be added to the Mailed Notice and the Summary Notice before they are mailed and published, respectively, in accordance with ¶ 10, below.

9. The Court finds that the mailing, publication, and distribution of the Mailed Notice and Summary Notice substantially in the manner and form set forth herein, constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who can be identified through reasonable effort, and constitutes valid, due, and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

10. Gilardi & Co., LLC is hereby appointed as the Notice and Claims Administrator. The Notice and Claims Administrator is empowered to supervise and administer the notice procedure, as set forth below:

(a) Commencing on or before _March 8_, 2006, the Notice and Claims Administrator shall mail or cause to be mailed, by first class mail, postage prepaid, copies of the Mailed Notice to all Settlement Class Members who can be identified by Plaintiffs' Settlement Counsel with reasonable effort at each such Settlement Class Member's last known address; and

(b) On or before _March 15_, 2006, the Notice and Claims Administrator shall cause the Summary Notice to be published twice in *Investor's Business Daily* and twice in the *Houston Chronicle*.

11.     At or prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall file with the Court and serve on counsel for the Citigroup Defendants proof by declaration or affidavit of the mailing and publication described in ¶ 10, above.

12.     Banks, brokerage firms, institutions, and other Persons who are nominees that purchased Enron Securities for the beneficial interest of other Persons during the Settlement Class Period shall, within ten (10) calendar days of receiving the Mailed Notice (a) send the Mailed Notice to all such beneficial owners, or (b) if they have not already done so in connection with prior settlements in these proceedings, send a list of the names and addresses of such beneficial owners to the Notice and Claims Administrator, in which event the Notice and Claims Administrator shall promptly mail the Mailed Notice to such beneficial owners. The Mailed Notice will advise such nominees that their reasonable costs in providing the Mailed Notice to such beneficial owners will be reimbursed by Plaintiffs' Settlement Counsel from the Gross Settlement Fund.

13.     Settlement Class Members who wish to exclude themselves from the Settlement Class must do so in accordance with the instructions contained in the Mailed Notice, but in no event shall Settlement Class members be required to give notice of their intent to exclude themselves from the Settlement Class less than thirty (30) days after the mailing of the Mailed Notice. Any Request for Exclusion submitted by a Settlement Class Member that purchased $100,000 or more of Enron Securities during the Settlement Class Period shall specify the amount of each class of Enron Securities the Settlement Class Member purchased during the Settlement Class Period.

6

14.    Unless otherwise ordered by the Court, all Persons who fall within the definition of the Settlement Class and who do not timely and validly request to be excluded from the Settlement Class in accordance with the instructions set forth in the Mailed Notice and the Summary Notice shall be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

15.    The Settlement Hearing shall be held on *May 24*, 2006 at *9a*.m., before the Honorable Melinda Harmon, United States District Judge, at the United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, to determine (a) whether the proposed Settlement as set forth in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (b) whether an Order of Final Judgment and Dismissal, substantially in the form of Exhibit D to the Stipulation, should be entered herein; and (c) whether the Fee and Expense Application should be approved.

16.    All papers in support of the Settlement shall be filed at least seven (7) days prior to the Settlement Hearing.

17.    Any Settlement Class Member may appear and show cause (if he, she, or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Stipulation as fair, reasonable, and adequate; (b) enter the Judgment substantially in the form annexed as Exhibit D to the Stipulation; or (c) approve the Fee and Expense Application; *provided*, however that no Person shall be heard with respect

7

to, or shall be entitled to contest, the foregoing matters unless on or before

*April 21st*, 2006, that Person has served by hand or by first class mail notice of

his, her, or its intention to appear, setting forth briefly each objection and the basis

therefor, together with copies of any papers and briefs in support of said objections and

proof of membership in the Settlement Class, upon William S. Lerach, Keith F. Park and

Helen J. Hodges, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West

Broadway, Suite 1900, San Diego, California 92101 (on behalf of the Representative

Plaintiffs); and upon Brad S. Karp, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285

Avenue of the Americas, New York, New York 10019 (on behalf of the Citigroup

Defendants); and has filed said objections, papers, and briefs with the Court. Unless

otherwise ordered by the Court, any Settlement Class Member who does not make his,

her, or its objection in the manner provided for herein shall be deemed to have waived

such objection and shall forever be foreclosed from making any objection to the

foregoing matters.

18.     The Court may adjourn and/or continue the Settlement Hearing from time

to time and without further notice to the Settlement Class. The Court reserves the right to

approve the Settlement at or after the Settlement Hearing with such modifications as may

be consented to by the Settling Parties and without further notice to the Settlement Class.

The Court further reserves the right to enter the Judgment, *inter alia*, dismissing the

Actions with prejudice as to the Citigroup Defendants as provided for by the Stipulation

at or after the Settlement Hearing and without further notice to the Settlement Class.

19.     The Settlement Amount and any accrued interest thereon held by the

Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and

8

shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation, further notice to the Settlement Class and/or further order(s) of the Court.

20.     Upon the Effective Date, the Representative Plaintiffs and each Settlement Class Member, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Representative Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Citigroup Releasees and shall have covenanted not to sue the Citigroup Releasees with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against the Citigroup Releasees.

21.     Except as otherwise provided in the Stipulation, no Person other than a Settlement Class Member or counsel for one or more of the Representative Plaintiffs shall have any rights to any portion of the Gross Settlement Fund.

22.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, of any allegation made in the Actions, or of any wrongdoing or liability of the Citigroup Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the

9

Citigroup Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Citigroup Releasees may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.     All reasonable costs and expenses incurred in identifying and providing notice to Settlement Class Members and in administering the Gross Settlement Fund shall be paid as set forth in the Stipulation.

24.     The Court retains jurisdiction over all proceedings arising out of or related to the Stipulation and/or the Settlement.

25.     If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Preliminary Approval Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, and the provisions of ¶ 7.4 of the Stipulation shall apply.

26.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Stipulation.

27.     Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, no Settlement Class Member shall commence, prosecute,

10

pursue, or litigate any Released Claim against the Citigroup Releasees, whether directly, representatively, or in any other capacity, and regardless of whether or not any such Settlement Class Member has appeared in the Actions, other than actions that have previously been commenced and are pending in this Court under MDL 1446.

IT IS SO ORDERED.

February 22, 2006
DATED: _____

_____
THE HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE

11