```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

In Re Enron Corporation        §
Securities, Derivative &       §      MDL-1446
"ERISA" Litigation             §
                               §
_____  §
MARK NEWBY, ET AL.,            §
                               §
          Plaintiffs           §
                               §
VS.                            §   CIVIL ACTION NO. H-01-3624
                               §       CONSOLIDATED CASES
ENRON CORPORATION, ET AL.,     §
                               §
          Defendants           §
_____
HAROLD AND FRANCES AHLICH, et  §
al.,                           §
                               §
          Plaintiffs,          §
                               §
VS.                            §   CIVIL ACTION NO. H-03-5334
                               §
ANDREW S. FASTOW, et. al.,     §
                               §
          Defendants           §
_____
RUBEN AND IRENE DELGADO, et    §
al.,                           §
                               §
          Plaintiffs,          §
                               §
VS.                            §   CIVIL ACTION NO. H-03-5335
                               §
ANDREW S. FASTOW, et al.,      §
                               §
          Defendants.          §
```

**<u>ORDER</u>**

Pending before the Court in the above referenced causes are the following motions: (1) Third-Party Bank Defendants' motion to dismiss the claims of Plaintiffs Patrick Carney, Greg Carr, Clive Runnells and Nancy Runnells (#4278 in-01-3624, #51 in H-03-5334, and #49 in H-03-5335), filed on December 7, 2005; and (2) Plaintiffs Patrick Carney and Greg Carr's motion to dismiss (#52

in H-03-5334), filed on December 21, 2005; and (3) Plaintiffs Clive Runnells, Nancy Runnells and Thomas Pierce Runnells' motion to dismiss (#50 in H-03-5335), also filed on December 21, 2005.

Third-Party Bank Defendants seek dismissal **with prejudice** of the claims of Plaintiffs Patrick Carney, Greg Carr, Clive Runnells and Nancy Runnells under Federal Rule of Civil Procedure 37 because, after this Court granted Third-Party Bank Defendants' motion to compel Certain Plaintiffs to appear for deposition and to compel further discovery responses (#4174) on November 21, 2005 and after this Court ordered these Plaintiffs to appear for deposition by the close of discovery on November 30, 203 or to agree on a future date before then, with the warning that a failure to comply might result in dismissal of their claims, these Plaintiffs failed to appear and have ignored the order.

Plaintiffs Patrick Carney, Greg Carr, Clive Runnells and Nancy Runnells respond that Third-Party Bank Defendants have not shown they have standing to assert their motion, Plaintiffs have not brought any claims against Third-Party Bank Defendants, and Third-Party Bank Defendants have not made any counterclaims against Plaintiffs.  Plaintiffs Carney, Carr and the Runnells state they no longer wish to pursue their claims and have filed the motions to dismiss **without prejudice** in the two member suits, as listed above, thereby, according to them, mooting Bank Defendants' claims.  The Outside Directors respond that they are not opposed to dismissal of Plaintiffs Patrick Carney, Greg Carr,

Clive Runnells and Nancy Runnells' claims, but the dismissal should be **with prejudice** because if the Court dismisses only the claims against the Third-Party Bank Defendants, then Defendants/Third-Party Plaintiffs, which include the Outside Directors, would bear the effect of the sanctions intended for Carney, Carr and the Runnells.

In reply, Third-Party Bank Defendants reiterate that they seek dismissal with prejudice because such a remedy is authorized by Rule 37(b)(2)(C). *See Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)("Rule 37(b)(2)(C) authorizes dismissal with prejudice when a party refuses to obey a discovery order."). Moreover, as Third-Party Defendants in H-03-5334 and H-03-5335, Third-Party Bank Defendants have a right to demand the discovery sought even in the absence of claims and counterclaims between Plaintiffs and themselves. The Court agrees with the last statement.

In *Coane v. Ferrara Pan Candy Co.*, 898 F.2d at 1032, the Fifth Circuit qualified the rule quoted by Third-Party Bank Defendants: "Because of the severity of this sanction, dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." Neither prong has been established here. Nevertheless the Court agrees that Plaintiffs should not be permitted to dismiss the case without prejudice and escape any sanction for a clear violation of the Court's order. Accordingly, the Court

ORDERS that Plaintiffs shall make themselves available for deposition at Defendants' convenience within thirty days of entry of this order.  Failure to comply will result in dismissal of their claims with prejudice for willfulness and clear record of delay.  The Court further

ORDERS that Bank Defendants' motion to dismiss (#4278 in-01-3624, #51 in H-03-5334, and #49 in H-03-5335) and Plaintiffs' motions to dismiss (#52 in H-03-5334 and #50 in H-03-5335) are DENIED, but Bank Defendants' motion may be reurged if Plaintiffs Patrick Carney, Greg Carr, Clive Runnells and Nancy Runnells refuse to comply with this order.

**SIGNED** at Houston, Texas, this 11th day of May, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE