IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court in the above referenced cause is Arthur Andersen LLP's amended motion for reconsideration (instrument #4347) of order (#4252) dismissing counterclaims for contribution and indemnification and amended motion for leave to file opposition[1] to the Bank Defendants' motion to dismiss Arthur Andersen LLP's counterclaims for contribution and indemnification (#3628).

---

[1] Attached as Exhibit 1 to #4347.

On December 1, 2005 (#4252), this Court granted Bank Defendants' motion to dismiss Arthur Andersen's counterclaims because no opposition had been filed and because Arthur Andersen's counterclaims were filed after the deadline for filing third-party actions and cross-claims, i.e., the later "of April 11, 2005 or thirty days after a party files its answer," established in the Court's order of March 23, 2005, #3267. The Court found the April 11, 2005 deadline appropriate because it appeared to the Court what Arthur Andersen designated as "counterclaims" were, in actuality, cross-claims for indemnification and contribution. Arthur Andersen requests reconsideration, explaining (1) that it timely served the parties through the ESL website with its opposition, but inadvertently failed to file it with the Court[2]; (2) its counterclaims were true counterclaims and thus were not untimely filed on May 2, 2001 because they were not covered by the scheduling order; and (3) no party would be prejudiced by reconsideration,[3] and a ruling on the merits is preferable to dismissal for procedural reasons.

That Arthur Andersen inadvertently failed to file its opposition is not an excuse. Bank Defendants filed their motion to dismiss on June 20, 2005, and the Court did not rule on it for

---

[2] Bank Defendants charges Arthur Andersen with attempting to disguise its late filings by labeling what are clearly cross-claims as counterclaims.

[3] Arthur Andersen notes that it is entitled to bring the claims for contribution and indemnification in a separate action. *Middle Market Fin. Corp. v. D'Orazio*, No. 96-1998, 1998 WL 873412, *3 (S.D.N.Y. Dec. 15, 1998).

almost six months, plenty of time for a diligent attorney to notice its pendency, the absence of Arthur Andersen's response, and the need to file opposition.  There have been numerous reminders from the Court to counsel throughout this litigation that posting pleadings or briefs on the ESL website does not constitute filing.

As for the second reason for reconsideration, in its proposed opposition Arthur Andersen argues that the Bank Defendants had filed three cross-claims (#3350) against Arthur Andersen *inter alia* on April 11, 2005.  The first is Bank Defendants' cross-claim against Arthur Andersen for contribution from Arthur Andersen if the Bank Defendants are found liable to *Newby* Plaintiffs for violations of the federal securities laws. Second, JP Morgan Chase (one of Bank Defendants), sued by *Newby* Plaintiffs for violations of the Texas Securities Act, seeks contribution and/or indemnification from Arthur Andersen if JPMorgan Chase is found liable.  Last JP Morgan Chase seeks to have Andersen deemed a "responsible party" in connection with the Texas Securities Act claim against JPMorgan Chase.

On May 2, 2005 *inter alia* Arthur Andersen filed an answer to the Bank Defendants' cross-claims and its own counterclaims, which sought (1) contribution if Arthur Andersen is found liable for any federal securities laws violations or to any Bank Defendant on the Bank Defendants' contribution cross-claim; (2) contribution from the Bank Defendants other than JPMorgan if Arthur Andersen is found liable in contribution to

JPMorgan Chase on Plaintiffs' Texas Securities Act claim; and (3) to have Bank Defendants other than JPMorgan deemed "responsible parties" under state law in connection to the Texas Securities Act claim.  Arthur Andersen insists that it could not have filed these counterclaims by the deadline because Bank Defendants did not file the cross-claims to which they respond until April 11th, at which point the relationship between Bank Defendants and Arthur Andersen changed from co-defendants to "opposing parties" for purposes of Federal Rule of Civil Procedure 13 on the federal claims.  Furthermore Arthur Andersen had not been named as a defendant to Plaintiffs' Texas Securities Act claim and only first became potentially liable for contribution and indemnification on that claim when JPMorgan filed its cross-claim.

At issue here is whether Arthur Andersen's "counter claims" are cross-claims.

Federal Rule of Civil Procedure 13(a), addressing compulsory counterclaims, provides,

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

Rule 13(b), regarding permissive counterclaims, reads,

> A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Rule 13(g), relating to cross-claims against a co-party, states,

> A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted on the action against the cross-claimant.

Thus to file a counterclaim, co-parties (here co-defendants) must become "opposing parties" within the meaning of Rule 13(a) or (b). Arthur Andersen argues that Bank Defendants' filing of their cross-claims caused Bank Defendants and Arthur Andersen to become "opposing parties," and thus its responding claims are counterclaims.

The general rule followed by the majority of the courts is that when a substantive cross-claim is filed by one co-defendant against another, the defendants become "opposing parties." *See, e.g., Kirkcaldy v. Richmond Board of Education,* 212 F.R.D. 289, 297-98 (M.D.N.C. 2002), *citing Kane v. Magna Mixer Co.,* 71 F.3d 555, 561-62 (6th Cir. 1995), *cert. denied*, 517 U.S. 1220 (1996), and *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 146 n. 11 (3d Cir. 1999), *cert. denied*, 528 U.S. 878 (1999), *et alia; see also* 3 James W. Moore, *Moore's Federal Practice*, § 13.71.1 n.4 (2005)(co-parties become opposing parties under Rule 13(a) when one party pleads a cross-claim against the other). A recognized exception to this rule is when the claim asserted back by the other co-defendant is a claim of indemnity or contribution, not a substantive claim, because "a cross-claim for indemnity or

contribution 'would not introduce new issues into the case, and could, in all likelihood, be litigated without substantially increasing the cost or complexity of the litigation.'"  *Id.* at 298, *citing Rainbow Mgmt. Group, Ltd. v. Atlantis Submarines Hawaii, L.P.*, 158 F.R.D. 656, 659-60 (D. Haw. 1994)(holding that the general rule "should be limited to situations in which the initial cross-claim includes a substantive claim (as opposed to merely a claim for contribution and indemnity).  The reason for this modification is that an unlimited rule may actually increase the amount or complexity of the litigation."); *see also Hemme v. Bharti*, 183 S.W.3d 593 (Mo. 2006)(relying on *Rainbow Mgmt.* and *Kirkcaldy*); 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure* § 1404 & n. 24.1 (*citing Rainbow Mgmt.*) and n.1 (*citing Paramount Aviation Corp.* and *Kirkcaldy*)(Supp. 2005).  *See also* Wright *et al.* at § 1407 (2d ed. 2005)(where cross claims are mislabeled as counterclaims, "courts generally have ignored the nomenclature actually used by the pleader and have treated the claim as if it had been properly labeled . . . .").  Thus here Arthur Andersen's claims for contribution and indemnity do not convert the co-defendants into "opposing parties" for purposes of Rule 13(a) or (b) and are thus technically cross-claims.

Finally Arthur Andersen insists that its last two counterclaims, arising from JPMorgan's claim for contribution and "responsible party" status for the Texas Securities Act claim, could not have been asserted until after JPMorgan filed its cross

claims on April 11th.  Arthur Andersen maintains that it filed a timely answer and counterclaim within the twenty-day period allotted for such.  Bank Defendants insist that the claims are technically cross-claims, arising out of the same transactions that were the basis for claims asserted against them in the original action, and therefore Arthur Andersen was required to assert the cross-claims by April 11th.  Imposing that deadline under the facts asserted here raises issues of equity; and the Court can carve out exceptions to its own rules where the result would be injust.

Nevertheless, the Court notes that should Arthur Andersen's contribution and indemnification claims become ripe, it could still assert them in a separate action.  Moreover, the Court finds that Arthur Andersen's failure to file its opposition to the Bank Defendants' motion to dismiss the counterclaims despite a six-month opportunity to request leave to do so late is not excusable.  For this reason the Court

ORDERS that Arthur Andersen's amended motion for reconsideration and for leave to file opposition (#4347) is DENIED.

**SIGNED** at Houston, Texas, this 11th day of May, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE