IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § | |

## ORDER

Pending before the Court in the above referenced cause are the following related motions from four Enron Broadband Services ("EBS") Defendants[1] and former Enron Assistant Treasurer

---

[1] At EBS, Scott Yeager was Senior Vice President of Strategic Development, Rex Shelby was Senior Vice President of Engineering and Operations at EBS, Kevin Howard was Vice President of Finance, and Michael Krautz was Senior Director of Transaction Accounting. They, *inter alia*, are Defendants in Criminal Action H-03-0093. The first trial last summer resulted in a mistrial on the fraud and conspiracy charges against all four. Yeager also faces retrial on counts of insider trading and money laundering; Shelby faces retrial on insider trading. Judge Gilmore has severed the original action into three and has begun retrying the first against Krautz and Howard, scheduled the action against Yeager to begin on June 5, 2006, and against Shelby on September 5, 2006.

Timothy Despain (collectively, "Movant Defendants"), all of whom are also Defendants in parallel criminal actions: (1) Third-Party Defendant Scott Yeager's motion for relief and, alternatively, motion to dismiss cross-claims and third-party complaint for contribution and indemnification pursuant to Fed. R. Civ. P. 12(b)(6) (instrument #3821); (2) Purported Third-Party Defendant Rex Shelby's consolidated motion to strike cross-claims and third-party complaint for contribution as untimely and prejudicial under Fed. R. Civ. P. 14(a) (#3822); (3) Purported Third-Party Defendant Michael Krautz's consolidated motion to strike cross-claims and third-party complaint for contribution as untimely and prejudicial under Fed. R. Civ. P. 14(a), adopting Rex Shelby's motion (#3823); (4) Purported Third-Party Defendant Kevin Howard's consolidated motion to strike cross-claims and third-party complaint for contribution as untimely and prejudicial under Fed. R. Civ. P. 14(a) (#3827); and (5) Purported Third-Party Defendant Timothy Despain's[2] consolidated motion to strike cross-claims and third-party complaint for contribution as untimely and prejudicial under Fed. R. Civ. P. 14(a) (#3907). Yeager has joined and adopted the other EBS Defendants' motions. All five are nearly identical in substance.

---

[2] Despain pleaded guilty in October 2003 to fraudulently manipulating Enron's credit rating and entered into a Cooperation Agreement with the Enron Task Force. Cooperation Agreement, *United States v. Despain*, Cr. Action No. H-04-449 (S.D. Tex. October 5, 2004). He was also sued by the SEC in H-05-398, *U.S. SEC. v. Despain*, in which a final consent judgment was entered against him on February 11, 2005. The SEC action asserted violations of § 10(b).

Defendants argue that they are "newcomers" to the litigation, not named as parties in *Newby*.[3] They insist they have been unfairly "roped in" years after the litigation began and long after it was publicly known that they were indicted, and they argue that they would be severely prejudiced if the third-party complaint is not stricken because they have not participated in the extensive discovery in *Newby* nor been able to join issues during the pendency of the case, nor are they able to prepare an adequate defense. The EBS Defendants claim that their criminal case focused narrowly on occurrences in the broadband unit during a limited period of time, while the *Newby* action's scope is far broader.

As stated in 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1442 at 289-91 (West 1990)(footnote citations omitted),

> The primary purpose of any procedure authorizing impleader of third parties is to promote judicial efficiency by eliminating "circuity of actions." The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a

---

[3] Shelby alone of the EBS Movants has not been named as a defendant in *Newby* or *Tittle* or in any of the consolidated or coordinated civil cases relating to the class action suits. Howard and Yeager are Defendants in H-04-3330, *Guy, et al. v. Arthur Andersen L.L.P., et al.*, and H-04-3331, *Adams, et al., v. Arthur Andersen, L.L.P., et al.* Howard and Krautz are third-party Defendants, sued by Arthur Andersen, in H-04-3320, *Choucroun, et al., v. Arthur Andersen, L.L.P., et al.*; H-03-5335, *Delgado v. Fastow, et al.*; H-03-5334, *Ahlich v. Arthur Andersen, L.L.P., et al.*; H-04-4455, *Bullock v. Arthur Andersen, L.L.P., et al.*; H-03-5333, *Rosen, et al. v. Fastow, et al.*; and H-03-5332, *Pearson, et al. v. Fastow, et al.* The EBS Defendants have also been sued in H-03-905, *U.S. SEC v. Howard, et al.*

> separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim. When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. Additionally, third-part practice procedure is advantageous in that a potentially damaging time lag between a judgment against defendant in one action and a judgment in his favor against the party ultimately liable in a subsequent action will be avoided. In short, Rule 14 is intended to provide a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically.

Moreover, "[b]ecause Rule 14 is designed to reduce multiplicity of litigation and therefore is remedial in character, it should be construed liberally." *Id.* at 293. Furthermore, "whether a third-party defendant may be impleaded under Rule 14 [is a matter] . . . addressed to the sound discretion of the trial court." *Id.*, § 1443 at 297-98. Factors that the trial court may consider include prejudice to the original plaintiff(s), prejudice to the third-party defendant(s), complication of trial issues or likelihood of trial delay, and timeliness. *Etak, Inc. v. Zexel USA Corp.*, No. C 94-4041 SC, 1995 WL 621829. *3 (N.D. Cal. Oct. 18, 1995), *citing inter alia Remington Arms v. Liberty Mutual Ins.*, 748 F. Supp. 1057, 1068 (D. Del. 1990), and *Crew v. McGinnis & Ass., Inc.*, 572 F. Supp. 103, 109 (E.D. WI 1983); *United States v. New Castle County*, 111 F.R.D. 628, 632 (D. Del. 1986).

The *Newby* litigation was commenced on October 22, 2001. Under the first scheduling order issued on July 11, 2003 (#1561), the deadline for filing third-party claims was January 10, 2004. A revised scheduling order (#2019), entered on March 11, 2004, extended that deadline to August 2, 2004. Due to a lack of certainty as to which cases were covered by that order and a delay[4] in the Court's ruling on the Bank Defendants' July 16, 2004 request to clarify the deadline (#2277) for adding new parties,[5] on August 2, 2004 the Court entered an order (#2310) stating that "no third-party complaints or cross-claims need be filed by August 2, 2004." On March 24, 2005 the Court issued an additional scheduling order requiring all third-party claims in *Newby* to be filed by the later of (a) April 11 2005 or (b) within thirty days of filing answers to complaints. The Third-Party Complaint for

---

[4] Movant Defendants complain that Bank Defendants failed to notify the Court that their request was pending for nearly a year before the Court realized it had "fallen through the cracks." Movants insist they should not be penalized for Bank Defendants' delay.

[5] Movant Defendants point out that in Certain Private Plaintiffs' opposition (#2290 at 3) to the Bank Defendants' request, Certain Private Plaintiffs warned of prejudice from not being participants in the coordinated discovery process: "Parties joined after the August 2nd deadline imposed by the March 11th Order will not be able to participate in any of these depositions, or have the benefit of attending, in person. Furthermore these parties will be forced to order multiple productions of documents generated by multiple producing parties, at one time, just to 'catch up' with others who have been participating in such discovery for months." In their reply, Bank Defendants indicated that it would be "unlikely that there will be any truly new parties that are not already participating in MDL 1446 or in the bankruptcy court." #3168 at 3, n.4. The Court concluded that it would "deal with the issue on an individual basis should it arise" and granted leave to any "truly new" parties to "file appropriate motions for special relief if needed." *Id.* at 4.

contribution and indemnification was filed against the Movant Defendants on April 11, 2005 by the following Financial Institution Defendants:  JPMorgan Chase & Co., J.P. Morgan Securities, Inc., JPMorgan Chase Bank, N.A., Citigroup Inc., Citibank, N.A., Citigroup Global Markets, Inc. (f/k/a Salomon Smith Barney, Inc.), Citigroup Global Markets Limited (f/k/a Salomon Brothers International Limited), Credit Suisse First Boston LLC (f/k/a Credit Suisse First Boston Corporation), Credit Suisse First Boston (USA), Inc., Pershing LLC (f/k/a Donaldson Lufkin & Jenrette Securities Corporation, Canadian Imperial Bank of Commerce, CIBC World Markets Corp. (f/k/a CIBC Oppenheimer Corp.), CIBC World Markets plc, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Barclays PLC, Barclays Bank PLC, Barclays Capital Inc., Lehman Brothers Holdings Inc., and Lehman Brothers Inc.  Thus the Court finds that the Third-Party Complaint was timely filed, in accordance with the Court's orders.  Moreover, Shelby and Howard were served on July 28, 2005, and Despain on August 3, 2006, within the 120 days allowed by Fed. R. Civ. P. 4(m).  Krautz does not state when he was served, but he has not contended that service was effected outside the 120-day limit.  The Court finds service was timely effected.

       The claims here arose out of a common factual nucleus and trying them in the same action would simplify and expedite the litigation, eliminate unnecessary expense, and save judicial resources and time.  If the Court were to strike the Third-Party

Complaint, and if the Bank Defendants are held liable for losses attributable to the Movant Defendants, one or more new and separate actions would be required to litigate the Bank Defendants' claims for contribution and indemnification. The *Newby* action addresses the role of Enron Broadband Services and its officers in depth, as well as alleged wrongdoing by former Enron officials, which Lead Plaintiff charges fraudulently misled investors. Judicial efficiency, as well as savings in time, money and effort by all parties would be served by permitting the claims to go forward in a single suit.

      Since the third-party claims are based on the same set of operative facts included in the *Newby* complaint and with the potential liability of the third-party Defendants dependent on the outcome of the *Newby* claims, denying the motions to strike will not delay the trial nor complicate the issues for trial. Any postponement is more likely to be caused by delays in the criminal trials, and therefore in depositions of defendants and witnesses involved in those proceedings, which have already warranted modification of the discovery schedule,[6] or by possible appeal of certification of a class, or by the onslaught of motions,

---

[6] During regular discovery a substantial number of former Enron officers and employers have stated that they would invoke their Fifth Amendment rights at their depositions. The Court also imposed a number of criminal stays on discovery. As indicated, the EBS Defendants and Joseph Hirko will be retried this summer. Morever, pursuant to a May 25, 2005 Court order, once evidence has closed in H-04-CR-25, *United States v. Richard Causey*, the parties have an additional fifty days to conduct depositions of Richard Causey, David Duncan, Andrew Fastow, Kevin Hannon, Joseph Hirko, Michael Kopper, Kenneth Lay, Kenneth Rice, and Jeffrey Skilling. Movant Defendants can personally participate in these.

responses, replies, surreplies, etc. that continue to challenge the Court in this massive and complex litigation.

With respect to potential prejudice to plaintiffs, Lead Plaintiff has not objected to the Third-Party Complaint nor joined in the motions to strike.

As for Movant Defendants' claims that they are "newcomers" who would be greatly prejudiced because they have not been able to participate in the extensive discovery or schedule depositions,[7] Bank Defendants point out that all but Shelby and Despain have been involved in coordinated cases and had access to the coordinated discovery.  The EBS Defendants had access to relevant evidence and opportunities to question numerous witnesses during their criminal trial, though more limited than in civil cases, and will have another opportunity in the second trials. Moreover, new cases continue even now to be transferred to participate in MDL 1446, and those parties have or will have access to the coordinated discovery only through the electronic document depository, the record, deposition transcripts, interrogatory responses and admissions, of which Movant Defendants have been aware and have had access to since the filing of the Third-Party Complaint, if not before.  These Movant Defendants

---

[7] The Court would point out that discovery in this complex action out of necessity, and with responsible agreement among counsel, was restricted and pared down as to deponents and time so that no party had unlimited opportunity to depose any witness that might have relevant information for its defense.  Moreover the large number of individuals asserting their Fifth Amendment privilege against self incrimination further narrowed the scope of the discovery.

would be faced with at least as much, if not more, investment of time and money in reviewing these documents for a separate action against them by Bank Defendants.  *New Castle County*, 111 F.R.D. at 633 ("'[T]he relevant reference point in determining prejudice is not the relative resources that [the Third-Party Defendants] will expend in defending, as opposed to not defending, the third-party action.  Rather prejudice to a third-party defendant must be measured by whether the third party defendant will incur greater expense or be at a greater disadvantage in defending a third-party suit than in defending a separate action brought against it.'"), *quoting Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 569-70 (S.D.N.Y. 1983); *Trustees of the Central States, Southeast and Southwest Areas Health and Welfare Fund v. State Farm Mutual Automobile Ins. Co.*, No. 89 C 0435, 1991 WL 191456, *3 (N.D. Ill. 1991)(*quoting New Castle County*).  If faced with one or more separate actions against them, Moving Defendants "would still bear the duel [*sic*] burden of reviewing the discovery taken in this case and conducting their own investigation."  *New Castle County*, 111 F.R.D. at 633.  As the district court in *Trustees of the Central States*, 1991 WL 191456 at *3, pronounced, "The fact that third-party defendants may need to review discovery already taken by parties to the original action or that the third-party defendants may need to conduct their own investigations, does not prevent impleader. . . . When weighed against the purposes of Rule 14, the mere inconveniences that the third-party defendants may face do not justify denial of impleader."  Indeed

the trying of claims directly related to those in the original complaint will avoid unnecessary duplication and waste.

Finally, the Court has indicated that it will entertain motions for individual relief where warranted.

Accordingly, for these reasons, in its sound discretion the Court

ORDERS that Movant Defendants' motions to strike, and in Yeager's case, alternatively to dismiss, (#3821, 3822, 3823, 3827, and 3907) are DENIED.

**SIGNED** at Houston, Texas, this 17th day of May, 2006.

                                              _____
                                                    MELINDA HARMON
                                              UNITED STATES DISTRICT JUDGE