```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § | |
| VS. | § § | |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause is Plaintiffs Silvercreek Management, Inc., Silvercreek Limited Partnership, Silvercreek II Limited, OIP Limited, and Pebble Limited Partnership's (collectively, "Silvercreek Plaintiffs'") opposed motion for certification pursuant to 28 U.S.C. § 1292(b) (instrument #4625).

Silvercreek Plaintiffs seek an interlocutory appeal of the Court's April 12, 2006 order (#4587), which denied their motion (#4574) for permission to opt out of the Citigroup and JP Morgan settlements but to remain in the CIBC settlement class in

*Newby*.[1]   They identify the following issues as the controlling questions of law to be certified for appeal:  (1) "whether[,] before a court certifies a litigation class, due process demands that putative class members be given the opportunity to opt out of separate and/or successive settlements, irrespective of whether the associated preliminary settlement approval orders adopt a common conditional class definition"; (2) "Was this Court's finding that there had been an 'express agreement' to conjoin the three settlements an abuse of discretion for being a clearly erroneous assessment of the evidence" (#4625 at 3); and (3) did this Court abuse its discretion in relying on *In re Del-Val Fin.*

---

[1] Silver Creek Plaintiffs had originally filed an individual suit against Citigroup and JP Morgan Chase, which was consolidated for pre-trial purposes into *Newby,* but which they intended to pursue independently after opting out of the class settlement with respect to claims against these entities.  Nevertheless they wanted to remain in the *Newby* suit for claims against CIBC entities so they would not have to file another suit to protect their rights with respect to these CIBC entities.  Silver Creek Plaintiffs contend that there was no legal or factual reason to link the three settlements, as these three bank Defendants did after the issuance of a Notice of Pendency and Partial Settlements of Class Action ("the Notice") attached to the Court's February 22, 2006 Order Preliminarily Approving Settlement.  They insist that the Notice describes the CIBC settlement as separate and distinct from the settlements with Citigroup and JP Morgan Chase, for separate claims, separate consideration, and ultimately separate judgments. Federal rule 23(e)(2) requires, "The parties seeking approval of a settlement . . . under Rule 23(e)(1) must file a statement identifying any agreement made in connection with the proposed settlement . . . . "the procedure for opting out did not allow a class member to opt out of only one or two settlements, but required opting out of all three settlements.  Silvercreek Plaintiffs complain that only after they filed their motion for leave to opt out did the settling bank Defendants announce that they could only opt out of all or none of the three settlements.

*Corp. Sec. Litig.*, 162 F.R.D. 271 (S.D.N.Y. 1995), which pre-dated the 2003 amendments to Fed. R. Civ. P. 23(e)(3).[2]

"The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals.  Section 1292(b) appeals are exceptional." *Clark-Dietz & Assoc.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1993).  Section 1292(b) provides,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

"[F]act-review questions [are] inappropriate for § 1292(b) review.  Even those questions that are legal may be foreclosed by the fact findings of the district court." *Clark-Dietz & Assoc.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d at 69.  *See also* 2 Fed. Proc., L. Ed. § 3:210 (database updated July 2005)(statute "permits certification of controlling questions of

---

[2] Rule 23(e)(3) now provides, "In an action previously certified as a class action under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."  Silvercreek Plaintiffs emphasize that at the relevant time, no class had been certified here.
   Nevertheless this Court notes that the use of "may" in the Rule and the accompanying Advisory Committee note ("The decision whether to approve a settlement that does not allow a new opportunity to elect exclusion is confided to the court's discretion . . . .") make clear that rejection of a settlement that does not provide a last opportunity to opt out is not mandated.

law.  Questions of fact, questions as to how agreed-upon law should be applied to particular facts or questions regarding the manner in which the trial judge exercised his or her discretion may not be properly certified for interlocutory appeal.").

Movant bears the burden of proof and persuasion on the three elements (controlling issue of law, substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation), all of which should be satisfied for the court to certify an order for interlocutory appeal.  *Burnley v. City of San Antonio*, No. Civ. A. SA-02-CA-0489, 2004 WL 377524, *1(W.D. Tex. Jan. 22, 2004), *citing* 4 Am. Jur. 2d Appellate Review § 117 (2003)("The party seeking review has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the court has entered a final judgment in the case.").

Because of the strong judicial policy disfavoring piecemeal appeals, such motions for interlocutory appeal are only granted in exceptional circumstances.  *Clark-Dietz & Assoc.- Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d at 69; *Abundiz v. Explorer Pipeline Co.*, No. CIV.3:00-CV-2029-H, 2002 WL 2030876, *2 (N.D. Tex. Sept. 3, 2002).

With respect to the first issue identified by Silvercreek Plaintiffs, the Court agrees with the settling bank Defendants that because Silvercreek Plaintiffs failed to raise the due process violation in their motion to opt out, and because the

Court did not address that issue in its order, Silvercreek Plaintiffs may not do so on appeal. *Newby v. Enron Corp.*, 394 F.3d 296, 309-10 (5th Cir. 2004)("Failure to raise a due process objection before a district court waives that objection on appeal.").

The second issue identified, the finding of an express agreement to link the three settlements, is clearly a factual one and within the Court's discretion, and thus not appropriate for interlocutory appeal under § 1292(b). The settling bank defendants noted that the Court certified a single class for the three settlements and that they included a provision to increase the settlement amounts if a plaintiff that filed an individual action elected to stay in the class instead of pursuing that individual action. Allowing a party to "cherry pick" among settlements within a class action would undermine the whole process of this and future settlement negotiations.

As for the third issue, Silvercreek Plaintiffs characterize the Court's "reliance" on *Del-Val* as an "abuse of discretion." The Court merely quoted the opinion for the proposition that allowing such cherry-picking among settlements "would 'upset the balance struck by Rule 23' to protect a class member's rights and promote the efficient resolution of class actions." #4587 at 3, *citing Del-Val*, 162 F.R.D. at 275. The addition of Rule 23(e)(3) with the 2003 Amendments does not make

the district court's reasoning any less persuasive.[3]  Moreover, as the Court noted, the language of Rule 23(e)(3) and the Advisory Committee Note make clear that the Court also has discretion in determining whether to approve a settlement without a new opportunity to request exclusion. *See, e.g., Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006)("Neither due process nor Rule 23(e) requires . . . a second opt-out period whenever the final terms change after the initial opt-out period."); *In re Visa*

---

[3] Indeed, the Court quotes the whole portion of the opinion, with which it is in complete agreement under the circumstances here, as implied by its final approval of the three settlements as fair and reasonable:

> [T]he balance struck by Rule 23 would be upset if individuals could choose to participate in a class for purposes of settlement with some defendants, but to exclude themselves from the settlement with other defendants.  Rule 23 requires potential class members to make a trade-off:  an individual either decides to remain a class member, bound by any and all judgments rendered in the class action but spared the expense of litigating on her own behalf, or she elects exclusion.  If she chooses exclusion, she is required to expend her own resources to bring her claims against the defendants, but she may potentially be rewarded by receiving a larger recovery. Permitting an individual to opt out as to some defendants but not as to others would allow her to have the best of both worlds.  She could opt to remain in the class action as to defendants against whom her claims were weak, hoping for some recovery at little or no expense to herself, while opting out as to other defendants to pursue relatively stronger claims in the hopes of securing a more lucrative recovery than she would receive as a class member.  We are unwilling to exercise our discretion under Rule 23(c)(1) to endorse such a novel application of Rule 23.

*Del-Val*, 162 F.R.D. at 275-76.

*Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 518 n.18 (E.D.N.Y. 2003). *aff'd sub nom. Wal-Mart Stores, Inc. v. Visa U.S.A.*, 396 F.3d 96 (2d Cir. 2005), *cert. denied*, 544 U.S. 1044 (2005).

Accordingly, for these reasons the Court

ORDERS that Silvercreek Plaintiffs' motion for certification (#4625) is DENIED.

**SIGNED** at Houston, Texas, this 14th day of June, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE