```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause is Cross-Defendant Lou L. Pai's motion for partial dismissal (instrument #3555) of cross-claims brought against Pai, *inter alia*, by Cross-Claimants and Third-Party Plaintiffs JPMorgan Chase & Co., J.P. Morgan Securities, Inc., JPMorgan Chase Bank, N.A., Citigroup Inc., Citibank, N.A., Citigroup Global Markets Inc. (f/k/a Salomon Smith Barney, Inc.), Citigroup Global Markets Limited (f/k/a Salomon Brothers International Limited), Credit Suisse First Boston LLC (f/k/a Credit Suisse First Boston Corporation), Credit Suisse First Boston (USA), Inc., Pershing LLC

(f/k/a Donaldson, Lufkin & Jenrette Securities Corporation), Canadian Imperial Bank of Commerce, CIBC World Markets Corp. (f/k/a CIBC Oppenheimer Corp.), CIBC World Markets plc, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays PLC, Barclays Bank PLC, Barclays Capital, Inc., Lehman Brother Holdings Inc., and Lehman Brothers, Inc. (collectively, "Bank Defendants").

The Cross-Claims and Third-Party Complaint for Contribution and Indemnification (#3350), asserting rights to contribution under the federal securities law and Texas statutory and common law against a number of parties, was filed by the Bank Defendants on April 11, 2005.  The pleading identifies Pai as Chairman and Chief Executive of Enron Accelerator after serving as President and Director of EES from 1997-2000 and an Officer and/or Director of New Power Corporation; he also served on Enron's Management Committee from 1997-2000.  *Id.* at 9, ¶ 38; at 22-23, ¶ 67.

After Pai's motion was filed, pursuant to a Stipulation of Voluntary Dismissal of Cross-Claims for Contribution and Indemnification involving Pai *inter alia*, on June 22, 2005 the Court dismissed the cross-claims for contribution pursuant to § 12(a)(2) and § 15 of the Securities Act of 1933, 15 U.S.C. §§ 77l and 77o (Claim I of the Cross-Claim), and thereby mooted part of Pai's motion (#3555).  #3649.

Pai argues that of the two remaining claims of the Cross-Claims, Claim II is grounded in the Texas Securities Act.

Citing this Court's Memorandum and Order *Re* Remaining Enron Insider Defendants (#1348 at 9)("Pai is sued under [the Securities and Exchange Act of 1934], but not under the TSA"), Pai maintains that Plaintiffs in *Newby* have not brought any claims under the TSA against him.  A review by the Court of the First Amended Consolidated Complaint confirms this point.  Nor, Pai contends, do Cross-Claimants name Pai as a Third-Party Defendant in Claim III, which identifies only Timothy Despain, Ben F. Glisan, Jr., Kevin Howard, Michael J. Kopper, Michael Krautz, Rex Shelby, and Scot Yeager as Third-Party Defendants.

Bank Defendants object that Claim II asserts rights to contribution against Pai "pursuant to Chapters 32 and/or 33 of the Texas Practice & Remedies Code, the TSA, common law, and/or any other applicable law."  Cross-Claims ¶ 78.  Texas Civil Practice & Remedies Code Chapter 33[1], § 33.002(a), with a few exceptions not relevant here, applies "to any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought."  Section 33.015 allows a defendant the right to seek contribution from other liable defendants.  According to § 33.011(3), claims may be brought against "a defendant against whom a judgment can be entered for at least a portion of the damages awarded to the claimant."  "Claimant" is broadly defined to

---

[1] Since this action was filed on May 14, 2003 before the July 2003 amendments to Chapter 33 became effective, all citations and quotations refer to the provisions in effect when the action was commenced.

include "a plaintiff, counterclaimant, cross-claimant, or third-party plaintiff seeking recovery of damages." § 33.011(1).  A defendant is defined as "any party from whom a claimant seeks recovery of damages pursuant to the provisions of Section 33.001 at the time of submission of the case to the trier of fact." § 33.011(2).  The Bank Defendants insist that the fact that *Newby* Plaintiffs do not sue Pai under the TSA is irrelevant; Pai is named as a defendant in *Newby*, and the Plaintiffs seek to recover damages from him as well as from Bank Defendants for alleged violations of federal securities law based on his participation in the purported *Ponzi* scheme.  Bank Defendants insist that Chapter 33 does not condition the right of a party to seek contribution upon whether liability arose from a particular claim.  Thus they argue that Claim II states a claim for contribution against Pai.[2]

As for Claim III ("Responsible Third Party Claims") of the Cross-Claims (#3350), Bank Defendants explain that they did

---

[2] Alternatively, should the Court find Pai is not a "defendant" under § 33.015, Chapter 33 gives Bank Defendants the right to seek contribution from him as a "contribution defendant":

> Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission.  A party may assert this contribution right against any such person as a contribution defendant in the claimant's action.

§ 33.016(b).

not name Pai as a Third-Party Defendant for contribution in that Claim because he is already a defendant in the *Newby* action and thus subject to the rights to contribution asserted in Claim II. Bank Defendants represent that Claim III therefore does not pertain to Pai and thus the Court does not need to dismiss it. They further question if Pai even has standing to object to it.

Accordingly the only issue here for Pai's motion for partial dismissal is whether the Bank Defendants may seek contribution from Pai under Chapters 32 and/or 33 of the Texas Civil Practice and Remedies Code under Claim II of #3350 if Bank Defendants are found liable for the State Law Claim(s) against them.

In reply, Pai argues that because *Newby* plaintiffs' claims against Pai, i.e., Claims for Relief I and II in the First Amended Consolidated Complaint (#1388 at 627-30), grounded in §§ 10(b), 20(a), and 20A of the Securities Exchange Act of 1934,[3] are brought only under the 1934 Securities Exchange Act as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (1995), the contribution claims arising out of them are also governed by the PSLRA, specifically

---

[3] As to Claims for Relief III-VI of the *Newby* First Amended Consolidated Complaint, Pai insists that since the only facts alleged against Pai are those in the *Newby* complaint, the allegations do not state a claim against him under § 11 and 15, which Pai insists are grounded in fraud and therefore fail to meet the pleading standard of particularity under Rule 9(b).  Because Lead Plaintiff does not respond that it is suing Pai under §§ 11 and 15, this argument is moot.

15 U.S.C. § 78u-4(g)(7)(A),[4] not by Texas contribution statutes. Pai cites as authority *Lucas v. Hackett Associates, Inc.*, 18 F. Supp. 2d 531, 535 (E.D. Pa. 1998)(in a suit alleging § 10(b) claims and various state-law tort and contract claims, court held that claims for contribution arising out of the state-law claims are barred under the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), because they were "integrally related" to the settled federal securities claim).[5]

---

[4] Section 78u-4(g)(7)(A), provides

> A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action.  The order shall bar all future claims for contribution arising out of the action--(I) by any person against the settling covered person; and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

A "covered person" is "a defendant in any private action arising under this chapter."  15 U.S.C. § 78u-4(g)(10)(C)(I).

[5] In *Lucas v. Hackett Associates, Inc.*, the district court concluded that "[b]ecause federal securities laws are generally interpreted broadly, . . . the 'arising out of' language encompasses the state law claims brought against defendant . . . . Those claims arise out of the transactions underlying plaintiffs['] securities claims not only because they are causally linked-that is, but for the securities transactions there would be no claims against [Defendant]-but also because they are integrally related to the securities transactions . . . ." *Lucas*, 18 F. Supp. 2d at 534-35.  Thus the court concluded that the PSLRA's contribution provision, § 78u-4(g)(7)(A) applies.  *Id.*

No one has cited and the Court has been unable to find any cases directly on point. After considering the matter, the purpose of the PSLRA, and the development and modification of the law of contribution relating to partial settlements in complex cases through use of bar orders to encourage settlements, the Court concurs with Pai that Claim II for contribution under the Texas statutes should be dismissed as to him.

Under the equitable doctrine of contribution, recognized only recently,[6] "defendants may require other wrongdoers, including those not named by plaintiffs, to contribute proportionately to the damages assessed against them." *Nelson v. Bennett*, 662 F. Supp. 1324, 1328 (E.D. Cal. 1987). Courts early recognized an implied right to contribution from joint tortfeasors in § 10(b)/Rule 10b-5 lawsuits. *Huddleston v. Herman & MacLean*, 640 F.2d 534, 556 (5th Cir. 1981), *aff'd in part, rev'd in part on other grounds*, 459 U.S. 375 (1983); *Musick, Peeler & Garrett v. Employers Ins. of Wausau*, 508 U.S. 286 (1993). The policy purposes supporting application of the doctrine are fairness to the defendants by a more equitable "distribution of justice by spreading plaintiffs' losses proportionately among all wrongdoers" and deterrence of wrongdoing by all persons, not just those likely to be sued by the plaintiffs. Nelson, 662 F. Supp. at 1328;

---

[6] No right to contribution among intentional joint tortfeasors was recognized in early common law, and American courts followed a general rule of no contribution between negligent or intentional joint tortfeasors. *Huddleston v. Herman & MacLean*, 640 F.2d 534, 557(5th Cir. 1981), *aff'd in part, rev'd in part on other grounds*, 459 U.S. 375 (1983).

*Huddleston*, 640 F.2d at 556, 558 & n.44.[7]  Gradually it became apparent that in complex, multi-defendant cases, contribution had the effect of discouraging partial settlements where a settling defendant would still be subject to liability on cross-claims for contribution.  A number of states passed "settlement bar statutes" which would preclude non-settling defendants from bringing cross-claims against a settling defendant.  *Nelson*, 662 F. Supp. at 1329 and n.7 (listing various states' settlement bar statutes).

Moreover, with respect to the federal securities statutes, as described in Stuart M. Grant and Megan D. McIntyre, *The Devil is in the Details:  Application of the PSLRA's Proportionate Liability Provisions So Fraught with Uncertainty that They May be Void For Vagueness*, 1505 PLI/Corp 83, 85 (Sept. 2005),

> Until 1995, all defendants in private federal securities actions were subject to joint and several liability.  That is, each defendant found to have violated the federal securities laws could be required to pay the full amount of any judgment to the plaintiff, regardless of whether that defendant was the primary violator or merely one of many violators.  To the extend such a defendant believed that it had paid more than its fair share of the judgment, its recourse was to seek contribution from others.

---

[7] This Court notes that even as early as *Huddleston*, the Fifth Circuit held, "Because the Rule 10b-5 action is implied in a federal statute, the right to contribution under Rule 10b-5 is determined by federal law."  640 F.2d at 557 & n.40, *citing and quoting Alley v. Miramon*, 614 F.2d 1372, 1381 n.18 (5th Cir. 1980)("The principle is well settled that federal law, rather than state law, governs the construction of all aspects of Rule 10b-5 . . . .").

In 1995 the PSLRA, in adding section 21D(f)(2) to the Securities Exchange Act of 1934, Congress made a radical change in the law by severely restricting joint and several liability. As explained by Grant and McIntyre, 1505 PLI/Corp at 85,

> During the Congressional hearings and debate surrounding that legislation, there was considerable discussion about the perceived unfairness of joint and several liability, including the perception that plaintiffs were taking advantage of the threat of joint and several liability to coerce settlements out of the "deep pocket" defendants, who were willing to pay money to settle even very weak claims against them rather than risk a verdict in which they could be required to pay the judgment in its entirety. Through the PSLRA, Congress decided to eliminate joint and several liability in most federal securities actions, and to replace it with a proportionate liability regime.

Under the PSLRA, Defendants charged under § 10(b), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, may be jointly and severally liable only if they are expressly found by the trier of fact to have knowingly committed a violation of the statute. 15 U.S.C. § 78u-4(f)(2)(A). "Knowing commission" is defined as "an untrue statement of material fact, with actual knowledge that the representation is false" or an omission "to state a fact necessary in order to make the statement not misleading, with actual knowledge that, as a result of the omission, one of the material representations of the covered person is false." 15 U.S.C. § 78u-4(f)(10)(A). Otherwise, a defendant found guilty of a § 10(b) violation is only liable proportionately as determined by his percentage of fault, i.e., for "the percentage of responsibility of such person, measured as

a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff." 15 U.S.C. § 78u-4(f)(2)(B)(ii).[8]

The PSLRA expressly provides for rights of contribution for defendants found jointly and severally liable for knowing commission of a violation where they would be paying more than their fair share of the judgment, i.e., the percentage of their responsibility as compared to that of "each person against whom a claim for contribution is made." 15 U.S.C. § 78u-4(f)("A covered person who becomes jointly and severally liable for damages in any private action may recover contribution from any other person who, if joined in the original action, would have been liable for the same damages . . . .").

Section 20(a), under which Pai is also sued by *Newby* Plaintiffs, similarly provides for imposing joint and several liability on one who controls a violator of § 10(b), but with significant limitations:

> Every person who, directly or indirectly, controls any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly

---

[8] There is an exception where it is established that a liable defendant is insolvent and the judgment against him cannot be collected. Then all other persons determined to be liable will be jointly and severally liable to any person whose net worth is below $200,000 at the time of the purchase or sale of the securities at issue and who lost more that 10% of that net worth as a result of the securities law violation. 15 U.S.C. § 78u-4(g)(4).

>     induce the act or acts constituting the
>     violation or cause of action.

15 U.S.C. § 78t(a).[9]

Moreover, as noted, under the PSLRA, where there is a partial settlement before trial, the court is authorized to enter a bar order barring all future claims for contribution "arising out of the action" by any person against a settling defendant, as well as any future claims for contribution by that settling defendant against any of the other defendants.  15 U.S.C. § 78u-4(g)(7)(A).  There is also a judgment reduction provision for nonsettling defendants where a covered person enters into a partial settlement:  any verdict or judgment against a nonsettling defendant must be reduced by the greater of "(I) any amount that corresponds to the percentage of responsibility of that covered person' or (ii) any amount paid to the plaintiff by that covered person."  15 U.S.C. § 78u-4(f)(7)(B).

Thus allowing co-defendants a potential right of contribution under the far more generous Chapter 33 of the Texas Civil Practice & Remedies Code against Pai, who is charged only with federal securities law violations § 10(b), 20(a), and 20A of the Exchange Act, would conflict with federal law, undermine the

---

[9] Section 15 of the Securities Act of 1933 also provides for joint and several liability for one who controls a violator of Sections 11 or 12 "unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of controlled person is alleged to exist."  15 U.S.C. § 77o.

purpose of the PSLRA's expressly restricted contribution provisions, and circumvent the statutes.[10]

Accordingly, the Court

ORDERS that Pai's motion for partial dismissal (#3555) of Claim II of Cross-Claims and Third-Party Complaint for Contribution and Indemnification (#3350) is GRANTED.  The motion for partial dismissal of Claim III is MOOT.

**SIGNED** at Houston, Texas, this 16th day of June, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[10] It is notable and relevant here that Texas never enacted a settlement bar statute. *McAllen Medical Center, Inc. v. Cortez, Jr.*, 17 S.W.3d 305, 309 (Tex. App.–Corpus Christi 2000), *rev'd on other grounds*, 66 S.W.3d 227 (Tex. 2001). Thus permitting possible contribution cross-claims against Pai under Chapter 33 is even more contrary to the legislative purpose behind the PSLRA's modifications.