IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION, | § § § | MDL 1446 |
| MARK NEWBY, ET AL., Plaintiffs VS. ENRON CORPORATION, ET AL., Defendants | § § § § § § § § § | CIVIL ACTION NO. H-01-3624 AND CONSOLIDATED CASES |
| JOE H. WALKER, ET AL., Plaintiffs, VS. ARTHUR ANDERSEN, L.L.P., ET AL. Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-03-2345 |

**OPINION AND ORDER**

Pending before the Court in member case number H-03-2345 are (1) Walker Plaintiffs' motion for default judgment and remand[1] (#83 in H-03-2345), pursuant to Federal Rule of Civil Procedure 55, and the Court's orders of July 11, 2003 (#1561) and July 11, 2006 (#4848), 28 U.S.C. § 1407(a), and Rule 7.6(c) and (d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and (2) Walker Plaintiffs' motion for leave to submit supplemental authority in support of their motion for default (#5064 in H-01-3624; #118 in H-03-2345); and (3) Defendant Jeffrey

---

[1] *Walker et al. v. Arthur Andersen LLP et al.*, filed on November 6, 2002, was removed from the Circuit Court for Davidson County, Tennessee of the United States District Court for the Middle District of Tennessee.

Skilling's motion for order *nunc pro tunc* staying obligation to respond to complaints during the pendency of criminal proceedings (#4944 in H-01-3624).

Since the filing of the motion for default judgment and remand, the motion has been withdrawn as to Defendants Richard A. Causey, Lawrence G. Whalley, Richard B. Buy, Mark E. Koenig, and Jeffrey McMahon, but remains pending as to Defendants Jeffrey K. Skilling, Andrew S. Fastow, and Kevin Hannon.[2]  Plaintiffs state, and Defendants do not contest, that each of the defaulting Defendants has appeared or been properly served.  (#11 and 12; Affidavit of Joshua R. Walker (#84) at ¶¶ 2-4).

In compliance with #1561 and 4848, Plaintiffs filed their notice to opt out of the certified *Newby* class on July 11, 2006 (#4851), which was served via the ESL3624.com website on the same date.  Defendants had thirty days from that date, until August 10, 2006, to file a responsive pleading.  The additional three days allowed by Federal Rule of Civil Procedure 6(e) after electronic service expired on August 14, 2006.  Skilling, Fastow, and Hannon have failed to file responsive pleadings.

In response, Skilling states that the plaintiffs in over two dozen suits in MDL 1446 have filed opt-out notices.  In addition to the burdens of responding in these, Skilling has been involved in the extensive and demanding criminal proceedings

---

[2] The motion never included Defendants Arthur Andersen, LLP, Kenneth L. Lay, James V. Derrick, Jr., Mark A. Frevert, Stanley C. Horton, Steven J. Kean, Lou Pai, Kenneth D. Rice, Michael S. McConnell, and Cindy K. Olson.

against him, including the freezing of virtually all his assets, which makes highly unlikely his ability to satisfy any civil judgment against him.  On August 16, 2006, Skilling filed a motion for order *nunc pro tunc* staying obligation to respond to complaints during the pendency of criminal proceedings (#4944), discussed below.  He complains that the Walker Plaintiffs filed the instant default motion without attempting to contact him to determine if he intended to respond to the complaint.  He argues that because default judgments are "generally disfavored in the law," they "should not be granted on the claim, without more, that the defendant failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)(quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).  *See also Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 297-98 (S.D. Tex. 1967)("The entry of a default judgment pursuant to Rule 55(b), Fed. R. Civ. P. is not a matter of right but is in the sound discretion of the court. . . . If a plaintiff has not been substantially prejudiced by the delay, a defaulting party who has appeared before the court should be afforded the opportunity to answer the complaint.").  The Fifth Circuit has pointed to six factors for a district court to consider in deciding whether to grant a default judgment pursuant to Rule 55(b): (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are

clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Skilling insists there is no basis to find that he acted in bad faith, Plaintiffs have failed to identify any prejudice, a default judgment against him would be harsh in view of his having to defend himself in the massive civil litigation and criminal case against him based on a single missed deadline, and Plaintiffs have failed to follow the proper procedure for seeking a default judgment (apply for, or await, entry of default, provide a basis for the Court to determine damages, before a default judgment issues).

In reply, the Walker Plaintiffs insist that Skilling had substantial warning that his responsive pleading would be due. Rather than reiterate the long history they present, the Court refers the parties to that response (#93). Plaintiffs argue that Skilling has had notice of the suit since at least January 2, 2003, has used the pleading stay entered on July 11, 2003 when it worked to his advantage, but has ignored the schedule established by the Court for over three years when it did not work to his advantage. Now he seeks a further indefinite delay through the appeal of his criminal conviction on nineteen counts, which are similar to the allegations of misconduct in the civil litigation to which Skilling has not presented a meritorious defense. They further point out that most of the other Defendants in this action contacted Plaintiffs' counsel to address the deadline for

- 4 -

responsive pleadings or filing a joint motion with the Walker Plaintiffs to withdraw the default and that the Walker Plaintiffs entered into various agreements extending time for these Defendants to file responsive pleadings.  Arthur Andersen LLP filed a timely motion to dismiss.  Skilling's counsel did not communicate with Plaintiffs'.  They argue that Skilling's default was therefore willful. *See Dierschke v. O'Cheskey*, 975 F.2d 181, 184-85 (5th Cir 1992)(upholding an entry of default based on a willful failure to answer where defendant had notice of suit).  Finally, Walker Plaintiffs state that they understand that a hearing as to damages must be held and have accordingly requested remand to state court for further proceedings to determine a sum certain.$^{3}$  They assert they suffered substantial economic loss in 2001, for which the suit seeks redress, and that further delay beyond the four years will prejudice them even more.

Hannon opposes the motion for default judgment and remand based on the stay entered by the Court (#1468 in *Newby*), relating to his obligation to answer any of the complaints in MDL 1446, until all criminal proceedings (H-03-CR-93) against him have been completed.  #101 in H-03-2345.  Hannon pled guilty on September 7, 2004 and is set for sentencing on December 4, 2006 before the Honorable Vanessa Gilmore.  Defendant Fastow makes the same argument (#2345) based on criminal proceedings against him

---

$^{3}$ Walker Plaintiffs maintain that since such a hearing would not involve pretrial proceedings, there is no need for this portion of the case to remain consolidated pursuant to 28 U.S.C. § 1407.

(H-02-CR-665), although he has now been convicted and sentenced. He, too, argues that default should not be granted on a mere failure to meet a procedural time requirement and that the Walker Plaintiffs have not been substantially prejudiced by his delay in filing a responsive pleading.

Walker Plaintiffs reply to Hannon and Fastow that they were not aware of the orders staying the cases as to them because this action had not been transferred to this Court at the time they were issued. If they are still valid, then Hannon and Fastow are not in default; if the Court's July 11, 2006 amended scheduling order governs, they are in default. Regardless, Fastow has been sentenced.

Skilling's motion for order *nunc pro tunc* asks the Court to stay his obligation to respond to complaints filed in any and all of the lead, consolidated, coordinated or related cases until the conclusion of the criminal proceedings against him. The Court has already determined in the *Tittle* litigation (#1255 in H-01-3913) that Skilling is entitled to assert his Fifth Amendment rights, but that the equities balance in favor of permitting civil litigation that parallels his criminal proceedings to go forward after his sentencing. The Court hereby incorporates that order and its reasoning here.

After considering the *Walker* Defendants' arguments, the Court agrees with Skilling, Fastow, and Hannon that entry of default is not appropriate here for the reasons they state. The stays previously granted to them are valid until their

sentencings. The Court finds the ruling in #1255 in H-01-3913 should also apply to Fastow and Hannon. Accordingly, the Court

ORDERS that Walker Plaintiffs' motion for default judgment and remand (#83 in H-03-2345) and Defendant Jeffrey Skilling's motion for order *nunc pro tunc* (#4944 in H-01-3624) are DENIED. Walker Plaintiffs' motion for leave to submit supplemental authority in support of their motion for default (#5064 in H-01-3624; #118 in H-03-2345) is MOOT. The Court further

ORDERS that Skilling and Hannon shall file responsive pleadings in H-01-3913 within thirty days of their sentencings. Because Fastow is set for an extensive deposition in *Newby* this month, the Court

ORDERS that he shall file a responsive pleading by December 1, 2006. Should this schedule prove too demanding, if the parties cannot come to an agreement, the Court will entertain motions for a short continuance where Defendants can show good cause for further extension of the deadline.

**SIGNED** at Houston, Texas, this 4th day of October, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE