IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § | MDL-1446 |
| | § | |
| MARK NEWBY, ET AL., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-01-3624 |
| | § | CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § | |
| | § | |
| Defendants | § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | |
| | § | |
| KENNETH L. LAY, et al., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause
are the following motions: (1) Lead Plaintiff's Emergency Motion
for Clarification of the Court's Dismissal of Defendant Andrew
Fastow in Light of Certain Defendants' Allocation of Fault
(#5189); (2) Lead Plaintiff's Motion for Voluntary Dismissal of
Vinson & Elkins (#5253), conditioned upon a finding by the Court
that the dismissal is not a "settlement" within the meaning of the
Private Securities Litigation Reform Act ("PSLRA"); (3) Lead
Plaintiff's Motion for Voluntary Dismissal of Lou Pai (#5260),
also conditioned upon a finding by the Court that the dismissal
is not a "settlement"; (4) Lead Plaintiff's Motion for Voluntary
Dismissal of Kenneth Lay, The Estate of Kenneth Lay, Kenneth Rice,

Joseph Hirko, Kevin Hannon, and Lawrence Greg Whalley (#5316), under the same condition; (5) Financial Institution Defendants' Motion for Consolidated Briefing and a Single Hearing on January 19, 2007 (#5274); and (6) Lead Plaintiff's motion for expedited consideration of #5253 (#5264), joined by Vinson & Elkins (#5268). Lead Plaintiff maintains these are voluntary dismissals without prejudice under Federal Rule of Civil Procedure 41(a), while Defendants argue that they are "settlements" under the PSLRA that trigger the judgment reduction provision and require entry of a bar order.

A hearing was held on January 19th, 2007, expressly to address the Motion for Voluntary Dismissal of Vinson & Elkins, but the substantive issues argued are dispositive of all the motions.

Among its major changes, for claims under § 10(b) of the Securities Exchange Act and Rule 10b-5, the PSLRA replaced the common law's scheme of joint and several liability and contribution rights with proportionate share liability where a defendant lacks "actual knowledge" of fraud: if the defendant did not know of the fraud, he could be liable only for the amount of damages due to his "percentage of responsibility" for the plaintiff's injury. 15 U.S.C. § 78u-4(f)(2)(A), § 78u-4(f)(10)(A-B), § 78u-4(f)(2)(B).

The PSLRA provides that any defendant "who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons." 15 U.S.C. § 78u-4(f)(7)(A). It requires the court to enter a "bar order" to protect settling defendant from

contribution claims and to preclude that defendant from seeking contribution from third parties. *Id.* As an offset to protect non-settling defendants, the PSLRA mandates the reduction of any subsequently obtained verdicts or judgments against them "by the greater of (i) an amount that corresponds to the percentage of responsibility of that covered person [as determined by the factfinder][1]; or (ii) the amount paid to the plaintiff by that covered person." 15 U.S.C. § 78u-4(f)(7)(B). *See generally* #4836 at 8-16[2]; Thomas Lee Hazen, 3 Law Sec. Reg. § 12.26 (5th ed. 2007 Supp.) Those defendants found to have engaged in "knowing" violations of the securities laws are subject to joint and several liability.

Financial Defendants define "settlement as "'a negotiated agreement ending a dispute" and as "a bilateral exchange." #5236, *citing Hage v. General Serv.* Bureau, 306 F. Supp. 2d 883, 889 (D. Neb. 2003)(citing *Black's Law Dictionary* 1377 (7th ed. 1999)), and In *re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1135 (7th Cir. 1979). Lead Plaintiff notes that *In re General Motors* further states, "A settlement by its very nature is an agreement where both sides gain as well as lose something." *Id.* Lead Plaintiff further emphasizes the plain, clear language of the statute, referencing "settlement," not "dismissal," and insists the judgment reduction provision does not apply here.

---

[1] *See* 15 U.S.C. § 78u-4(g)(3)(A) and (B).

[2] Also available as *In re Enron Corp. Sec., Derivative & "ERISA" Litig. v. Enron Corp.*, 236 F.R.D. 313, 317-20 (S.D. Tex. 2006).

Putting aside the dismissal of Fastow for the moment, the Court notes that no evidence of any exchange of consideration was offered regarding any of the other Defendants that Lead Plaintiff seeks to dismiss that would support characterizing any of these voluntary dismissals as "settlements."  Indeed the only evidence in the record, the Declaration of Harry M. Reasoner attached as Ex. A to #5258, demonstrates there was no settlement with Vinson & Elkins.

Moreover, no authority has been cited that precludes Lead Plaintiff from making practical and strategical decisions to request permission from the Court to voluntarily dismiss Defendants that Lead Plaintiff finds uneconomical or inefficient to pursue.

Because the Court has certified a class in *Newby*, the next threshold issue is the interaction of Federal Rule of Civil Procedure 41(a) and Rule 23(e).

Rule 41(a) provides,

> **(1)  By Plaintiff; by Stipulation.**  Subject to the provisions of Rule 23(e), of Rule 66,[3] and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court

---

[3] Rule 66 requires order of the court to dismiss an action when a receiver has been appointed.

of the United States or of any state an
action based on or including the same claim.
**(2) By Order of Court.** Except as provided in
paragraph (1) of this subdivision of this
rule, an action shall not be dismissed at the
plaintiff's instance save upon order of the
court and upon such terms and conditions as
the court deems proper. If a counterclaim
has been pleaded by a defendant prior to the
service upon the defendant of the plaintiff's
motion to dismiss, the action shall not be
dismissed against the defendant's objection
unless the counterclaim can remain pending
for independent adjudication by the court.
Unless otherwise specified in the order, a
dismissal under this paragraph is without
prejudice.

Here motions for summary judgments had been filed by Vinson &
Elkins (#4590) and Lou Pai (#4819) before Lead Plaintiff filed its
motions for voluntary dismissal of these Defendants.

After considering the matter, the Court agrees with the
construction of Rule 23(e) put forth at the hearing by John Villa,
representing Vinson & Elkins. *See also* #5284 at 2. Mr. Villa
focused on the words "bound" and "bind" in Subdivisions (e)(B) and
(e)(C) and concluded that notice to the absent class members and
a hearing are required for a motion for court approval of a
voluntary dismissal under Rule 41(a) only when the class is
"bound" by the dismissal, i.e., that it is precluded from
asserting its claims against Vinson & Elkins, and by logical
extension, claims against the other defendants which Lead
Plaintiff moves to dismiss. The Advisory Committee Notes explain
that Subdivision (e)(1)(B) "carries forward the notice requirement
of present Rule 23(e) when the settlement binds the class through
claim or issue preclusion . . . ." *See also American Heritage
Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 9 (5th Cir.

1974)("the voluntary dismissal without prejudice has no res judicata or collateral estoppel effect"); *Estate of Dolby v. Butler & Hosch, P.A.*, No. 8:03-cv-2246, 2006 WL 2474062, *6 (M.D. Fla. Aug. 25, 2006)(the class notice requirement of Rule 23(e)(1)(B) does not apply when class claims are dismissed without prejudice because the class is "not bound by proposed resolution.").[4]   Here, given the dismissals without prejudice, there is no resolution of any of the claims on the merits that would bind the class members.   Moreover Lead Plaintiff has stated

---

[4] *See also Robb v. Stericycle, Inc.*, No. Civ. A. 05-1370, 2005 WL 2304475, *8 (W.D. La. Aug. 19, 2005), explaining that under Rule 23(e) as amended in 2003, *inter alia*

> Notice is required to be given in a reasonable manner to all class members "who would be bound by a proposed settlement, voluntary dismissal or compromise." Fed. R. Civ. P. 239e)(1)(B). . . . . The notice provision is aimed at protecting the interests of nonparty class members from unfair or collusive settlements and to discourage the assertion of a class action to secure an unjust private settlement for the named plaintiffs who then dismiss the putative class claims.   Many courts reasoned, when applying the old rule, that if the rights of the nonparty class members could not possibly be prejudiced by dismissal, notice of the proposed dismissal was unnecessary.   That was often found to be the case when the proposed dismissal was without prejudice, there was no sign of a collusive settlement, and there was no danger that the statute of limitations would expire before new or separate actions could be brought. . . .   Those concepts appear to be reflected in the current version of the rule, which requires notice only for those class members who "would be bound" by the settlement, voluntary dismissal, or compromise.   The Advisory Committee Notes state: Subdivision (e)(1)(B) carries forward the notice requirement of present Rule 23(e) *when the settlement binds the class through claim or* **issue preclusion.**" (emphasis added).

on the record that it will send out notice to the class informing all of the dismissals and their right to timely pursue their claims individually.

In the Fifth Circuit, the general rule is that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002),[5] *citing Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). "The primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Id.* If the court concludes that granting the motion unconditionally will cause plain legal prejudice, it can either deny the motion or it can craft conditions that will cure the prejudice. *Elbaor*, 279 F.3d at 317-18. While a court has the discretion to deny a voluntary dismissal where the plaintiff does not seek one until a late stage of the litigation and where defendants have spent significant time and effort, including, e.g., filing a motion for summary judgment, *id.* at 317, n.3, here the Vinson & Elkins has joined in the request for the voluntary dismissal and has not requested an award of fees or expenses. Nor is it a bar to a Rule 41(a)(2) dismissal that the plaintiff may obtain a tactical advantage. *Manshack,* 915 F.2d at 174. Lead Plaintiff asserts that, as a tactical

---

[5] The mere fact that additional costs will be incurred in relitigating the issues in another forum is generally insufficient to warrant a finding of "plain legal prejudice." 279 F.3d at 317 n.3.

advantage, it wants to have at trial a streamlined case with the remaining Financial Institutions, which it has always claimed were the key players in  structuring the alleged scheme.

Nor are class members in *Newby* prejudiced by expired statutes of limitations or loss of defenses.  Following a dismissal without prejudice of any of these Defendants under Rule 41(a), class members in *Newby* will be free to pursue their claims against them in separate suits.   In *American Pipe & Construction Co. V. Utah*, 414 U.S. 538 (1974)("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action"), the Supreme Court held that the filing of a class action under Federal Rule of Civil Procedure 23 tolls statute of limitations, from the time the class action is filed to the time class certification is denied, as to all purported class members who waited to file suit, not just those who earlier filed motions to intervene.[6]  It explained,

> A contrary rule allowing participation only to those potential members of the class who had earlier filed motions to intervene in the suit would deprive Rule 23 class actions of the efficiency and economy of litigation which is the principal purpose of the procedure.  Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable.

*Id*. at 553.

---

[6] In *American Pipe*, the court tolled the statute of limitations specifically for persons who moved to intervene after class certification had been denied.

The *American Pipe* tolling doctrine was extended by *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350-52 (1983), beyond all members of the putative class and intervenors to include those timely seeking to bring individual actions after class certification is denied and to those who choose to opt out of the class, once certified, to file individual claims.[7]  *In accord Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 390 (5th Cir. 1989), *cert. denied*, 493 U.S. 821 (1989).[8]  Thus the class members' claims against these Defendants are not time-barred.

The Court recognizes that while the class members are not legally bound, i.e., precluded from pursuing the claims dismissed by Lead Plaintiff in these motions, as a practical matter they may well be.  Clearly a class action serves to help and protect those who could not afford to bring suit on their own.  The Court further recognizes that many class members and the public at large may be angered by the dismissal of Vinson & Elkins and the Enron directors without a trial to determine whether they are liable for defrauding shareholders, especially in the wake of the numerous allegations made against them by Lead Plaintiff for years.  Defendants have argued that by dismissing those most directly responsible for Enron's business and instead pursuing

---

[7] If the class is certified, the plaintiffs are members; if class certification is denied, the putative class members may choose to file their own suits or to intervene as named plaintiffs in the pending action.  *Crown*, 462 U.S. at 354 (the *American Pipe* doctrine applies to all potential class members, not just intervenors or named plaintiffs).

[8] The *Newby* class was certified on July 5, 2006.  H-01-3624, #4836

secondary-actor banks, Lead Plaintiff is "taking the Enron out of Enron."

Nevertheless, the Court recognizes the right of Lead Plaintiff to control its suit, to streamline it for trial, and to pursue the "deepest pockets" without expending further time and money on Defendants from which it does not expect to be able to collect substantial funds,[9] as long as it does not violate Rule 23(e). Lead Plaintiff represents that its decision to dismiss the law firm and the Enron individual Defendants is based on their relative financial status, not on the merits of the claims against them. In Lead Plaintiff's effort to maximize recovery for the class and avoid unnecessary expenses for relatively minimal gain, while preserving the class members' right to sue independently, there is no evidence of any conflict of interest between Lead Plaintiff and the class. Thus the Court concludes that there is no "settlement" to trigger the judgment reduction provision and no law applicable to the circumstances here to prevent the voluntary dismissal of Vinson & Elkins, Lou Pai, Kenneth Lay, The Estate of Kenneth Lay, Kenneth Rice, Joseph Hirko, Kevin Hannon and Lawrence Greg Whalley.

The Court granted Lead Plaintiff's motion for a voluntary dismissal of Andrew Fastow on October 31, 2006 (#5151). At that time no Defendant raised the issue of whether there was a "settlement" rather than a "voluntary dismissal," and no party

---

[9] Mr. Villa has argued, and Lead Plaintiff appears to agree, that Vinson & Elkins' resources pale in comparison with those of the Financial Institutions, that Vinson & Elkins would be unable to pay a sizeable judgment, and that further pursuit of the law firm would be expensive and risky.

filed a motion for reconsideration of the Court's order of dismissal.  Only Lead Plaintiff's motion for clarification, filed November 15, 2006, informed the Court that certain Defendants were now insisting it was a "settlement" triggering the judgment reduction provision of the PSLRA, that in a "quid pro quo" agreement Fastow gave his deposition testimony and cooperation in exchange for the dismissal.  In reaction, Lead Plaintiff insists it was a voluntary dismissal without prejudice under Rule 41(a)(2) and highlights the fact that no bar order was entered, as the statute requires for partial settlements.  Lead Plaintiff argues that the whole purpose of the judgment reduction provision was to protect non-settling defendants from unfair bar orders benefitting settling defendants.  The Regents contend that not only did Defendants not object to the voluntary dismissal of Fastow, but they did not insist on the Court's entering a bar order.  Moreover Defendants did object to the original motion and proposed order dismissing Fastow from "this action" only on the grounds that the Financial Institutions still had pending cross claims for contribution and indemnification against Fastow.  #5106.  Lead Plaintiff then submitted a revised proposed order (#5102) clarifying that only claims brought by Lead Plaintiff and the class against Fastow were being dismissed.  #5102.  The Court ultimately signed that revised order.  #5151.  Lead Plaintiff insists Defendants have waived any right to argue now that the voluntary dismissal of Fastow was a settlement and urges the Court that Defendants should be judicially estopped from doing so. Moreover, Lead Plaintiff explained, as a practical matter, that

it is dismissing Fastow because in essence he is judgment-proof. It insists Congress never intended to force plaintiffs to prosecute claims against judgment-proof defendants.

The Court agrees with Lead Plaintiff that Defendants failed to object at the appropriate time and should not now be allowed to reverse what was termed a voluntary dismissal, supported by a compelling practical purpose. Again, class members and Defendants are not bound by that dismissal or precluded from asserting claims against Fastow, should they determine that the effort would be worth their while.

Accordingly, for all these reasons, the Court ORDERS the following:

(1) Lead Plaintiff's Emergency Motion for Clarification of the Court's Dismissal of Defendant Andrew Fastow in Light of Certain Defendants' Allocation of Fault (#5189) is GRANTED and that clarification is contained in this opinion and order;

(2) Lead Plaintiff's Motion for Voluntary Dismissal of Vinson & Elkins (#5253), conditioned upon a finding by the Court that the dismissal is not a "settlement" within the meaning of the Private Securities Litigation Reform Act ("PSLRA"), is GRANTED;

(3) Lead Plaintiff's Motion for Voluntary Dismissal of Lou Pai (#5260), also conditioned upon a finding by the Court that

the dismissal is not a "settlement," is GRANTED;

(4) Lead Plaintiff's Motion for Voluntary Dismissal of Kenneth Lay, The Estate of Kenneth Lay, Kenneth Rice, Joseph Hirko, Kevin Hannon and Lawrence Greg Whalley (#5316), under the same condition, is GRANTED; and

(5) Financial Institution Defendants' Motion for Consolidated Briefing and a Single Hearing on January 19, 2007 (#5274) and Lead Plaintiff's motion for expedited consideration of #5253 (#5264) ARE MOOT.

**SIGNED** at Houston, Texas, this 24th day of January, 2007.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE