UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § | Civil Action No. H-01-3624 **(Consolidated)** |
| This Document Relates To: | § § | CLASS ACTION |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, vs. | § § § | |
| ENRON CORP., et al., | § § § | |
| Defendants. | § § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, vs. | § § § § | |
| KENNETH L. LAY, et al., | § § § | |
| Defendants. | § § § § | |

[Caption continued on following page.]

**MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF
SETTLEMENT WITH KIRKLAND & ELLIS LLP**

WASHINGTON STATE INVESTMENT          §
BOARD, et al., On Behalf of Themselves and   §
All Others Similarly Situated,               §
                                             §
                        Plaintiffs,          §
        vs.                                  §
                                             §
KENNETH L. LAY, et al.,                      §
                                             §
                        Defendants.          §
                                             §
                                             §

## I.    MOTION AND INTRODUCTION

Lead Plaintiff, The Regents of the University of California ("The Regents"), moves for final approval of the settlement with Kirkland & Ellis LLP ("K&E") for $13.5 million. The settlement is a very good result for the class under the circumstances present here, the most salient of which is that the claims asserted against K&E by The Regents were dismissed by the Court in December 2002. There has been but one objection to the settlement and, as discussed briefly below, it is without merit. The settlement should be approved by the Court.

## II.    ARGUMENT

The Regent's Motion for Preliminary Approval of Proposed Partial Settlement with Kirkland & Ellis LLP and Memorandum in Support Thereof, filed on November 2, 2006 (Docket No. 5154) ("Preliminary Approval Memorandum"), discussed the background of the claims asserted against K&E, the dismissal of those claims and the subsequent negotiations that led to the settlement now before the Court for final approval. The Preliminary Approval Memorandum also discussed the legal standards for final approval of a class settlement and demonstrated that the K&E settlement fully satisfies that criteria. For the sake of brevity, that discussion is not repeated here, but a copy of the Preliminary Approval Memorandum is attached as Exhibit A hereto for the Court's convenience. Notice of the terms of the proposed settlement and the procedure for objecting to it has been sent to over 1,500,000 class members. Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Pendency and Partial Settlement of Class Action and B) Publication of the Summary Notice with Respect to Settlement with Kirkland & Ellis LLP ("K&E"), ¶7. An important element of the standards for final approval of a class settlement is the opinions of absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). In response to the notice, there has been but one objection to the settlement. It is without merit. The class period for the K&E settlement ends on November 27, 2001, just days prior to Enron's bankruptcy filing. Mr. Stanley Majors, who

purchased his Enron stock (for $0.09 per share) in March 2002, complains because he is not included in the class which will benefit from this settlement. First, as a non-class member, Mr. Majors has no standing to object to the settlement. Second, the timing (and price) of his Enron stock purchases presents serious obstacles to any claim that he was defrauded, coming as it did after the revelations of wrongdoing at Enron and its collapse into bankruptcy. This "objection" is, in fact, an endorsement of the spectacular results (including this settlement) obtained thus far by The Regents. The objection should be overruled and the K&E settlement should be approved.

DATED: February 16, 2007                    Respectfully submitted,

                                            LERACH COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            WILLIAM S. LERACH
                                            DARREN J. ROBBINS
                                            HELEN J. HODGES
                                            BYRON S. GEORGIOU
                                            SPENCER A. BURKHOLZ
                                            JAMES I. JACONETTE
                                            MICHELLE M. CICCARELLI
                                            ANNE L. BOX
                                            JAMES R. HAIL
                                            JOHN A. LOWTHER
                                            ALEXANDRA S. BERNAY
                                            ROBERT R. HENSSLER, JR.


                                            /s/Roger B. Greenberg * signed by permission
                                            KEITH F. PARK

                                            655 West Broadway, Suite 1900
                                            San Diego, CA 92101
                                            Telephone: 619/231-1058

                                            LERACH COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            PATRICK J. COUGHLIN
                                            100 Pine Street, Suite 2600
                                            San Francisco, CA 94111
                                            Telephone: 415/288-4545
                                            415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
REGINA M. AMES
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
G. PAUL HOWES
JERRILYN HARDAWAY
Texas Bar No. 00788770
Federal I.D. No. 30964
1111 Bagby, Suite 4850
Houston, TX 77002
Telephone: 713/571-0911

**Lead Counsel for Plaintiffs**

SCHWARTZ, JUNELL, GREENBERG
   & OATHOUT, LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932


_____/s/Roger B. Greenberg_____
        ROGER B. GREENBERG

Two Houston Center
909 Fannin, Suite 2700
Houston, TX 77010
Telephone: 713/752-0017

HOEFFNER & BILEK, LLP
THOMAS E. BILEK
Federal Bar No. 9338
State Bar No. 02313525
1000 Louisiana Street, Suite 1302
Houston, TX 77002
Telephone: 713/227-7720

**Attorneys in Charge**

- 3 -

WOLF POPPER LLP
ROBERT C. FINKEL
845 Third Avenue
New York, NY 10022
Telephone: 212/759-4600

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO
MATTHEW L. TUCCILLO
53 State Street
Boston, MA 02109
Telephone: 617/439-3939

**Attorneys for Nathaniel Pulsifer**

SCOTT + SCOTT, LLC
DAVID R. SCOTT
108 Norwich Avenue
Colchester, CT 06415
Telephone: 860/537-3818

**Attorneys for the Archdiocese of Milwaukee Supporting Fund, Inc.**

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
MICHAEL G. LENETT
507 C Street, N.E.
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)

**Washington Counsel**

CICCARELLO DEL GIUDICE & LAFON
MICHAEL J. DEL GIUDICE
1219 Virginia Street, East, Suite 100
Charleston, WV 25301
Telephone: 304/343-4440
304/343-4464 (fax)

**Additional Counsel for Plaintiffs**

S:\Settlement\Enron.Set\K&E Settlement\BRF FINAL APPROVAL 00035430.doc

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § | Civil Action No. H-01-3624 **(Consolidated)** |
| This Document Relates To: | § § | CLASS ACTION |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants. | § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § § § § | |

[Caption continued on following page.]


**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED PARTIAL
SETTLEMENT WITH KIRKLAND & ELLIS LLP AND MEMORANDUM IN
SUPPORT THEREOF**

WASHINGTON STATE INVESTMENT §
BOARD, et al., On Behalf of Themselves and §
All Others Similarly Situated, §
§
§
                              Plaintiffs, §
        vs. §
§
KENNETH L. LAY, et al., §
§
§
                              Defendants. §
§
§

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND OF THIS LITIGATION......................................3

III.  THE SETTLEMENT............................................................................................4

IV.   ARGUMENT........................................................................................................4

      A.    The Proposed Settlement Is Within an Appropriate Range for Preliminary
            Approval ....................................................................................................4

      B.    Consideration of Final Approval Criteria Supports Preliminary Approval.............5

      C.    The Fifth Circuit's Six-Pronged Test of Fairness....................................7

            1.    There Is No Fraud or Collusion Behind the Settlement ..............................8

            2.    The Stage of the Proceedings and the Amount of Discovery
                  Completed.............................................................................................8

            3.    The Probability of Success on the Merits....................................9

            4.    The Range of Possible Recovery ..................................................9

            5.    The Complexity, Expense and Likely Duration of This Litigation...........10

            6.    The Opinion of Lead Counsel ...................................................11

      D.    Certification of the Settlement Class Under Federal Rule of Civil
            Procedure 23 Is Appropriate...................................................................12

            1.    The Class Is Sufficiently Numerous...........................................13

            2.    Common Questions of Law or Fact Exist ..................................13

            3.    Named Plaintiffs' Claims Are Typical of Those of the Class ..................14

            4.    Named Plaintiffs Are More Than Adequate Representatives of the
                  Class...................................................................................................15

            5.    The Requirements of Rule 23(b)(3) Are Also Satisfied ...........................15

                  a.    Common Legal and Factual Questions Predominate in This
                        Action ...............................................................................15

                  b.    A Class Action Is the Superior Means to Adjudicate
                        Plaintiffs' Claims............................................................16

| | | Page |
|---|---|---|
| | E. Submission of the Settlement to the Class Is Appropriate | 16 |
| V. | CONCLUSION | 17 |

## TABLE OF AUTHORITIES

Page

*Ahearn v. Fibreboard Corp.,*
162 F.R.D. 505 (E.D. Tex. 1995) ..................................................................... 12

*Amchem Prods. v. Windsor,*
521 U.S. 591 (1997) ............................................................................... 15, 16

*Backman v. Polaroid Corp.,*
910 F.2d 10 (1st Cir. 1990) ............................................................................ 11

*Berkey Photo, Inc. v. Eastman Kodak Co.,*
603 F.2d 263 (2d Cir. 1979) ........................................................................... 11

*Clark v. Lomas & Nettleton Fin. Corp.,*
79 F.R.D. 641 (N.D. Tex. 1978), *vacated on other grounds,*
625 F.2d 49 (5th Cir. 1980) ............................................................................ 11

*Cotton v. Hinton,*
559 F.2d 1326 (5th Cir. 1977) .................................................................. 4, 5, 6, 9

*Detroit v. Grinnell Corp.,*
495 F.2d 448 (2d Cir. 1974) ............................................................................. 9

*Durrett v. John Deere Co.,*
150 F.R.D. 555 (N.D. Tex. 1993) ...................................................................... 14

*Eichenholtz v. Brennan,*
52 F.3d 478 (3d Cir. 1995) ............................................................................... 4

*Fickinger v. C.I. Planning Corp.,*
646 F. Supp. 622 (E.D. Pa. 1986) ..................................................................... 9

*Fisher Bros. v. Cambridge-Lee Indus., Inc.,*
630 F. Supp. 482 (E.D. Pa. 1985) .................................................................... 12

*Fla. Trailer & Equip. Co. v. Deal,*
284 F.2d 567 (5th Cir. 1960) ............................................................................. 6

*Hughes Tool Co. v. TransWorld Airlines, Inc.,*
409 U.S. 363 (1973) ....................................................................................... 11

*In re Corrugated Container Antitrust Litig,*
643 F.2d 195 (5th Cir. 1981) ............................................................................. 9

Page

*In re Drexel Burnham Lambert Group, Inc.,*
    960 F.2d 285 (2d Cir. 1992) .................................................................................... 14, 15

*In re Enron Corp. Sec. Litig.,*
    235 F. Supp. 2d 549 (S.D. Tex. 2002) ........................................................................ 3

*In re Enron Corp. Sec. Litig.,*
    No. H-01-3624, 2004 U.S. Dist. LEXIS 7495
    (S.D. Tex. Apr. 6, 2004) ............................................................................................ 3

*In re NASDAQ Market-Makers Antitrust Litig.,*
    176 F.R.D. 99 (S.D.N.Y. 1997) ............................................................................ 4, 5

*Jenkins v. Raymark Indus., Inc.,*
    782 F.2d 468 (5th Cir. 1986) ................................................................................... 13

*Karasik v. Pac. E. Corp.,*
    180 A. 604 (Del. Ch. 1935) ...................................................................................... 9

*Lewis v. Newman,*
    59 F.R.D. 525 (S.D.N.Y. 1973) .............................................................................. 10

*Longden v. Sunderman,*
    123 F.R.D. 547 (N.D. Tex. 1988) ........................................................................... 15

*MCI Communs. Corp. v. Am. Tel. & Tel. Co.,*
    708 F.2d 1081 (7th Cir. 1983) ................................................................................. 11

*Maher v. Zapata Corp.,*
    714 F.2d 436 (5th Cir. 1983) ................................................................................. 4, 6

*Manchaca v. Chater,*
    927 F. Supp. 962 (E.D. Tex. 1996) ..................................................................... 8, 10

*Maywalt v. Parker & Parsley Petroleum Co.,*
    147 F.R.D. 51 (S.D.N.Y. 1993) .............................................................................. 13

*McNary v. Am. Sav. & Loan Ass'n,*
    76 F.R.D. 644 (N.D. Tex. 1977) ............................................................................ 7, 9

*Miller v. Republic Nat'l Life Ins. Co.,*
    559 F.2d 426 (5th Cir. 1977) .................................................................................... 6

Page

*Newby v. Enron Corp.,*
 394 F.3d 296 (S.D. Tex. 2004) ..................................................................................5

*Newman v. Stein,*
 464 F.2d 689 (2d Cir. 1972) ......................................................................................9

*Parker v. Anderson,*
 667 F.2d 1204 (5th Cir. 1982) ...............................................................................8, 9

*Pearson v. Ecological Sci. Corp.,*
 522 F.2d 171 (5th Cir. 1975) .....................................................................................6

*Petiway v. Am. Cast Iron Pipe Co.,*
 576 F.2d 1157 (5th Cir. 1978) ...................................................................................7

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review,*
 637 F.2d 1014 (5th Cir. 1981) .................................................................................14

*Piper v. Chris-Craft Indus.,*
 430 U.S. 1 (1977) .....................................................................................................11

*Protective Comm. for Indep. Stockholders of*
*TMT Trailer Ferry v. Anderson,*
 390 U.S. 414 (1968) .................................................................................................10

*Reed v. Gen. Motors Corp.,*
 703 F.2d 170 (5th Cir. 1983) .................................................................................7, 8

*Robbins v. Koger Props.,*
 116 F.3d 1441 (11th Cir. 1997) ..............................................................................11

*Ruiz v McKaskie,*
 724 F.2d 1149 (5th Cir. 1984) ...................................................................................5

*Salinas v. Roadway Express, Inc.,*
 802 F.2d 787 (5th Cir. 1986) .....................................................................................8

*Shelter Realty Corp. v. Allied Maint. Corp.,*
 75 F.R.D. 34 (S.D.N.Y. 1977) ................................................................................16

*Shipes v. Trinity Indus.,*
 987 F.2d 311 (5th Cir. 1993) ...................................................................................14

Page

*Teichler v. DSC Communs. Corp.*,
 No. CA3-85-2005-T, 1988 U.S. Dist. LEXIS 16448
 (N.D. Tex. Apr. 26, 1988) ...................................................................................... 16

*United States v. Texas Educ. Agency*,
 679 F.2d 1104 (5th Cir. 1982) ................................................................................. 7

*Van Bronkhorst v. Safeco Corp.*,
 529 F.2d 943 (9th Cir. 1976) .................................................................................... 6

*West Va. v. Chas. Pfizer & Co.*,
 314 F. Supp. 710 (S.D.N.Y. 1970),
 *aff'd*, 440 F.2d 1079 (2d Cir. 1971) ....................................................................... 11

*Williams v. First Nat'l Bank*,
 216 U.S. 582 (1910) .................................................................................................. 6

*Young v. Katz*,
 447 F.2d 431 (5th Cir. 1971) .................................................................................... 7

*Zeidman v. J. Ray McDermott Co.*,
 651 F.2d 1030 (5th Cir. 1981) ................................................................................ 13

*Zerkle v. Cleveland-Cliffs Iron Co.*,
 52 F.R.D. 151 (S.D.N.Y. 1971) .............................................................................. 10

*Zupnick v. Thompson Parking Partners*,
 No. 89-Civ. 6607 (JSM), 1990 U.S. Dist. LEXIS 9881
 (S.D.N.Y. Aug. 1, 1990) ......................................................................................... 14

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
 §77k .......................................................................................................................... 16

Federal Rules of Civil Procedure
 Rule 23 ..................................................................................................................... 13
 Rule 23(a) ................................................................................................... 12, 14, 15
 Rule 23(b) ................................................................................................................ 12
 Rule 23(b)(3) ..................................................................................................... 15, 16
 Rule 23(e) ................................................................................................................... 4

Page

**SECONDARY AUTHORITY**

*Manual for Complex Litigation (Third)* (3d. 1995)
  §23.14 .................................................................................................................2, 5
  §30.41 .................................................................................................................2, 4, 5

## I.    INTRODUCTION

Lead Plaintiff[1] in the actions entitled *Newby, et al. v. Enron Corp., et al.*, No. H-01-3624 (S.D. Tex.); *The Regents of the University of California, et al. v. Kenneth L. Lay, et al.*, No. H-01-3624 (S.D. Tex.); and *Washington State Investment Board, et al. v. Kenneth L. Lay, et al.*, No. H-02-3401 (S.D. Tex.), consolidated in *In re Enron Corporation Securities Litigation*, Civil Action No. H-01-3624 (the "Actions"), by its undersigned counsel, respectfully submits this memorandum in support of its motion for an order (the "Order"), in the form attached as Exhibit A to the Stipulation of Settlement dated June 11, 2004 (the "Stipulation"): (i) granting preliminary approval of the proposed partial settlement of the Actions with Kirkland & Ellis LLP ("K&E") on the terms set forth in the Stipulation; (ii) certifying a Settlement Class; (iii) approving the form and manner of giving notice to the Settlement Class of the settlement; and (iv) setting a hearing for final approval thereof. The Actions have been settled with respect to K&E for $13.5 million.

Lead Plaintiff requests that the motion be granted not only because public policy favors the settlement of complex class actions such as these, but, as demonstrated herein, the settlement is, under the circumstances, a very good result for the Settlement Class. It is fair, reasonable and adequate under the governing standards in this Circuit and deserves the approval of this Court. We request that the Court enter the Order Preliminarily Approving Settlement at or promptly after the preliminary approval hearing on December 1, 2006.[2]

In determining whether preliminary approval is warranted, the issue before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and

---

[1]    Capitalized terms used herein and not otherwise defined in this Memorandum have the same meaning as set forth in the Stipulation.

[2]    At that hearing, Lead Plaintiff will propose specific dates for a schedule leading to a final approval hearing on notice to the Settlement Class.

adequate, such that notice of the proposed settlement should be given to Settlement Class members, and a hearing scheduled to consider final settlement approval. The Court is not required at this point to make a determination as to whether the settlement should be finally approved.[3] As stated in the *Manual for Complex Litigation (Third)* §23.14, at 171 (3d. ed. 1995):

> First, the court reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.

The *Manual for Complex Litigation (Third)* describes the preliminary approval criteria as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*Id.* §30.41, at 237. The proposed settlement unquestionably meets the foregoing criteria for notice and is well within the range of what might be approved as fair, reasonable and adequate. Lead Plaintiff, therefore, requests that the Court enter an order:

(1)    preliminarily approving the proposed settlement;

(2)    certifying a class for settlement purposes;

(3)    approving the form and program of class notice described in the Stipulation; and

(4)    scheduling a hearing before the Court to determine whether the proposed settlement should be finally approved.

---

[3]    Notwithstanding the fact that this is only a motion for preliminary approval, the brief discussion below of the factors to be considered in connection with final approval demonstrates that this settlement is entitled to both.

## II.    FACTUAL BACKGROUND OF THIS LITIGATION

This Court has already demonstrated its complete familiarity with Lead Plaintiff's allegations regarding the facts and circumstances surrounding the collapse of Enron. *See, e.g., In re Enron Corp. Sec. Litig.*, 235 F. Supp. 2d 549 (S.D. Tex. 2002); *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2004 U.S. Dist. LEXIS 7495 (S.D. Tex. Apr. 6, 2004).  For the sake of brevity, those allegations will not be repeated here.

K&E was named as a defendant in the Actions.  K&E moved to dismiss the *Newby* Action on the ground that the complaint failed to state a claim upon which relief could be granted because plaintiffs failed to allege facts that would sustain a claim that K&E engaged in any actionable conduct. (Docket No. 660) On December 20, 2002, the Court concluded that K&E was not alleged to have engaged in any activities that improperly exceeded a protected attorney client relationship and granted K&E's motion to dismiss all claims against it. (Docket No. 1194) K&E contends that this ruling necessarily requires dismissal of any claims that might be pursued against K&E in the *WSIB* Action or in any of the other consolidated and coordinated actions.  On February 18, 2005, the Court granted the motions to dismiss filed by other defendants in the *WSIB* Action on statute of limitations grounds. (Docket No. 146 in Case No. H-02-3401)

This partial settlement for the class resolves the Actions with respect to K&E and no other defendant.  While Lead Plaintiff initially alleged that K&E participated in the scheme to defraud investors, the Court dismissed all of the class' claims against K&E for failure to adequately allege culpable conduct.  Notwithstanding the fact that there are *no* currently pending claims by the Lead Plaintiff against K&E, Lead Plaintiff has been able to resolve the Actions (and any potential appeals from the order of dismissal) for $13.5 million.

### III.    THE SETTLEMENT

As noted above, the settlement provides for the establishment of a settlement fund in the amount of $13.5 million for the benefit of the Settlement Class. The settlement agreement provides for the establishment of a $5 million Expense Fund from the settlement fund, like many of the previous settlements in these Actions. The settlement also requires K&E's cooperation in the prosecution of the claims against other Defendants in the Actions. Shortly after the Court dismissed Lead Plaintiff's claims against K&E, senior lawyers representing the parties began to have discussions in an effort to resolve the claims. Given the dismissal of the claims and because of their experience with each other in this and other cases over the years, those senior lawyers were able to reach an agreement in principle in fairly short order. However, the drafting of a stipulation of settlement took many months to complete. K&E was also adamant that the settlement be kept confidential for as long as it directed. The stipulation of settlement was executed in June 2004. The $13.5 million started earning interest for the benefit of the class in July, 2004.

### IV.    ARGUMENT

#### A.    The Proposed Settlement Is Within an Appropriate Range for Preliminary Approval

Public policy strongly favors the pretrial settlement of complex class action lawsuits. *See, e.g., Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995).

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice of the proposed dismissal or compromise must be given in the manner directed by the court, and judicial approval must be obtained. "Preliminary approval of a proposed settlement is the first in a two-step process required before a class action may be settled." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing *Manual for Complex Litigation (Third), supra*, at §30.41). First, counsel submit the proposed terms of

- 4 -

settlement and the court makes a preliminary evaluation of the fairness of the settlement, prior to

notice. *Id.* This initial assessment can be made on the basis of information already known to the

court which, if necessary, may be supplemented by briefs, motions or an informal presentation from

the settling parties. *Id.* Second, the court must finally approve the settlement after notice to the class

and an opportunity to be heard has been given.

"Where the proposed settlement appears to be the product of serious, informed, non-collusive

negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class

representatives or segments of the class and falls within the range of possible approval, preliminary

approval is granted." *NASDAQ*, 176 F.R.D. at 102; *see also Manual for Complex Litigation (Third),*

*supra*, at §30.41. Preliminary approval permits notice to be given to the class members of a hearing

for final settlement approval (the second step of the approval process), at which class members and

the settling parties may be heard with respect to final approval. *Manual for Complex Litigation*

*(Third)*, *supra*, at §23.14.

The proposed settlement now before this Court was achieved only after serious, informed,

arm's-length negotiations and, particularly given K&E's dismissal from the Actions, falls squarely

within the range of reasonableness warranting notice apprising class members of the settlement and

establishing a hearing for final approval.

**B.    Consideration of Final Approval Criteria Supports Preliminary**
**Approval**

The general standard for final approval of a proposed settlement of a class action, as

repeatedly enunciated by the Fifth Circuit, is whether the proposed settlement is "fair, adequate and

reasonable" and has been entered into without collusion between the parties. *Newby v. Enron Corp.*,

394 F.3d 296, 302 (S.D. Tex. 2004); *Cotton*, 559 F.2d at 1330; *see also Ruiz v McKaskie*, 724 F.2d

1149, 1152 (5th Cir. 1984) *(per curiam)*.  In applying this standard, the Court must determine

whether, in light of the claims and defenses asserted by the parties, the proposed compromise

represents a "reasonable evaluation of the risks of litigation." *Fla. Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

It has long been settled that compromises of disputed claims are favored by the courts. *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910). The Fifth Circuit has consistently held that, as a result of their highly-favored status, settlements "'will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits.'" *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977) (quoting *Pearson v. Ecological Sci. Corp.*, 522 F.2d 171, 176 (5th Cir. 1975)).

Settlements of class actions and shareholder litigation are "particularly favored" and are not to be lightly rejected. *Maher*, 714 F.2d at 455; *see also Cotton*, 559 F.2d at 1331. In the case of class actions, the Fifth Circuit has held that "there is an overriding public interest in favor of settlement," because such suits "have a well deserved reputation as being most complex." *Cotton*, 559 F.2d at 1331; *accord Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). Thus, in determining whether to approve the settlement, the trial judge is not required to decide the merits of the action or substitute a different view of the merits for that of the parties or counsel. *Maher*, 714 F.2d at 455.

In weighing the benefits obtained by settlement against benefits dependent on the likelihood of recovery on the merits, the courts are not expected to balance the scales perfectly. The "trial court should not make a proponent of a proposed settlement 'justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained; inherent in compromise is a yielding of absolutes and an abandoning of highest hopes.'" *Cotton*, 559 F.2d at

1330.[4] The very object of a compromise "'is to avoid the determination of sharply contested and dubious issues.'" *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971).

Where, as here, experienced counsel have negotiated settlements at arm's length, a strong initial presumption is created that the compromise is fair and reasonable. *United States v. Texas Educ. Agency*, 679 F.2d 1104, 1108 (5th Cir. 1982). The Fifth Circuit has recognized that courts must rely to a large degree on the judgment of competent counsel, terming such counsel the "linchpin" of an adequate settlement. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983). Thus, if experienced counsel determine that a settlement is in the class's best interests, "the attorney's views must be accorded great weight." *Petiway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1216 (5th Cir. 1978).

When examined under the applicable criteria, this partial settlement is a very good result for the class.

## C.　The Fifth Circuit's Six-Pronged Test of Fairness

Once satisfied that counsel adequately represented the class and has bargained for the proposed settlement in good faith, the ""''only question''"" for the Court to determine ""''is whether the settlement, taken as a whole, is so unfair on its face as to preclude judicial approval.''"" *McNary v. Am. Sav. & Loan Ass'n*, 76 F.R.D. 644, 649 (N.D. Tex. 1977). The Fifth Circuit has established a six-pronged test to be applied to proposed settlements:

1.　　The assurance that there is no fraud or collusion behind the settlement;

2.　　The stage of the proceedings and the amount of discovery completed;

3.　　The probability of plaintiffs' success on the merits;

4.　　The range of possible recovery;

---

[4]　　Citations and footnotes are omitted and emphasis is added unless otherwise noted.

5.     The complexity, expense and likely duration of the litigation; and

6.     The opinions of class counsel, class representatives and absent class members. *Reed*,

703 F.2d at 172; *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982); *see also Salinas v.*

*Roadway Express, Inc.*, 802 F.2d 787, 789 (5th Cir. 1986).  This settlement easily passes muster

when examined in light of these six criteria.

### 1.     There Is No Fraud or Collusion Behind the Settlement

There is no collusion in the settlement of these Actions.  The settlement was reached only

after hard-fought negotiations.  Lead Counsel has many years of experience in litigating securities

class actions and has negotiated numerous other class settlements which have been approved by

courts throughout the country.  K&E was represented by Munger, Tolles & Olson LLP, a firm with a

well-deserved reputation for the tenacious defense of class actions and other complex civil matters.

The settlement was negotiated at arm's-length by very senior members of these firms who are

knowledgeable about the strengths and weaknesses of the claims made and the potential defenses to

them.  There can be no question that the class was fairly and adequately represented in the course of

these proceedings.

### 2.     The Stage of the Proceedings and the Amount of Discovery Completed

Lead Counsel has reached a stage of knowledge where an intelligent evaluation of the alleged

role of K&E in these cases (and the Court's determination that no legally cognizable role had been

pled) and the propriety of the settlement could be made.  Lead Counsel conducted and continues to

conduct a thorough investigation of and inquiry into the salient facts regarding the Actions.  Lead

Counsel reviewed and analyzed voluminous documents relating to Enron's collapse.  The firm also

interviewed dozens and deposed hundreds of witnesses..  Suffice it to say, the parties reached

agreements to settle with a "full understanding of the legal and factual issues surrounding this case."

*Manchaca v. Chater*, 927 F. Supp. 962, 967 (E.D. Tex. 1996).  Nothing more is required. In fact,

- 8 -

courts have held that a great amount of formal discovery is not a "necessary ticket to the bargaining table." *In re Corrugated Container Antitrust Litig*, 643 F.2d 195, 211 (5th Cir. 1981) (citing *Cotton*, 559 F.2d at 1332).

### 3.    The Probability of Success on the Merits

As noted above, K&E has been dismissed from the *Newby* Action and would claim that that determination mandated dismissal in the other actions where it was named as a defendant. Thus, to even proceed against K&E, Lead Plaintiff would first have to prevail on appeal and there are simply no assurances that it would.

### 4.    The Range of Possible Recovery

Courts agree that determination of a "reasonable" settlement is not susceptible to a single mathematical equation yielding a particularized sum. Rather, "in any case there is a range of reasonableness with respect to a settlement." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *Fickinger v. C.I. Planning Corp.*, 646 F. Supp. 622, 630 (E.D. Pa. 1986).

> In fact there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery.

*Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974); *Parker*, 667 F.2d at 1210 n.6; *McNary*, 76 F.R.D. at 650. Similarly, as the court stated in *Karasik v. Pac. E. Corp.*, 180 A. 604, 609 (Del. Ch. 1935):

> [T]he amount claimed is one hundred million dollars and the amount received in settlement is a minimum of three hundred and eighty-five thousand dollars. Now that is a wide disparity. But it is one thing to assert a claim and another thing to prove the claim to judgment. Furthermore, it is one thing to obtain a judgment, and quite another thing to collect it. Figures, however imposing, should not compel practical considerations to yield place to visions.

Given the fact that K&E has been dismissed, the Settlement Amount is quite reasonable and the cooperation provisions provide additional value for the benefit of the Settlement Class.

5.      **The Complexity, Expense and Likely Duration of This Litigation**

Another reason for counsel to recommend, and the courts to approve, a settlement is the complexity, duration and risks of further litigation. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968) (court must consider, *inter alia*, "'the complexity, expense, and likely duration of such litigation'"); *Manchaca*, 927 F. Supp. at 966.[5] Here, several factors are present which make it more likely that, without the settlement, these cases would require additional large expenditures and years of appeal, and, assuming an appeal was successful, more years of litigation as against K&E and there would be a significant risk that the class would obtain results far less beneficial than the ones provided by the settlement.

(a)      K&E is represented by extremely capable counsel who are familiar with the defense of complex securities class actions such as these Actions. Since the inception of the litigation, K&E has denied liability and asserted facially reasonable explanations in response to plaintiffs' allegations.

(b)      Assuming success on appeal, trial of these Actions against K&E would unquestionably take months and involve the introduction of hundreds of exhibits dealing with dry financial and accounting matters, vigorously contested motions and the expenditure of millions of dollars in additional out-of-pocket expenses.

(c)      Trial, if held, would necessarily involve complex issues resulting in conflicting expert testimony, the outcome of which is by no means certain. Thus, if there were further litigation with respect to this defendant, and trial, there is a risk that the plaintiffs might fail

---

[5]      Courts have frequently recognized, in evaluating a proposed settlement of a securities class action, that such litigation "is notably difficult and notoriously uncertain." *Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973) (citing *Zerkle v. Cleveland-Cliffs Iron Co.*, 52 F.R.D. 151, 159 (S.D.N.Y. 1971)). Accordingly, compromises of securities class actions are particularly appropriate.

to convince the trier of fact of the merits of their cases and that K&E could obtain judgment in its

favor.

       (d)    Any future trial judgment would still be subject to the continuing risks and

vicissitudes of litigation, through possible appeals. Experience shows that even very large

judgments, recovered after lengthy litigation and trial, can be completely lost on appeal.[6]

       Thus, counsel believe that, even if a viable claim was pled against K&E, were these Actions

tried through to conclusion rather than settled, there would be a real risk of not obtaining a larger

recovery against K&E, particularly since any securities case such as this, "by its very nature, is a

complex animal." *Clark v. Lomas & Nettleton Fin. Corp.*, 79 F.R.D. 641, 654 (N.D. Tex. 1978),

*vacated on other grounds*, 625 F.2d 49 (5th Cir. 1980).

    **6.**    **The Opinion of Lead Counsel**

       As noted above, Lead Counsel, after substantial arm's-length negotiations with senior

defense counsel, has concluded that the settlement is fair, reasonable and adequate. Here, Lead

---

[6]    As the court noted in *West Va. v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970), *aff'd*, 440 F.2d 1079 (2d Cir. 1971):

> It is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced. Merely by way of example, two instances in this Court may be cited where offers of settlement were rejected by some plaintiffs and were disapproved by this Court. The trial in each case then resulted unfavorably for plaintiffs; in one case they recovered nothing and in the other they recovered less than the amount which had been offered in settlement.

*See, e.g., MCI Communs. Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081 (7th Cir. 1983); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (reversing $87 million judgment after trial); *Hughes Tool Co. v. TransWorld Airlines, Inc.*, 409 U.S. 363 (1973) (reversing treble damage judgment for over $145,000,000 – an action begun in 1961); *Piper v. Chris-Craft Indus.*, 430 U.S. 1 (1977) (reversing Second Circuit's award of damages under Williams Act in amount of $25,793,365 – after eight years of litigation); *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (reversing jury verdict on appeal); *Robbins v. Koger Props.*, 116 F.3d 1441 (11th Cir. 1997) (reversing $81 million jury verdict).

Counsel has acquired a thorough understanding of the Actions and submits that the settlement is appropriate and should be approved. The view of plaintiffs' counsel, while not conclusive, is "entitled to significant weight." *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ahearn v. Fibreboard Corp.*, 162 F.R.D. 505, 528 (E.D. Tex. 1995).

For all of the foregoing reasons, the settlement deserves the Court's preliminary, and ultimately final, approval.

### D.     Certification of the Settlement Class Under Federal Rule of Civil Procedure 23 Is Appropriate

In order to go forward with the settlement approval process, it is necessary that the Court certify a class in the Actions for purposes of the settlement. Federal Rule of Civil Procedure 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and, in addition, the action qualifies under one of the subdivisions of Rule 23(b). Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b) provides, in relevant part:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and, in addition:
>
> (1)     the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A)     inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
>
> (B)     adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

- 12 -

(2)     the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3)     the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

As set forth below, all of the requirements of Rule 23 are easily met and certification of the class is clearly appropriate here. Notably, the Court has found that all these requirements were met in connection with the settlement class for every Enron-related settlement entered into to date. *See, e.g.*, orders preliminarily approving settlements and certifying settlement classes in connection with settlements with Andersen Worldwide Societe Cooperative (Docket No. 1583); BofA (Docket No. 3065); Lehman (Docket No. 3066); Outside Directors (Docket No. 3067); Citigroup (Docket No. 4509); JPMorgan Chase (Docket No. 4531); and CIBC (Docket No. 4532).

### 1.     The Class Is Sufficiently Numerous

To meet the requirement of numerosity, the class representatives need only show that it is difficult or inconvenient to join all the members of the class. *See Zeidman v. J. Ray McDermott Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981); *Maywalt v. Parker & Parsley Petroleum Co.*, 147 F.R.D. 51, 55 (S.D.N.Y. 1993). During the class period, there were millions of shares of Enron securities outstanding and traded. In connection with the notice to the settlement classes regarding other settlements entered into to date, the claims administrator has mailed notices to over one million class members. The threshold for a presumption of impracticality of joinder is thus easily exceeded.

### 2.     Common Questions of Law or Fact Exist

In order to maintain a class action, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Generally, courts have liberally construed the commonality prerequisite, holding that the "[t]hreshold of 'commonality' is not high." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). "The commonality requirement is satisfied even where there

is not a complete identity of facts, so long as the party opposing the class has engaged in some 'course of conduct' that affects the proposed class and gives rise to causes of action requiring similar elements." *Zupnick v. Thompson Parking Partners*, No. 89-Civ. 6607 (JSM), 1990 U.S. Dist. LEXIS 9881, at *9 (S.D.N.Y. Aug. 1, 1990).

These Actions present numerous common questions of both law *and* fact, including, *inter alia*:

> (i)    Whether K&E's acts as alleged violated the federal securities laws; and

> (ii)   To what extent the members of the class have sustained damages and the proper measure of damages.

### 3.    Named Plaintiffs' Claims Are Typical of Those of the Class

The typicality requirement is satisfied where, as here, "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Typicality does not require that the interests of the named representatives and the class members be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

The named plaintiffs' claims, which arise from the same course of conduct and are predicated on the same legal theories as the claims of all other members of the class they represent, easily satisfy the typicality requirement of Rule 23(a). *See Durrett v. John Deere Co.*, 150 F.R.D. 555, 558 (N.D. Tex. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993) (test for typicality, like commonality, is not demanding).

### 4. Named Plaintiffs Are More Than Adequate Representatives of the Class

The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods. v. Windsor*, 521 U.S. 591, 594 (1997). The factors relevant to a determination of adequacy are: (1) the absence of potential conflict between the named plaintiff and the class members; and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *Drexel*, 960 F.2d at 291; *Longden v. Sunderman*, 123 F.R.D. 547, 557 (N.D. Tex. 1988).

Here, there are no conflicts between the named plaintiffs and absent members of the class. Lead Plaintiff has demonstrated its adequacy through its vigorous prosecution of this massive case to date and through retaining experienced counsel to litigate the case. Lead Counsel is one of the preeminent class action firms in the country, having served as plaintiffs' counsel in this and numerous other securities actions. Lead Counsel has a proven track record in the prosecution of class actions in general and in this case in particular; the firm has successfully litigated and tried major class action cases.

### 5. The Requirements of Rule 23(b)(3) Are Also Satisfied

Rule 23(b)(3) authorizes certification where, in addition to the prerequisites of Rule 23(a), common questions of law or fact predominate over any individual questions and a class action is superior to other available means of adjudication. *Amchem*, 521 U.S. at 591-94. This litigation easily meets Rule 23(b)(3)'s requirements.

#### a. Common Legal and Factual Questions Predominate in This Action

"Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem*, 521 U.S. at 625. K&E's alleged liability arises from its participation in a broad scheme to mislead the investing public regarding business operations and

- 15 -

financial condition. This is the central issue in these cases and it predominates over any individual issue that theoretically might exist.[7]

### b.   A Class Action Is the Superior Means to Adjudicate Plaintiffs' Claims

The second prong of Rule 23(b)(3) is essentially satisfied by the settlement itself. As explained in *Amchem*, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial." 521 U.S. at 620. Thus, any manageability problems that may have existed here are eliminated by the settlement.

### E.   Submission of the Settlement to the Class Is Appropriate

Pursuant to the Stipulation of Settlement, Lead Plaintiff and K&E recommend to the Court a program[8] and form of notice as set forth in Exhibit A to the Stipulation of Settlement; *i.e.*, the Order Preliminarily Approving Settlement. The Stipulation provides that a copy of the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice"), will be mailed to each class member who can be identified with reasonable effort and each nominee who were securities holders of record for class members who purchased the relevant securities during the class period. The proposed settlement also provides that a summary notice is to be published twice in the national edition of *Investors Business Daily* and *The Houston Chronicle* shortly after mailing the Notices. The Notice

---

[7]   It is well established that differences between individual class members as to reliance or damages do not preclude certification of a class. *See, e.g., Teichler v. DSC Communs. Corp.*, No. CA3-85-2005-T, 1988 U.S. Dist. LEXIS 16448, at *2 (N.D. Tex. Apr. 26, 1988). Moreover, reliance is not an element of a §11 claim. Proof of the amount of damages can be established on a class-wide basis by using a generalized formula. *Shelter Realty Corp. v. Allied Maint. Corp.*, 75 F.R.D. 34, 38 (S.D.N.Y. 1977).

[8]   As noted above, specific dates for the mailing and publishing of notice, opt-out and objection dates, and a date for the final approval hearing will be proposed at the preliminary approval hearing on December 1, 2006.

details the settlement terms, the rights of class members to share in the recovery, or request

exclusion. The Notice and the Summary Notice also provide the date, time, and place of the fairness

hearing and the right of class members to be heard at the hearings. Finally, they provide the name,

address and phone number of plaintiffs' counsel's representative for inquiries. The form and manner

of notice proposed here fulfill all of the requirements of Federal Rule of Civil Procedure 23 and due

process.

## V.    CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant the

motion for preliminary approval of the proposed partial settlement.

DATED: November 1, 2006                    Respectfully submitted,

                                           LERACH COUGHLIN STOIA GELLER
                                             RUDMAN & ROBBINS LLP
                                           WILLIAM S. LERACH
                                           KEITH F. PARK
                                           DARREN J. ROBBINS
                                           HELEN J. HODGES
                                           BYRON S. GEORGIOU
                                           SPENCER A. BURKHOLZ
                                           JAMES I. JACONETTE
                                           MICHELLE M. CICCARELLI
                                           ANNE L. BOX
                                           JAMES R. HAIL
                                           JOHN A. LOWTHER
                                           ALEXANDRA S. BERNAY
                                           MATTHEW P. SIBEN
                                           ROBERT R. HENSSLER, JR.


                                                 /s/Roger B. Greenberg * signed by permission
                                                       KEITH F. PARK

                                           655 West Broadway, Suite 1900
                                           San Diego, CA 92101
                                           Telephone: 619/231-1058

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
REGINA M. AMES
KATHERINE C. SPLAN
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
G. PAUL HOWES
JERRILYN HARDAWAY
Texas Bar No. 00788770
Federal I.D. No. 30964
1111 Bagby, Suite 4850
Houston, TX  77002
Telephone:  713/571-0911

**Lead Counsel for Plaintiffs**

SCHWARTZ, JUNELL, GREENBERG
   & OATHOUT, LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932


      /s/Roger B. Greenberg
      ROGER B. GREENBERG

Two Houston Center
909 Fannin, Suite 2700
Houston, TX  77010
Telephone:  713/752-0017

HOEFFNER & BILEK, LLP
THOMAS E. BILEK
Federal Bar No. 9338
State Bar No. 02313525
1000 Louisiana Street, Suite 1302
Houston, TX 77002
Telephone: 713/227-7720

**Attorneys in Charge**

WOLF POPPER LLP
ROBERT C. FINKEL
845 Third Avenue
New York, NY 10022
Telephone: 212/759-4600

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO
MATTHEW L. TUCCILLO
53 State Street
Boston, MA 02109
Telephone: 617/439-3939

**Attorneys for Nathaniel Pulsifer**

SCOTT + SCOTT, LLC
DAVID R. SCOTT
108 Norwich Avenue
Colchester, CT 06415
Telephone: 860/537-3818

**Attorneys for the Archdiocese of Milwaukee
Supporting Fund, Inc.**

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
MICHAEL G. LENETT
507 C Street, N.E.
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)

**Washington Counsel**

- 19 -

CICCARELLO DEL GIUDICE & LAFON
MICHAEL J. DEL GIUDICE
1219 Virginia Street, East, Suite 100
Charleston, WV 25301
Telephone: 304/343-4440
304/343-4464 (fax)

**Additional Counsel for Plaintiffs**

S:\Settlement\Enron.Set\K&E Settlement\BRF PREL APPROVAL 00035430.doc

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR PRELIMINARY APPROVAL OF PROPOSED PARTIAL SETTLEMENT WITH KIRKLAND & ELLIS LLP AND MEMORANDUM IN SUPPORT THEREOF has been served by sending a copy via electronic mail to serve@ESL3624.com on November 2, 2006.

I further certify that a copy of the foregoing document has been served via overnight mail on the following parties, who do not accept service by electronic mail on November 2, 2006.

Carolyn S. Schwartz
United States Trustee, Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Tom P. Allen
McDaniel & Allen
1001 McKinney St., 21st Fl
Houston, TX 77002

I also certify that a copy of the above-mentioned document has been served via UNITED STATES MAIL (unless otherwise noted) on the parties listed on the attached "Additional Service List" on this 2nd day of November, 2006.

_____
Mo Maloney

A copy of the foregoing document has also been served via UNITED STATES MAIL on the following parties:

### ADDITIONAL SERVICE LIST

| | |
|---|---|
| Stuart Yoes<br>THE YOES LAW FIRM, LLP<br>3535 Calder Avenue, Suite 235<br>Beaumont, TX 77726-7584<br>409/833-2352<br>409/828-5577 (fax)<br><br>Attorney for Objectors RINIS | Frank H. Tomlinson<br>PRITCHARD, McCALL; & JONES, LLC<br>505 N. 20th Street, Suite 800<br>Birmingham, AL 35203<br>205/328-9190<br>205/458-0035 (fax)<br><br>Attorney for Objectors RINIS |
| Edward W. Cochran<br>20030 Marchmont Rd.<br>Shaker Heights, OH 44122<br>216/751-5546<br>216/751-6630 (fax)<br><br>Attorney for Objectors RINIS | N. Albert Bacharach Jr.<br>115 N.E. Sixth Avenue<br>Gainesville, FL 32601-6592<br>352/378-9859<br>352/338-1858 (fax)<br><br>Attorney for Objectors RINIS |
| Paul S. Rothstein<br>626 N.E. First Street<br>Gainesville, FL 32601<br>352/376-7650<br>352/374-7133 (fax)<br><br>Attorney for Objectors RINIS | Maureen McGuirl<br>FENSTERSTOCK & PARTNERS LLP<br>30 Wall Street, 9th Floor<br>New York, NY 10005<br>212/785-4100<br>212/785-4040 (fax)<br><br>Attorneys for Objectors James H. Allen, Jr., Burton W. Carlson, Jr., Michael T. DeFreece, Marcia A. DeFreece, Andrew E. Krinock, Phyllis A. Krinock, Partcom Limited Partnership, Reed Partners, L.P., formerly known as Reed Family Ltd. Partnership, F. Walker Tucei, June P. Tucei, Romand H. Uhing, Alvera A. Uhing and Viets Family Associates, LLP |
| Lawrence W. Schonbrun<br>LAW OFFICES OF LAWRENCE W. SCHONBRUN<br>86 Eucalyptus Road<br>Berkeley, CA 94705<br>510/547-8070<br><br>Attorney for Objector Brian Dabrowski | Richard C. Bauerle<br>30 Greenbriar<br>Ottumwa, IA 52501<br><br>Objector |
| Arnold Gregg<br>4445 Forest Glen Road<br>Anaheim Hills, CA 92807<br><br>Objector<br><br>S:\Settlement\Enron.Set\ObjectorSERVICElist.doc | Steven F. Helfand<br>HELFAND LAW OFFICES<br>601 Montgomery Street, Suite 325<br>San Francisco, CA 94111<br>415/397-0007<br>415/397-0009 (fax)<br><br>Attorney for Objector John W. Davis |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT WITH KIRKLAND & ELLIS LLP has been served by sending a copy via electronic mail to serve@ESL3624.com on February 16, 2007.

I further certify that a copy of the foregoing document has been served via overnight mail on the following parties, who do not accept service by electronic mail on February 16, 2007.

Carolyn S. Schwartz
United States Trustee, Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Tom P. Allen
McDaniel & Allen
1001 McKinney St., 21st Fl
Houston, TX 77002

I also certify that a copy of the above-mentioned document has been served via UNITED STATES MAIL (unless otherwise noted) on the parties listed on the attached "Additional Service List" on this 16th day of February, 2007.

_____
Mo Maloney

A copy of the foregoing document has also been served via UNITED STATES MAIL on the following parties:

## ADDITIONAL SERVICE LIST

| | |
|---|---|
| Stuart Yoes<br>THE YOES LAW FIRM, LLP<br>3535 Calder Avenue, Suite 235<br>Beaumont, TX 77726-7584<br>409/833-2352<br>409/828-5577 (fax)<br><br>Attorney for Objectors RINIS | Frank H. Tomlinson<br>PRITCHARD, McCALL; & JONES, LLC<br>505 N. 20th Street, Suite 800<br>Birmingham, AL 35203<br>205/328-9190<br>205/458-0035 (fax)<br><br>Attorney for Objectors RINIS |
| Edward W. Cochran<br>20030 Marchmont Rd.<br>Shaker Heights, OH 44122<br>216/751-5546<br>216/751-6630 (fax)<br><br>Attorney for Objectors RINIS | N. Albert Bacharach Jr.<br>115 N.E. Sixth Avenue<br>Gainesville, FL 32601-6592<br>352/378-9859<br>352/338-1858 (fax)<br><br>Attorney for Objectors RINIS |
| Paul S. Rothstein<br>626 N.E. First Street<br>Gainesville, FL 32601<br>352/376-7650<br>352/374-7133 (fax)<br><br>Attorney for Objectors RINIS | Maureen McGuirl<br>FENSTERSTOCK & PARTNERS LLP<br>30 Wall Street, 9th Floor<br>New York, NY 10005<br>212/785-4100<br>212/785-4040 (fax)<br><br>Attorneys for Objectors James H. Allen, Jr., Burton W. Carlson, Jr., Michael T. DeFreece, Marcia A. DeFreece, Andrew E. Krinock, Phyllis A. Krinock, Partcom Limited Partnership, Reed Partners, L.P., formerly known as Reed Family Ltd. Partnership, F. Walker Tucei, June P. Tucei, Romand H. Uhing, Alvera A. Uhing and Viets Family Associates, LLP |
| SERVICE VIA UPS NEXT DAY AIR<br>Lawrence W. Schonbrun<br>LAW OFFICES OF LAWRENCE W. SCHONBRUN<br>86 Eucalyptus Road<br>Berkeley, CA 94705<br>510/547-8070<br><br>Attorney for Objector Brian Dabrowski | Richard C. Bauerle<br>30 Greenbriar<br>Ottumwa, IA 52501<br><br>Objector |

A copy of the foregoing document has also been served via UNITED STATES MAIL on the following parties:

## ADDITIONAL SERVICE LIST

| | |
|---|---|
| Arnold Gregg<br>4445 Forest Glen Road<br>Anaheim Hills, CA  92807<br><br>Objector | Steven F. Helfand<br>HELFAND LAW OFFICES<br>601 Montgomery Street, Suite 325<br>San Francisco, CA  94111<br>415/397-0007<br>415/397-0009 (fax)<br><br>Attorney for Objector John W. Davis |
| Mr. Stanley Majors<br>22868 Beaverhead Drive<br>Diamond Bar, CA  91765<br>909/860-8150<br><br>Objector | |

S:\Settlement\Enron.Set\ObjectorSERVICElist.doc