UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § Civil Action No. H-01-3624<br>§ **(Consolidated)**<br>§<br>§ <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>ENRON CORP., et al.,<br><br>　　　　　　　　　Defendants. | § § § § § § § § § § § § |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>KENNETH L. LAY, et al.,<br><br>　　　　　　　　　Defendants. | § § § § § § § § § § § § § |

[Caption continued on following page.]

**MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF
PROPOSED ALLOCATION OF ANDERSEN WORLDWIDE SOCIETE
COOPERATIVE SETTLEMENT AMOUNT**

| | | |
|---|---|---|
| WASHINGTON STATE INVESTMENT BOARD, et al., Individually and On Behalf of All Others Similarly Situated, | | § § § § |
| | Plaintiffs, | § § § |
| vs. | | § § |
| KENNETH L. LAY, et al., | | § § |
| | Defendants. | § § § |
| PAMELA TITTLE ,et al. | | § § § |
| | Plaintiffs, | § § |
| vs. | | § § |
| ENRON CORP., et al., | | § § |
| | Defendants. | § § § |

I. **MOTION AND INTRODUCTION**

Lead Plaintiff, The Regents of the University of California ("The Regents"), moves for final approval of the proposed allocation of the remaining Settlement Amount achieved in the settlement with Andersen Worldwide Societe Cooperative ("AWSC") between the *Newby* and *WSIB* classes on the one hand and the *Tittle* class on the other. The plaintiffs in these actions have agreed to allocate the remaining $25 million, 85% ($21,250,000) to the *Newby* and *WSIB* classes on the one hand and 15% ($3,750,000) to the *Tittle* class on the other. There is no objection to the motion.

II. **ARGUMENT**

In our Motion and Memorandum in Support of Preliminary Approval of Proposed Allocation of Andersen Worldwide Societe Cooperative Settlement Amount (Docket No. 5148), filed on November 1, 2006 ("Preliminary Approval Memorandum"), we described the background of the AWSC settlement and the negotiations and considerations which led to the agreement between The Regents and the *Tittle* plaintiffs as to the allocation of the remaining Settlement Amount between their respective classes. For the sake of brevity, that discussion is not repeated here, but a copy of the Preliminary Approval Memorandum is attached hereto as Exhibit A for the Court's convenience. Pursuant to this Court's Order Preliminarily Approving Allocation and Authorizing Notice of Hearing on Proposed Allocation of Andersen Worldwide Societe Cooperative Settlement Amount (Docket No. 5245) dated December 1, 2006, notice of the proposed allocation, the date, time and place of the final approval hearing and of class members' right to object or otherwise to be heard was mailed to over 1,500,000 class members. Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Hearing on Proposed Allocation of Andersen Worldwide Societe Cooperative ("AWSC") Settlement Amount, ¶7. The last day for class members to object to the proposed allocation was February 2, 2007. There have been no objections. Moreover, as discussed in the Preliminary Approval Memorandum, the allocation was arrived at as the result of informed

negotiations between capable counsel representing the classes and is a fair reflection of the relative size and strength of the claims of the *Newby* and *WSIB* classes on the one hand and the *Tittle* class on the other. The allocation should be approved by the Court as proposed.

DATED: February 16, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
HELEN J. HODGES
BYRON S. GEORGIOU
SPENCER A. BURKHOLZ
JAMES I. JACONETTE
MICHELLE M. CICCARELLI
ANNE L. BOX
JAMES R. HAIL
JOHN A. LOWTHER
ALEXANDRA S. BERNAY
ROBERT R. HENSSLER, JR.


/s/Roger B. Greenberg * signed with permission
KEITH F. PARK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
REGINA M. AMES
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

- 3 -

                                      LERACH COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP
                                      G. PAUL HOWES
                                      JERRILYN HARDAWAY
                                      Texas Bar No. 00788770
                                      Federal I.D. No. 30964
                                      1111 Bagby, Suite 4850
                                      Houston, TX  77002
                                      Telephone:  713/571-0911

                                        **Lead Counsel for Plaintiffs**

SCHWARTZ, JUNELL, GREENBERG
  & OATHOUT, LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932


       /s/Roger B. Greenberg
-----------------------------------
       ROGER B. GREENBERG

Two Houston Center
909 Fannin, Suite 2700
Houston, TX  77010
Telephone:  713/752-0017

HOEFFNER & BILEK, LLP
THOMAS E. BILEK
Federal Bar No. 9338
State Bar No. 02313525
1000 Louisiana Street, Suite 1302
Houston, TX  77002
Telephone:  713/227-7720

**Attorneys in Charge**

WOLF POPPER LLP
ROBERT C. FINKEL
845 Third Avenue
New York, NY 10022
Telephone: 212/759-4600

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO
MATTHEW L. TUCCILLO
53 State Street
Boston, MA 02109
Telephone: 617/439-3939

**Attorneys for Nathaniel Pulsifer**

SCOTT + SCOTT, LLC
DAVID R. SCOTT
108 Norwich Avenue
Colchester, CT 06415
Telephone: 860/537-3818

**Attorneys for the Archdiocese of Milwaukee Supporting Fund, Inc.**

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
MICHAEL G. LENETT
507 C Street, N.E.
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)

**Washington Counsel**

CICCARELLO DEL GIUDICE & LAFON
MICHAEL J. DEL GIUDICE
1219 Virginia Street, East, Suite 100
Charleston, WV 25301
Telephone: 304/343-4440
304/343-4464 (fax)

**Additional Counsel for Plaintiffs**

S:\Settlement\Enron.Set\AWSC Andersen Settlement\BRF FINAL 00039154.doc

- 4 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § § | Civil Action No. H-01-3624 **(Consolidated)** <u>CLASS ACTION</u> |
| This Document Relates To: MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, Plaintiffs, vs. ENRON CORP., et al., Defendants. | § § § § § § § § § § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, Plaintiffs, vs. KENNETH L. LAY, et al., Defendants. | § § § § § § § § § § § § § | |

[Caption continued on following page.]

**MOTION AND MEMORANDUM IN SUPPORT OF PRELIMINARY APPROVAL OF PROPOSED ALLOCATION OF ANDERSEN WORLDWIDE SOCIETE COOPERATIVE SETTLEMENT AMOUNT**

| | | |
|---|---|---|
| WASHINGTON STATE INVESTMENT BOARD, et al., Individually and On Behalf of All Others Similarly Situated, | | § § § § |
| | Plaintiffs, | § § § |
| vs. | | § § |
| KENNETH L. LAY, et al., | | § § |
| | Defendants. | § § § |
| PAMELA TITTLE ,et al. | | § § |
| | Plaintiffs, | § § § |
| vs. | | § § |
| ENRON CORP., et al., | | § § |
| | Defendants. | § § § |

I.  **INTRODUCTION**

This memorandum is submitted in support of Lead Plaintiff, The Regents of the University of California's ("The Regents") motion for preliminary approval of the proposed allocation of the balance of the Settlement Amount in the settlement with Andersen Worldwide Societe Cooperative ("AWSC") between the *Newby* and *WSIB* settlement classes on the one hand, and the *Tittle* settlement class on the other. The named plaintiffs and their counsel in the *Tittle* Action support this motion.

In October 2003, counsel for the *Newby*, *WSIB* and *Tittle* classes presented a $40 million settlement with AWSC for approval by the Court. Approval of this settlement was granted by the Court on November 3, 2003 and upheld on appeal by the Fifth Circuit on December 15, 2004. *Newby v. Enron Corp.*, 394 F.3d 296 (5th Cir. 2004). As part of this approval process, at the request of plaintiffs in the *Newby*, *WSIB* and *Tittle* Actions, the Court established and allocated a $15 million expense fund, to be paid from the $40 million settlement amount, 80.5% to the *Newby* and *WSIB* Actions and 19.5% to the *Tittle* Action. The allocation of the remaining $25 million of the Settlement Amount between the classes was left to another day after a further notice to the classes. As the AWSC Notice of Pendency and Partial Settlement stated:

> After further notice to the Settlement Class and an opportunity to be heard, the Gross Settlement Fund will be allocated by an order of the Court (the "Settlement Fund Decision Order") to the Newby and WSIB Actions on the one hand and the *Tittle* Action on the other.

*See* Affidavit of Cheryl Washington Re: A) Mailing Notice of Pendency and Partial Settlement of Class Action and B) Publication of Summary Notice, Exhibit A at 7 (Docket No. 1762) filed October 16, 2003.

- 1 -

The Regents now seek such an order approving the allocation of the balance of the settlement amount – an allocation which has been agreed to by the plaintiffs and their counsel in the *Tittle* Action – 85% to the *Newby* and *WSIB* Actions and 15% to the *Tittle* Action.[1]

## II. ARGUMENT

### A. Preliminary Approval of the Proposed Allocation Is Appropriate

Applying the same standards to the proposed allocation as those for preliminary approval of a settlement demonstrates that preliminary approval is appropriate. Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice of the proposed dismissal or compromise must be given in the manner directed by the court, and judicial approval must be obtained. That is also the procedure (notice and an opportunity to be heard regarding the allocation prior to final approval) to be employed here. "Preliminary approval of a proposed settlement is the first in a two-step process required before a class action may be settled." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing *Manual for Complex Litigation (Third)* §30.41, at 237 (3d ed. 1995)). First, counsel submit the proposed terms of settlement and the court makes a preliminary evaluation of the fairness of the settlement, prior to notice. *Id.* This initial assessment can be made on the basis of information already known to the court which, if necessary, may be supplemented by briefs, motions or an informal presentation

---

[1] The Regents seek approval of the form of notice and the scheduling of a hearing with respect to the *Newby* and *WSIB* classes now so that that notice can be mailed simultaneously with the notices to the class of the settlements with Arthur Andersen and Kirkland & Ellis now before the Court, with the attendant cost savings to the class. We will propose specific dates at the preliminary approval hearing to be held on December 1, 2006. We are informed that, for the same reason, counsel for the *Tittle* plaintiffs will also seek to notify the *Tittle* class of this proposed allocation in conjunction with the notice to be mailed in connection with another settlement that they are currently finalizing. While this may necessitate two hearings (one on notice to the *Newby* and *WSIB* classes and one on notice to the *Tittle* class) before the court's allocation order can become final, we believe that the cost savings to the class of a mailing with other notices (a savings estimated to be hundreds of thousands of dollars in the case of *Newby* and *WSIB*) justifies the modest duplication of effort.

from the settling parties. *Id.* Second, the court must finally approve the settlement after notice to the class and an opportunity to be heard has been given. "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *NASDAQ*, 176 F.R.D. at 102; *see also Manual for Complex Litigation (Third), supra*, at §30.41. As discussed briefly below, the proposed allocation now before this Court was agreed to only after serious, informed, arm's-length negotiations. Given the circumstances of this case, it is squarely within the range of reasonableness warranting notice apprising class members of the proposed allocation.

### B. Consideration of Final Approval Criteria Supports Preliminary Approval

Assessment of an allocation of settlement proceeds in a class action under Rule 23 of the Federal Rules of Civil Procedure is governed by the same standards of review applicable to the settlement as a whole – the plan must be fair, reasonable and adequate. *See In re Ikon Office Solutions, Inc.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1284 (9th Cir. 1992), *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (standard of review "applies with as much force to the review of the allocation agreement as it does to the review of the overall settlement between plaintiffs and defendants"). District courts enjoy "broad supervisory powers over the administration of class-action settlements to allocate the proceeds among the claiming class members . . . equitably." *Beecher v. Able*, 575 F.2d 1010, 1016 (2d Cir. 1978); *accord Chicken Antitrust*, 669 F.2d at 238. An allocation formula need only have a reasonable, rational basis, particularly if recommended by "experienced and competent" class counsel. *White v. NFL*, 822 F. Supp. 1389, 1420 (D. Minn. 1993); *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 142 F.R.D. 588, 596 (S.D.N.Y. 1992). The allocation agreed to here meets this criteria. First, although the precise issue of this allocation was not formally mediated by Eric Green, the

discussions between counsel regarding it were impacted by discussions regarding relative damages had with Professor Green during the attempts to reach a global settlement with Arthur Andersen early in the Enron litigation. Second, the allocation agreement was reached at a time when the parties and their counsel were informed by a developing factual record and certain key rulings by the Court both of which impacted the viability of certain claims asserted against AWSC. Finally, the allocation of the balance of the Settlement Amount is in the same ballpark as the allocation of the $15 million Expense Fund which the Court has already approved.

## III. CONCLUSION

For all of the foregoing reasons, the Court should preliminarily approve the allocation and set a schedule for notice and a final approval hearing.

DATED: November 1, 2006                    Respectfully submitted,

                                           LERACH COUGHLIN STOIA GELLER
                                               RUDMAN & ROBBINS LLP
                                             WILLIAM S. LERACH
                                             KEITH F. PARK
                                             DARREN J. ROBBINS
                                             HELEN J. HODGES
                                             BYRON S. GEORGIOU
                                             SPENCER A. BURKHOLZ
                                             JAMES I. JACONETTE
                                             MICHELLE M. CICCARELLI
                                             ANNE L. BOX
                                             JAMES R. HAIL
                                             JOHN A. LOWTHER
                                             ALEXANDRA S. BERNAY
                                             MATTHEW P. SIBEN
                                             ROBERT R. HENSSLER, JR.


                                             /s/Roger B. Greenberg * signed with permission
                                                       KEITH F. PARK

                                             655 West Broadway, Suite 1900
                                             San Diego, CA 92101
                                             Telephone: 619/231-1058

- 5 -

                          LERACH COUGHLIN STOIA GELLER
                            RUDMAN & ROBBINS LLP
                        PATRICK J. COUGHLIN
                        100 Pine Street, Suite 2600
                        San Francisco, CA  94111
                        Telephone:  415/288-4545
                        415/288-4534 (fax)

                        LERACH COUGHLIN STOIA GELLER
                            RUDMAN & ROBBINS LLP
                        REGINA M. AMES
                        KATHERINE C. SPLAN
                        9601 Wilshire Blvd., Suite 510
                        Los Angeles, CA  90210
                        Telephone:  310/859-3100
                        310/278-2148 (fax)

                        LERACH COUGHLIN STOIA GELLER
                            RUDMAN & ROBBINS LLP
                        G. PAUL HOWES
                        JERRILYN HARDAWAY
                        Texas Bar No. 00788770
                        Federal I.D. No. 30964
                        1111 Bagby, Suite 4850
                        Houston, TX  77002
                        Telephone:  713/571-0911

                        **Lead Counsel for Plaintiffs**

SCHWARTZ, JUNELL, GREENBERG
  & OATHOUT, LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932


       /s/Roger B. Greenberg
     ROGER B. GREENBERG

Two Houston Center
909 Fannin, Suite 2700
Houston, TX  77010
Telephone:  713/752-0017

- 6 -

HOEFFNER & BILEK, LLP
THOMAS E. BILEK
Federal Bar No. 9338
State Bar No. 02313525
1000 Louisiana Street, Suite 1302
Houston, TX  77002
Telephone:  713/227-7720

**Attorneys in Charge**

WOLF POPPER LLP
ROBERT C. FINKEL
845 Third Avenue
New York, NY  10022
Telephone:  212/759-4600

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO
MATTHEW L. TUCCILLO
53 State Street
Boston, MA  02109
Telephone:  617/439-3939

**Attorneys for Nathaniel Pulsifer**

SCOTT + SCOTT, LLC
DAVID R. SCOTT
108 Norwich Avenue
Colchester, CT  06415
Telephone:  860/537-3818

**Attorneys for the Archdiocese of Milwaukee Supporting Fund, Inc.**

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
MICHAEL G. LENETT
507 C Street, N.E.
Washington, DC  20002
Telephone:  202/789-3960
202/789-1813 (fax)

**Washington Counsel**

CICCARELLO DEL GIUDICE & LAFON
MICHAEL J. DEL GIUDICE
1219 Virginia Street, East, Suite 100
Charleston, WV 25301
Telephone: 304/343-4440
304/343-4464 (fax)

**Additional Counsel for Plaintiffs**

S:\Settlement\Enron.Set\AWSC Andersen Settlement\BRF RE ALLOCATION 00035473.doc

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION AND MEMORANDUM IN SUPPORT OF PRELIMINARY APPROVAL OF PROPOSED ALLOCATION OF ANDERSEN WORLDWIDE SOCIETE COOPERATIVE SETTLEMENT AMOUNT document has been served by sending a copy via electronic mail to serve@ESL3624.com on November 1, 2006.

I further certify that a copy of the foregoing document has been served via overnight mail on the following parties, who do not accept service by electronic mail on November 1, 2006.

Carolyn S. Schwartz
United States Trustee, Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Tom P. Allen
McDaniel & Allen
1001 McKinney St., 21st Fl
Houston, TX 77002

_____
Mo Maloney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF PROPOSED ALLOCATION OF ANDERSEN WORDLWIDE SOCIETE COOPERATIVE SETTLEMENT AMOUNT** document has been served by sending a copy via electronic mail to serve@ESL3624.com on February 16, 2007.

I further certify that a copy of the foregoing document has been served via overnight mail on the following parties, who do not accept service by electronic mail on February 16, 2007.

Carolyn S. Schwartz
United States Trustee, Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Tom P. Allen
McDaniel & Allen
1001 McKinney St., 21st Fl
Houston, TX 77002

I also certify that a copy of the above-mentioned document has been served via UNITED STATES MAIL (unless otherwise noted) on the parties listed on the attached "Additional Service List" on this 16th day of February, 2007.

_____
Mo Maloney

A copy of the foregoing document has also been served via UNITED STATES MAIL on the following parties:

**ADDITIONAL SERVICE LIST**

| | |
|---|---|
| Stuart Yoes<br>THE YOES LAW FIRM, LLP<br>3535 Calder Avenue, Suite 235<br>Beaumont, TX 77726-7584<br>409/833-2352<br>409/828-5577 (fax)<br><br>Attorney for Objectors RINIS | Frank H. Tomlinson<br>PRITCHARD, McCALL; & JONES, LLC<br>505 N. 20th Street, Suite 800<br>Birmingham, AL 35203<br>205/328-9190<br>205/458-0035 (fax)<br><br>Attorney for Objectors RINIS |
| Edward W. Cochran<br>20030 Marchmont Rd.<br>Shaker Heights, OH 44122<br>216/751-5546<br>216/751-6630 (fax)<br><br>Attorney for Objectors RINIS | N. Albert Bacharach Jr.<br>115 N.E. Sixth Avenue<br>Gainesville, FL 32601-6592<br>352/378-9859<br>352/338-1858 (fax)<br><br>Attorney for Objectors RINIS |
| Paul S. Rothstein<br>626 N.E. First Street<br>Gainesville, FL 32601<br>352/376-7650<br>352/374-7133 (fax)<br><br>Attorney for Objectors RINIS | Maureen McGuirl<br>FENSTERSTOCK & PARTNERS LLP<br>30 Wall Street, 9th Floor<br>New York, NY 10005<br>212/785-4100<br>212/785-4040 (fax)<br><br>Attorneys for Objectors James H. Allen, Jr., Burton W. Carlson, Jr., Michael T. DeFreece, Marcia A. DeFreece, Andrew E. Krinock, Phyllis A. Krinock, Partcom Limited Partnership, Reed Partners, L.P., formerly known as Reed Family Ltd. Partnership, F. Walker Tucei, June P. Tucei, Romand H. Uhing, Alvera A. Uhing and Viets Family Associates, LLP |
| SERVICE VIA UPS NEXT DAY AIR<br>Lawrence W. Schonbrun<br>LAW OFFICES OF LAWRENCE W. SCHONBRUN<br>86 Eucalyptus Road<br>Berkeley, CA 94705<br>510/547-8070<br><br>Attorney for Objector Brian Dabrowski | Richard C. Bauerle<br>30 Greenbriar<br>Ottumwa, IA 52501<br><br>Objector |

A copy of the foregoing document has also been served via UNITED STATES MAIL on the following parties:

## ADDITIONAL SERVICE LIST

| | |
|---|---|
| Arnold Gregg<br>4445 Forest Glen Road<br>Anaheim Hills, CA 92807<br><br>Objector | Steven F. Helfand<br>HELFAND LAW OFFICES<br>601 Montgomery Street, Suite 325<br>San Francisco, CA 94111<br>415/397-0007<br>415/397-0009 (fax)<br><br>Attorney for Objector John W. Davis |
| Mr. Stanley Majors<br>22868 Beaverhead Drive<br>Diamond Bar, CA 91765<br>909/860-8150<br><br>Objector | |

S:\Settlement\Enron.Set\ObjectorSERVICElist.doc