```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| In Re Enron Corporation<br>Securities, Derivative &<br>"ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL.,<br>         Plaintiffs<br>VS.<br>ENRON CORPORATION, ET AL.,<br>         Defendants | § § § § § § § § § § | CIVIL ACTION NO. H-01-3624<br>     CONSOLIDATED CASES |
| THE REGENTS OF THE UNIVERSITY<br>OF CALIFORNIA, et al.,<br>Individually and On Behalf of<br>All Others Similarly Situated,<br>         Plaintiffs,<br>VS.<br>KENNETH L. LAY, et al.,<br>         Defendants. | § § § § § § § § § § § § | |

## ORDER

Pending before the Court in the above referenced cause is Defendant Jeffrey K. Skilling's motion to sever or, in the alternative, to stay further proceedings (instrument #5450) until all appeals of his criminal trial conviction in H-04-CR-25 are completed.[1]  Defendant also points to this Court's recent order

---

[1] Mr. Skilling relies on a statement by Judge Higgenbotham in the Fifth Circuit order which denied Skilling's motion for bail pending appeal and lifted the stay on his surrender date: "Our review has disclosed serious frailties in Skilling's conviction on conspiracy, securities fraud, and insider trading, difficulties brought by a decision of this court handed down after the jury's verdict, as well as less formidable questions regarding the giving of a jury instruction on deliberate ignorance."  12/12/06 Order,

allowing the voluntary dismissals of other Defendants because Lead Plaintiff has the right to streamline its case and pursue the deepest pockets and asserts that he is also without substantial funds to satisfy any verdict against him.

Given the overlapping subject matter of civil and criminal proceedings, this Court in its discretion has previously applied a balancing test, weighing the protection of a Defendant's Fifth Amendment rights against Plaintiffs' interest in pursuing their civil damages claims, to resolve various Defendants' motions to stay parallel civil actions. *See, e.g.,* #570 and #1255 in H-01-3913; #5176 in H-01-3624. Among the factors considered by courts are (1) the nature of the proceedings, (2) how and when the Fifth Amendment is invoked and a stay of the civil proceedings requested, (3) the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible, including the interests of the civil plaintiff in proceeding expeditiously and potential prejudice to plaintiff from any further delay, and the hardship on the defendant, including the burden of defending if the parallel proceedings go forward at the same time; (4) the convenience of the civil and criminal courts; (5) the interests of third parties; (6) the public interest; (7) the good faith of the litigants; and (8) the status of the cases. *See, e.g., United States v. Certain Real Property*

---

*United States v. Skilling*, 5th Cir. Case No. 06-20885 (Exhibit A to #5450), *citing United States v. Brown*, 459 F.3d 509 (5th Cir. 2006). Defendant ignores the next sentence in that order: "Yet Skilling raises no substantial question that is likely to result in the reversal of his convictions on all of the charged counts." *Id.*

*and Premises*, 55 F.3d 78 (2d Cir. 1995)(and cases cited therein); *Microfinancial, Inc. v. Premier Holidays International, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004)(and cases cited therein); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1088-89 (5th Cir. 1979).

The situation has changed substantially since the Court granted a number of Defendants' earlier filed motions to stay civil proceedings in MDL 1446. For the reasons stated below, the Court finds the balance now weighs heavily in favor of permitting the civil *Newby* class action and the consolidated and coordinated cases to go forward against Mr. Skilling. "In the absence of substantial prejudice to the rights of the parties involved, parallel proceedings are unobjectionable under our jurisprudence." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980).

The *Newby* action has already been pending for five and a half years and is at a "late stage," with trial set in April 2007, while the other MDL cases were filed at various times, but were stayed until class certification last summer. Additional delay will only increase financial hardship to plaintiffs and add to the prejudice. With the passage of time, inevitably witnesses become unavailable, memories fade, and the risk of documents being lost rises. The Court necessarily has a strong interest in moving old cases along on its docket. There is also a strong public interest in prosecution of *Newby* and the MDL 1446 member cases in view of the enormous losses by investors in Enron securities. On

the other hand, Mr. Skilling has been tried and found guilty on numerous counts in his criminal action, has been sentenced, and is in prison.  At this stage the Court finds any risk to Skilling is minimal in comparison to the prejudice of further delay to the civil Plaintiffs in *Newby*.

As for Lead Plaintiff's voluntary dismissals of limited-pocket Defendants, it is up to Lead Plaintiff to decide whom to dismiss, not this Court.

Accordingly, the Court

ORDERS that Mr. Skilling's motion to sever or, in the alternative, motion to stay further proceedings (#5450) is DENIED.

**SIGNED** at Houston, Texas, this   12th   day of March, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE