UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. H-01-3624 **(Consolidated)**<br><br>CLASS ACTION |
| This Document Relates To: | | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | | |
| Plaintiffs, | | |
| vs. | | |
| ENRON CORP., et al., | | |
| Defendants. | | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | | |
| Plaintiffs, | | |
| vs. | | |
| KENNETH L. LAY, et al., | | |
| Defendants. | | |

**ORDER APPROVING FORM AND MANNER OF NOTICE**

WHEREAS, consolidated class actions are pending before this Court, including *In re Enron Corporation Securities Litigation*, Civil Action No. H-01-3624, which includes, among others, cases entitled *Newby, et al., v. Enron Corp., et al.*; and *The Regents of the University of California, et al., v. Kenneth L. Lay, et al.*; and

WHEREAS, the Lead Plaintiff, The Regents of the University of California, has applied to the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the form and manner of Notice of Hearing on Final Approval of the Proposed Plan of Allocation and Application for an Award of Attorney Fees and Lead Plaintiff's and Certain Other Persons' Request for Reimbursement of Expenses ("Notice"); and

WHEREAS, the Court has read and considered all papers filed and proceedings had herein relating to the Plan of Allocation and the Notice and is otherwise fully informed in the premises, and with good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court approves, as to form and content, the Notice.

2.     A hearing (the "Hearing") shall be held before this Court on February 29, 2008, at 2:00 p.m., in Courtroom 9C, 9th Floor of the Bob Casey United States Courthouse located at 515 Rusk Street, Houston, Texas, to determine whether the proposed Plan of Allocation should be approved as fair, reasonable and adequate; and to determine the amount of attorney fees that should be awarded to Lead Counsel and the amount of expenses to be paid to Lead Plaintiff and/or certain additional plaintiffs. The Court may adjourn the Hearing without further notice to Members of the Settlement Class.

3.     The Court finds that the mailing and distribution of the Notice substantially in the manner and form set forth below, constitutes the best notice practicable under the circumstances, including individual notice to all class members who can be identified through reasonable effort, and

constitutes valid, due and sufficient notice to all persons entitled thereto, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      Gilardi & Co. LLC (the "Claims Administrator") is appointed to supervise and administer the notice procedure, as follows:

(a)      Commencing on or before December 21, 2007, the Claims Administrator shall mail or cause to be mailed, by first class mail, postage prepaid, copies of the Notice and the Proof of Claim form substantially in the forms of Exhibits 1 and 2 hereto, to all Eligible Claimants who can be identified by Lead Plaintiff's counsel with reasonable effort at each such Eligible Claimant's last known address;

(b)      Banks, brokerage firms, institutions, and other persons who are nominees that purchased Eligible Securities for the beneficial interest of other persons during the Eligible Period shall, within ten (10) calendar days of receiving the Notice (a) send the Notice to all such beneficial owners, or (b) if they have not already done so in connection with prior settlements, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receiving the Notice, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Notice will advise such nominees that their reasonable costs in providing the Notice to such beneficial owners, to the extent not already reimbursed in connection with the prior partial settlements, will be reimbursed; and

(c)      On or before December 27, 2007, Lead Plaintiff's Counsel shall publish a summary notice, substantially in the form of Exhibit 3 hereto, twice in each of *Investor's Business Daily* and *The Houston Chronicle*;

(d)      On or before February 22, 2008, Lead Plaintiff's counsel shall file with the Court and serve on all parties proof by declaration or affidavit of the mailing and publishing described in this ¶4.

- 2 -

5.      Eligible Claimants who wish to participate in the distribution from the Net Settlement Fund shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than April 30, 2008.  Any Eligible Claimant who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

6.      Any Eligible Claimant may enter an appearance in the Litigation, individually or through counsel of its own choice.  If an Eligible Claimant does not enter an appearance, it will be represented by Lead Counsel.

7.      Any Eligible Claimant may appear and show cause, if he, she or it has any, why the Plan of Allocation should or should not be approved, why attorney fees should or should not be awarded to counsel for the Lead Plaintiff or why the expenses (including lost wages) of the Lead Plaintiff or the certain additional plaintiffs incurred in prosecuting this action should or should not be reimbursed; provided, however, that no Eligible Claimant or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Plan of Allocation, the attorney fees to be awarded to Lead Counsel, or the expenses to Lead Plaintiff or the certain additional plaintiffs, unless written objections and copies of any papers and briefs are postmarked on or before February 1, 2008 and sent to Patrick J. Coughlin, Keith F. Park, Helen J. Hodges, Coughlin Stoia Geller Rudman & Robbins LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101; and said objections, papers and briefs are filed with the Clerk of the Court for the Southern District of Texas, on or before February 1, 2008.  Any Eligible Claimant who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed

from making any objection to the fairness, reasonableness or adequacy of the proposed Plan of Allocation, to the award of attorney fees to Lead Counsel, or to the expense reimbursement to Lead Plaintiff or the additional plaintiffs, unless otherwise ordered by the Court.

8.      All motions and papers in support of the Plan of Allocation, and any motion by counsel for the Lead Plaintiff for an award of attorney fees or reimbursement of plaintiffs' expenses shall be filed and served on or before January 4, 2008.  Replies to any objections shall be filed and served on or before February 22, 2008.

9.      The Court reserves the right to adjourn the date of the Hearing without further notice to Eligible Claimants.  The Court may approve the Plan of Allocation, with such modifications as may be proposed by Lead Plaintiff, if appropriate, without further notice to Eligible Claimants.

10.      All reasonable costs and expenses incurred in identifying and providing notice to Eligible Claimants shall be equitably allocated by Lead Plaintiff's counsel among the funds obtained in prior settlements and shall thereafter be paid therefrom.

IT IS SO ORDERED.

DATED: _December 20, 2007_      _Melinda Har_____

THE HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE

S:\Settlement\Enron.Set\Final Approval Filing October 2007\Revised Order and Exhibits 12-18-07\12-18-07 ORD RE NOTICE 00046169.doc

- 4 -

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. H-01-3624 **(Consolidated)** <br><br> CLASS ACTION |
| This Document Relates To: | § § | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants. | § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| KENNETH L. LAY, et al., | § § § | |
| Defendants. | § § § | |

**NOTICE OF HEARING FOR FINAL APPROVAL OF: (A) PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS; AND (B) PLAINTIFFS' COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY FEES AND LEAD PLAINTIFF'S AND CERTAIN OTHER PERSONS' APPLICATION FOR REIMBURSEMENT OF EXPENSES**

**EXHIBIT 1**

TO:     ALL PERSONS (AND THEIR BENEFICIARIES) WHO PURCHASED OR
        ACQUIRED ANY ENRON SECURITIES OR ENRON-RELATED SECURITIES
        (AS FURTHER DEFINED BELOW) BY ANY METHOD FROM SEPTEMBER 9,
        1997 THROUGH AND INCLUDING DECEMBER 2, 2001

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS

MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU

ARE AN ELIGIBLE CLAIMANT, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS

OF THE SETTLEMENTS OBTAINED IN THIS LITIGATION PURSUANT TO THE PLAN OF

ALLOCATION DESCRIBED BELOW. TO CLAIM YOUR SHARE OF THIS FUND, YOU

MUST SUBMIT A VALID PROOF OF CLAIM (THE FORM WHICH ACCOMPANIES THIS

NOTICE) POSTMARKED ON OR BEFORE APRIL 30, 2008.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure

and an Order of the United States District Court for the Southern District of Texas, Houston Division

(the "Court"). The purpose of this Notice is to inform you of the hearing (the "Hearing") to be held

by the Court to consider the fairness, reasonableness, and adequacy of a Plan of Allocation (the

"Plan") proposed by the Court-appointed Lead Plaintiff in this Action, The Regents of the University

of California ("The Regents"). If approved by the Court after this Hearing, the Plan will govern how

the proceeds from Prior Settlements (defined below) in this Action will be distributed to Eligible

Claimants who submit valid and timely proof of claim forms. To date, settlements obtained in this

Action total approximately $7,227,390,000 (the "Gross Settlement Fund"), plus interest earned on

this amount.

Your recovery from the Settlement Fund will depend on a number of variables, including the

number of shares or units of Enron Securities or Enron-Related Securities you purchased or

otherwise acquired during the period September 9, 1997 to December 2, 2001, the timing of your

purchases and any sales, and the number of eligible securities purchased by other Eligible Claimants

who submit valid and timely proof of claim forms.

- 1 -

Based on information currently available to the Lead Plaintiff and the analysis performed by its damage experts and consultants, it is estimated that if Eligible Claimants submit claims for 100% of the Enron Securities and Enron-Related Securities eligible for a distribution under the Plan, the average distribution per share of Enron common stock would be $6.79 per share and the average distribution per share of Enron "stock-like" preferred would be $168.50 per share. Historically, however, actual claim rates are less than 100%, which results in higher distributions per share.

## I.    STATEMENT OF FEES AND EXPENSES SOUGHT

At the outset of the case, The Regents negotiated a fee agreement with Lead Plaintiff's counsel that provides for attorney fees of 8% to 10% of the recoveries, depending on the amounts recovered. At the Hearing, counsel for the Lead Plaintiff will make an application for fees that complies with this fee agreement. The amount of attorney fees ultimately paid to Lead Plaintiff's counsel is subject to the approval of the Court. If approved, the requested fee will amount to approximately 9.522% of the Gross Settlement Fund. Any such sum that is awarded by the Court will be paid from the amounts recovered in the Prior Settlements. If the amount requested is approved by the Court, the average cost per share of Enron common stock and Enron "stock-like" preferred will be $0.65 and $16.15, respectively. In addition, the Lead Plaintiff will seek up to $1.8 million in reimbursement of its time and expenses incurred in prosecuting the Action. In addition, the following representative plaintiffs will seek the amounts shown in reimbursement of their time and expenses incurred in prosecuting the Action: Amalgamated Bank ($52,909.54), San Francisco Employees Retirement System ($28,043.00), Employer-Teamsters Local Nos. 175/505 Pension Trust Fund ($331.50), Staro Asset Management ($51,560.00), Nathaniel Pulsifer as Trustee of Shooters Hill Revocable Trust ($15,117.00), and Conseco ($133,030.00). Finally, eleven individuals who were either proposed as class representatives or otherwise took action for the benefit of the class will seek up to $45,000 each in reimbursement of their time and expenses.

For further information regarding these matters, you may contact a representative of Lead Plaintiff's counsel: Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

## II.    NOTICE OF HEARING ON PROPOSED PLAN OF ALLOCATION AND APPLICATION FOR AN ATTORNEY FEE

The Hearing will be held on February 29, 2008, at __:__ __.m., before the Honorable Melinda Harmon, United States District Judge, at the United States District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. The purpose of the Hearing will be to determine: (1) whether the proposed Plan of Allocation to distribute the settlement proceeds is fair, reasonable, and adequate; and (2) whether the application by Lead Plaintiff's counsel for an award of attorney fees should be approved and the expenses of the Lead Plaintiff and certain other plaintiffs paid. The Court may adjourn or continue the Hearing without further notice to the Settlement Class, other than by oral announcement at the time scheduled for the Hearing or at any later hearing.

## III.    CERTAIN DEFINITIONS USED IN THIS NOTICE

1.    "Claims Administrator" means the firm of Gilardi & Co.

2.    "Enron Securities" or "Enron-Related Securities" means those securities identified in Exhibits 1, 2 and 3 to this Notice.

3.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

4.    "Plaintiffs' Lead Counsel" means: Coughlin Stoia Geller Rudman & Robbins LLP, Patrick J. Coughlin, Keith F. Park, Helen J. Hodges, 655 West Broadway, Suite 1900, San Diego, CA 92101.

5.      "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Gross Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorney fees, costs, expenses and interest as may be awarded by the Court.

6.      "Prior Settlements" means the settlements entered into with Andersen Worldwide Societé Cooperative ("AWSC"), Bank of America, Lehman Brothers, The Enron Outside Directors, Citigroup, JPMorgan Chase, Canadian Imperial Bank of Commerce ("CIBC"), Kirkland & Ellis and Arthur Andersen.

7.      "Taxes" means federal, state, local and non-U.S. income and other taxes, together with any interest, penalties or additions to tax imposed with respect thereto.

8.      "Tax Expenses" means expenses incurred in connection with the implementation of the tax payment and tax reporting provisions of the Settlement, including reasonable expenses of tax attorneys and accountants.

## IV.    THE RIGHTS OF ELIGIBLE CLAIMANTS

If you are an Eligible Claimant, you have the following options with respect to the Plan of Allocation and the fee and expense application:

1.      To share in the Settlement Fund, you must submit the Proof of Claim that accompanies this notice form as described below.  If you choose this option, you will share in the Settlement Fund if your claim is timely and valid under the Plan of Allocation and if the proposed Plan of Allocation is finally approved by the Court.

2.      You may do nothing at all.  If you choose this option, you will not share in the Settlement Fund.

-4-

3.      Whether or not you submit a Proof of Claim form, you may object to the Plan of Allocation and/or the application for attorney fees and plaintiffs' expenses in the manner described in §VIII below.

4.      If you are an Eligible Claimant, you may, but are not required to, enter an appearance through counsel of your own choosing.  If you do not do so, you will be represented by Plaintiffs' Lead Counsel: Coughlin Stoia Geller Rudman & Robbins LLP, Patrick J. Coughlin, Keith F. Park, Helen J. Hodges, 655 West Broadway, Suite 1900, San Diego, CA 92101.

## V.     PLAN OF ALLOCATION

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Lead Counsel and the Lead Plaintiff have consulted with their damage consultants and others and the Plan of Allocation reflects an assessment of, among other things, the damages that they believe could have been recovered had Lead Plaintiff prevailed at trial.

To date, approximately $7.2 billion (the "Gross Settlement Fund") has been collected by Counsel for Lead Plaintiff, The Regents of the University of California ("The Regents"), in settlements in the consolidated actions *Newby, et al. v. Enron Corp., et al.*, No. H-01-CV-3624 (S.D. Tex.) ("*Newby* Action"), for distribution pursuant to this Plan of Allocation (the "Plan") to investors who suffered losses resulting from the alleged Enron Corporation ("Enron") fraud and to pay for the expense of this litigation.  The "Eligible Claimants" (further defined below) entitled to make claims for these funds are persons who purchased or acquired the securities of Enron or of certain Enron-related entities during the period September 9, 1997 to December 2, 2001, inclusive (the "Eligible Period").

The Gross Settlement Fund, increased by interest earned, decreased by the fees and expenses of litigation approved by the Court, by notice and claims administration expenses and by taxes (the "Net Settlement Fund"), will be distributed to Eligible Claimants who are entitled under this Plan to

- 5 -

share in the distribution and who submit timely and valid Proofs of Claim ("Authorized Claimants"). The purpose of this Plan is to establish an equitable method of distributing the Net Settlement Fund among Authorized Claimants. Because the Net Settlement Fund is less than the total losses suffered by Eligible Claimants, the formulas described below for calculating Recognized Losses and Recognized Claims are not intended to be an estimate of the amount that will actually be paid to Authorized Claimants. Rather, these formulas are the basis on which the Net Settlement Fund will be allocated to Authorized Claimants. The Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund. In general, each Authorized Claimant will receive an amount (the "Distribution Amount") determined by multiplying the Net Settlement Fund by a fraction, the numerator of which is the Authorized Claimant's Recognized Claim and the denominator of which is the Total Recognized Claims of all Authorized Claimants. The actual amount distributed to an Authorized Claimant will exceed the amount of the Recognized Claim of the Authorized Claimant only in the unlikely event that the Net Settlement Fund exceeds the sum of all Recognized Claims represented by all Proofs of Claim.

### A.    Eligible Claimants

1.    "Eligible Claimants" means all Persons (and their beneficiaries) who purchased or acquired any Enron Securities or Enron-Related Securities by any method from September 9, 1997 through and including December 2, 2001, including, but not limited to, in an offering or purported private placement; or in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement; or by means of an employer contribution to an employee stock plan; or through the exercise of options (including, but not limited to, options acquired pursuant to employee stock plans). Defendants in the consolidated *Newby* Action, the officers and directors of Enron, members of their immediate families, and their successors, heirs and legal representatives are not Eligible Claimants. The term Eligible Claimants also excludes persons who previously timely

- 6 -

and validly requested exclusion from the Settlement Classes in accordance with notices previously mailed to the Settlement Classes.

2.      To share in the distribution of the Net Settlement, an Eligible Claimant must have purchased or otherwise acquired an Enron or Enron-related security in the Eligible Period and must have suffered a loss resulting from the alleged Enron fraud by December 3, 2001, on his/her/its investments in that security.

### B.      Eligible Securities

1.      Securities ("Eligible Securities") for which an Authorized Claimant may be entitled to receive a distribution from the Net Settlement Fund consist of securities acquired during the Eligible Period, which were issued by Enron or certain Enron-related entities and, the value or repayment of which was dependent on Enron's credit, financial condition, or ability to pay.  The Eligible Securities are divided into two categories:[1]

(a)      **Category 1**: securities issued by Enron, or by Enron's predecessor firms Internorth or Houston Natural Gas, or by a trust or other entity created by Enron for the purpose of issuing a particular security, as well as derivatives of securities issued by Enron.  The price or value of Category 1 securities during the Settlement Period must have primarily depended on Enron's credit, financial condition, or ability to pay.  Category 1 includes Enron common stock, Enron debt (Notes), Enron preferred securities,[2] put and call options on Enron common stock,[3] and the derivatives known as "Foreign Debt Securities."

---

[1]      Known Eligible Securities are listed on Exhibits 1 and 3 hereto.

[2]      Preferred securities may combine features of both fixed income and equity.  As used here, "bond-like" preferred refers to preferred securities whose prices tracked those of Enron's traditional fixed-income securities because regular income distributions were the principal source of return, as opposed to capital appreciation.  "Stock-like" preferred refers to preferred securities whose value fluctuated with that of Enron's common stock.  One stock-like preferred security eligible for

(b)  **Category 2**: securities issued by Enron-related entities, including equity, debt, preferred securities, and derivatives of those securities.[4]  Known Category 2 securities are identified in Exhibits 1-3, but these lists are not necessarily exhaustive.  Prices of certain Category 2 securities are known *not* to have declined due to the disclosure of the alleged Enron fraud; those securities are excluded from this Plan and are identified in Exhibit 2.  Category 2 securities whose prices are known to have declined due to disclosure of the alleged Enron fraud are identified in Exhibit 1 and they are eligible for distributions.  At present it is not known whether prices of certain other Category 2 securities declined due to disclosure of the alleged Enron fraud because pricing data on such securities have not been found.  Those Category 2 securities are identified in Exhibit 3.  Purchasers and acquirers of any of the Category 2 securities identified in Exhibit 3 during the Eligible Period who wish to participate in the Net Settlement Fund must provide with submission of their Proof of Claims evidence of a decline in price (or value, if no market price is available) resulting from disclosure of the alleged Enron fraud.  Evidence may include trading records and/or proof of the terms of the security, including dependence of its value on Enron's credit, or financial condition, or ability to pay.

C.  **Principles of the Plan of Allocation**

1.  This Plan is based on the following principles and additional definitions, among others:

---

distributions under the Plan is the Enron $10.50 Convertible Preferred.  Other eligible Enron preferred securities identified in Exhibits 1-3 are considered "bond-like."

[3]  The only options known to have traded during the Eligible Period which are Eligible Securities are options on Enron common stock.  Options on stock of Enron Oil and Gas Company are not Eligible Securities as the value of these options did not depend on Enron's financial condition.

[4]  Credit default swaps on Enron Corporation debt are not considered Eligible Securities under this Plan.

(a)     A "Recognized Loss" is the amount of a claim under this Plan before the application of any multiplier.

(b)     A "Recognized Claim" is the amount of a claim under this Plan after the application of a multiplier, or, if no multiplier is applied, remains equal to the Recognized Loss.

(c)     A "Distribution Amount" is the actual amount to be distributed to an Authorized Claimant.  The Distribution Amount for an Authorized Claimant for any Eligible Security will not exceed the Recognized Claim on the security except as described in §E.4 below.

(d)     A "purchase" means the purchase or acquisition by any means of an Eligible Security.

(e)     A "sale" means the sale or disposition by any means of an Eligible Security.

(f)     Authorized Claimants must have purchased or otherwise acquired an Enron or Enron-related (Category 1 or Category 2) security (*i.e.*, an Eligible Security) during the Settlement Period.

(g)     The market price (or value, if market prices are not available) of the Enron or Enron-related security, must have declined due to disclosure of the alleged Enron fraud.

(h)     Because disclosure of the alleged Enron fraud did not affect prices of Enron and Enron-related debt securities until after October 16, 2001, to share in the distribution of the Net Settlement, purchasers or acquirers of Enron and Enron-related debt securities must have either:

(i)     purchased or acquired the security in the Eligible Period prior to October 17, 2001, and held the security at least until October 17, 2001; or

(ii)    purchased or acquired the security on or after October 17, 2001; *and, in either case,*

(iii)   incurred a loss on the security as calculated below.

(i)    Claims for Category 2 Enron-related securities are, in the judgment of Lead Plaintiff, weaker than those of claimants who acquired Category 1 Enron securities in the Eligible Period.  The amounts distributed by reason of Recognized Claims on Category 2 Enron-related securities: (1) may not exceed 5% of the Net Settlement Fund except if the Net Settlement Fund is greater than the total of all Recognized Claims; and (2) the percentage recovery on any Recognized Claim distributed for Category 2 Enron-related securities from the Net Settlement Fund may not exceed the percentage recovery on Recognized Claims to be distributed for Category 1 Enron securities.

(j)    An Authorized Claimant's gains and losses on a particular Eligible Security acquired in the Eligible Period will be netted against each other to determine the Authorized Claimant's net Recognized Claim on that security.  In the case of Enron common stock and options on that stock, gains and losses on both the stock and options will be combined and thereafter netted against each other.  In all other cases, gains and losses will *not* be netted or aggregated across different Eligible Securities.  For example, an Authorized Claimant's Recognized Claim (as calculated under this Plan) on Enron common stock/options will not offset his/her/its Recognized Claim (as calculated under this Plan) on any issue of Enron Notes, nor will an Authorized Claimant's Recognized Claim on one issue of Enron Note(s) offset any gains on a different issue of Enron Note(s).

(k)    In general, the Recognized Loss on a Category 1 and certain Category 2 Enron securities will be calculated based on the estimated amount of inflation due to the alleged fraud in the price of the security at the time of each transaction in that security.  If the security was purchased and sold in the Eligible Period, the Recognized Loss on that security[5] equals the dollar amount per

---

[5]    Discussed in more detail below in §D.

- 10 -

unit of estimated inflation at purchase, multiplied by the number of units purchased, minus the dollar amount per unit of estimated inflation at sale multiplied by the number of units sold.[6] If the security was purchased in the Eligible Period and held until December 3, 2001, the Recognized Loss equals the dollar amount per unit of estimated inflation at purchase multiplied by the number of units purchased. Any gain on transactions in a security used to offset a loss on the same security also will be calculated based on the estimated amount of inflation in the price of the security due to the alleged fraud. If the security was purchased as well as sold in the Eligible Period, and the dollar amount of estimated inflation at sale exceeded the dollar amount of estimated inflation at purchase, the excess dollar inflation will be considered a gain and will (partially or fully) offset any losses on transactions in the same security in the Eligible Period. If the security was not purchased in the Eligible Period, no loss or gain on that security will be recognized for the purposes of this Plan.

(l)    If an Eligible Claimant acquired an Eligible Security before as well as during the Eligible Period, and if the Eligible Claimant sold that security during the Eligible Period, the "first-in/first out" (FIFO) flow assumption will determine which units of the Eligible Security the Eligible Claimant purchased on which dates, and which units the Eligible Claimant sold in the Eligible Period and on which dates. The Distribution Amount for an Authorized Claimant for any Eligible Security will not exceed the Recognized Claim on the security except as described in §E.4 below.

(m)    If an Eligible Claimant acquired an Eligible Security during the Eligible Period by means of a gift, inheritance or operation of law, the Recognized Claim for that acquisition

---

[6]    An investor in put options on Enron common stock (as opposed to other types of securities) may have incurred a loss by selling and then purchasing put options in the Eligible Period. For put options on Enron common stock or other put options which qualify as Eligible Securities, the Recognized Loss equals the dollar amount of inflation per contract purchased in the Eligible Period, minus the dollar amount of inflation per contract sold in the Eligible Period, as described in §D.1.(b) below.

- 11 -

will be computed by using the price of such Eligible Security on the original date of purchase – if the original purchase was during the Eligible Period – and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of the Eligible Security. To the extent that any Eligible Security was originally purchased prior to or after the end of the Eligible Period, and there was no taxable event or change in cost basis at the time of transfer during the Eligible Period, the Eligible Claimant's Recognized Claim for that acquisition shall be $0.

(n)     When any Proof of Claim includes an Eligible Period sale or redemption of an Eligible Security acquired during the Eligible Period, the earliest sale during the Eligible Period of a specific Eligible Security will be matched first against the Authorized Claimant's opening position on the first day of the Eligible Period, if any, for that specific Eligible Security, and then matched chronologically thereafter against each purchase or acquisition of that specific Eligible Security during the Eligible Period.

(o)     A portion of the Gross Settlement Fund was obtained from defendants against whom only claims for violation of §11 of the Securities Act of 1933 on four Enron Notes (the "§11 Notes") [7] were pending. The calculation of a Recognized Claim for these §11 Notes is described below in §D.3.

(p)     Entities with claims under the Texas Securities Act who "opt-in" (*i.e.*, by submitting a Proof of Claim) are entitled to share in the Net Settlement Fund. This portion of the

---

[7]     The four securities which are subjects of specific settlements under §11 are:

- Enron Corp. 7.375% Notes due May 15, 2019

- Enron Corp. 7% Exchangeable Notes due July 31, 2002

- Enron Corp. 7.875% Notes due June 15, 2003

- Enron Corp. Zero Coupon Convertible Senior Notes due 2021.

class includes only states or state institutions which acquired either of two Enron Notes during the Settlement Period.[8]  Under the Texas Securities Act, state institutions are entitled to rescissory damages; that is, entitled to void their purchases and receive instead the entire amount paid for a security minus the entire amount received at sale of the security.  Therefore, the Recognized Claim for these entities who purchased these Notes on or after September 9, 1997, and before December 3, 2001, will be calculated based on this measure of damages, *i.e.*, 100% of the purchase price paid, minus (i) 100% of the sale or redemption price received if the Note was sold or redeemed prior to December 3, 2001; or (ii) if held on December 3, 2001, the price of the Notes on December 3, 2001.

(q)     In the event an Eligible Claimant previously requested exclusion from one or more (but less than all) of the settlements, the Distribution Amount to be paid to such Eligible Claimant will be equitably adjusted to reflect that decision not to participate in the recovery obtained by such settlement(s).

### D.     Calculation of a Recognized Claim

1.     Calculation of the Recognized Loss and thereafter the Recognized Claim, will depend on the following factors including, among others:

- whether the security is an "Eligible Security;"[9]
- when each such security was purchased;
- when the security was sold or redeemed or otherwise disposed of;
- the amount paid or value of the consideration given for each unit of the security ("Purchase Price Paid");

---

[8]     The two Enron Notes subject to claims under the Texas Securities Act are: Enron 6.40% Notes due July 15, 2006 and Enron 6.95% Notes due July 15, 2028.

[9]     As used in this Plan, "Eligible Security" refers to a particular type or issue of security traded in the Eligible Period, and not to one unit of that security.  For example, Enron common stock is an "Eligible Security," while a share of Enron common stock is simply one unit of that "Eligible Security."

- the amount of inflation in the security price at date of purchase;

- the amount received or value of the consideration received for each unit of such security at sale, if sold prior to December 3, 2001 ("Sale Price Received");

- the amount of inflation in the security price at date of sale, if sold prior to December 3, 2001; and

- for Enron (Category 1) Notes subject to §11 claims, any multiplier to be applied to the Recognized Loss.

### 1. Recognized Claims for Transactions in Category 1 Enron Common Stock, Options on Enron Common Stock, and Enron "Stock-Like" Preferred Securities

(a)    For each unit of an Enron equity security – including Enron common stock, call options on Enron common stock, or Enron "stock-like" preferred[10] – purchased in the Eligible Period, the Recognized Loss (and Recognized Claim) is the dollar amount of inflation in the Purchase Price Paid at date of acquisition times the number of units acquired, minus the dollar amount of inflation in the Sale Price Received at date of sale if sold prior to December 3, 2001, times the number of units sold. Losses on that security for all units of that security purchased during the Eligible Period will be offset by gains on that security, with both gains and losses calculated as specified in this Plan. The estimated percentage of inflation in the price of a share of Enron common stock for the purposes of this calculation appears in the chart below. The dollar amount of inflation in the price of Enron common stock on any date in the Eligible Period will be calculated by multiplying the Purchase Price Paid or Sale Price Received on that date by the percentage price inflation on that date. In the case of Enron common stock and options on that stock, gains and losses on both the stock and options (as calculated under this Plan) will be combined, and thereafter netted against each other. In all other cases, gains and losses (as calculated under this Plan) will not be netted or aggregated across different Eligible Securities. Employee stock grants will be valued based

---

[10]    The Enron "stock-like" preferred is the $10.50 Convertible Preferred.

on the market closing price on the date of vesting; grants which vested prior to the Eligible Period or did not vest during the Eligible Period are not eligible for recovery under this Plan.

**Inflation in Prices of Enron Common Stock and a "Stock-Like" Preferred Security**

| Purchase or Sell Within Period | | Estimated Inflation |
|---|---|---|
| Period start | Period end | at Time of Purchase or Sale |
| 09/09/97 | 08/16/98 | 1% |
| 08/17/98 | 11/15/98 | 12% |
| 11/16/98 | 03/30/99 | 17% |
| 03/31/99 | 05/13/99 | 48% |
| 05/14/99 | 08/15/99 | 40% |
| 08/16/99 | 03/29/00 | 58% |
| 03/30/00 | 10/16/01 | 98% |
| 10/17/01 | 11/20/01 | 94% |
| 11/21/01 | 11/27/01 | 86% |
| 11/28/01 | 12/02/01 | 0% |

**Option Inflation**

      (b)    Inflation in the prices of call and put options on Enron common stock is calculated based on the Black-Scholes option pricing model and the estimated inflation in Enron common stock which appears in the table above. The price inflation of a call option is equal to the difference between the value of the call option based on the actual closing price of Enron common stock, and the value of the call option based on the true value of Enron common stock absent the alleged fraud on the same date. The price inflation of a put option is equal to the difference between the value of the put option based on the true value of Enron common stock given the alleged fraud, and the value of the put option based on the actual closing price of Enron common stock on that date.

(c)     Posted on the Claims Administrator's website (www.gilardi.com) is a table[11] entitled "Daily Per-Option Inflation for Exchange-Traded Options on Enron Common Stock" which displays the daily inflation in Enron exchange-traded call and put options during the relevant period. For call options on Enron common stock acquired through an employee stock plan, see below.

(d)     Exchange-traded options are typically traded in units called contracts. Each contract entitles the option buyer/owner to 100 shares of the underlying stock upon exercise or expiration. Herein, one option means an option with one share of Enron common stock as the underlying security. Price inflation per option is the dollar amount of inflation in one option (with one share of Enron common stock as the underlying security).

**Recognized Claim – Acquisitions of Exchange-Traded Call Options:**

- The Recognized Claim for exchange-traded call options purchased or acquired prior to the Eligible Period is $0.[12]

- For exchange-traded call options purchased or acquired during the Eligible Period that were subsequently sold, the Recognized Claim per option is equal to the difference between the price inflation per option on the date of purchase/acquisition and the price inflation per option on the date of sale.

- For exchange-traded call options purchased or acquired during the Eligible Period that were exercised, the Recognized Claim per option is equal to the difference between the price inflation per option on the date of purchase/acquisition and the price inflation per option on the date of exercise.

- Enron common stock acquired during the Eligible Period through the exercise of an exchange-traded call option shall be treated as a purchase of Enron common stock on the date of exercise. The purchase price paid for such stock shall be the closing price of Enron common stock on the date of exercise. Any Recognized Claim arising from such transaction shall be computed as provided for other purchases of Enron common stock in the Plan of Allocation.

---

[11]     Because of the length of this table, it is not included here.

[12]     Any inflationary gain resulting from call options acquired prior to the Eligible Period, when the inflation in the option was 0%, that was subsequently sold or exercised during the Eligible Period, when the inflation in the option was greater than 0%, shall not offset Recognized Claims for any other options or securities.

- For call options purchased or acquired during the Eligible Period that expired unexercised while still owned, the Recognized Claim per option is equal to the price inflation per option on the date of purchase/acquisition.

- No loss shall be recognized based on a sale or writing of any call option that was subsequently repurchased.

**Recognized Claim – Call Options Acquired Through an Employee Stock Plan:**

- For call options on Enron stock acquired through an employee stock plan, the date of acquisition of the option shall be the date the option became vested (*i.e.*, eligible for exercise). The Recognized Claim for options that were unvested (*i.e.*, ineligible for exercise) throughout the entire Eligible Period is $0.

- For call options on Enron stock acquired (either prior to or during the Eligible Period) through an employee stock plan that were exercised during the Eligible Period, the Recognized Claim per option is equal to the difference between the price inflation per option on the date of vesting and the price inflation per option on the date of exercise.

- Enron common stock acquired during the Eligible Period through the exercise of a call option shall be treated as a purchase of Enron common stock on the date of exercise. The purchase price paid for such stock shall be the closing price of Enron common stock on the date of exercise. Any Recognized Claim arising from such transaction shall be computed as provided for other purchases of Enron common stock in the Plan of Allocation.

- For call options on Enron stock acquired (*i.e.*, that became vested) during the Eligible Period through an employee stock plan and which expired unexercised while still owned, the Recognized Claim per option shall be the price inflation in the value of the option on the vesting date of such options.

- The price inflation of a call option is equal to the difference between the value of the call option based on the actual closing price of Enron common stock, and the value of the call option based on the true value of Enron common stock absent the alleged fraud on the same date. The value of the option shall be determined using the Black-Scholes option-pricing model adjusted for an underlying security paying dividends and using the following data: [13]

---

[13]　Continuous dividend yields, implied volatility and risk-free interest rates to be used in this calculation are set forth on tables entitled: (1) "Employee Options on Enron Common Stock, Implied Volatility and Continuous Dividend Yield"; and (2) "Employee Options on Enron Common Stock, Risk-Free Interest Rate" posted on the Claims Administrator's website (www.gilardi.com). Because of their length, these tables are not included here.

Implied volatility: the annualized volatility in the price of Enron common stock on the valuation date, which is the standard deviation of the stock's daily logarithmic returns over the past 252 trading days multiplied by the square root of 252 (the average number of trading days in a year).

Continuous dividend yield: the current dividend yield on the valuation date, which is equal to the most recent full-year per-share dividend, divided by the previous trading day's reported closing price of Enron common stock.

Risk-free interest rate: the federal constant maturity rate of the Treasury security with a maturity date closest to the maturity date of the option on the valuation date.

- For call options on Enron stock acquired (*i.e.*, vested) prior to the Eligible Period through an employee stock plan that expired unexercised while still owned, the Recognized Claim shall be $0.

**Recognized Claim – Exchange-Traded Put Option Sales:**

- The Recognized Claim for put options sold (written) prior to the Eligible Period is $0.[14]

- For put options sold (written) during the Eligible Period that were subsequently re-purchased, the Recognized Claim per option is the difference between the price inflation per option on the date of sale (writing) and the price inflation per option on the date the put option was re-purchased.

- For put options sold (written) during the Eligible Period that were "put" to the Authorized Claimant (*i.e.*, exercised), the Recognized Claim per option is equal to the difference between the price inflation per option on the date of sale (writing) and the price inflation per option on the date of exercise.

- If the seller (writer) of a put option on Enron common stock purchased shares of Enron common stock during the Eligible Period as a result of the buyer of such put option exercising that put option, then any Recognized Claim arising from such transaction shall be computed as provided for other purchases of Enron common stock in the Plan of Allocation. The acquisition date of such shares shall be the date of exercise and the purchase price paid for such stock shall be the closing price of Enron common stock on the date of exercise.

- For put options sold (written) during the Eligible Period that expired unexercised, the Recognized Claim shall be $0.

---

[14]    Any inflationary gain resulting from the sale (writing) of a put option prior to the Eligible Period (when the inflation in the option was 0%) and subsequent re-purchase or exercise of the put option during the Eligible Period (when the inflation in the option was greater than 0%) shall not offset Recognized Claims for any other options or securities.

- 18 -

- The Recognized Claim on a sale of any put option that was previously purchased shall be $0.

**2.    Recognized Claims for Category 1 Enron Debt Securities: Enron Notes, Enron "Bond-like" Preferred Securities, and the Foreign Debt Securities[15]**

(a)    Exhibit 1 lists Category 1 Enron debt securities. For a claimant to be eligible for any recovery on a Category 1 Enron debt security under this Plan, the debt security either must have been purchased in the Eligible Period before October 17, 2001, and held at least until October 17, 2001, or must have been purchased in the Eligible Period on or after October 17, 2001.

(i)    If the Eligible Claimant purchased the debt security during the Eligible Period prior to October 17, 2001, and sold on or after that date but before December 3, 2001, or purchased on or after October 17, 2001, and sold prior to December 3, 2001, the Recognized Claim will be the dollar amount of inflation per unit in the acquisition price multiplied by the number of units acquired, minus the dollar amount of inflation per unit in the sale price multiplied by the number of units sold.

(ii)    For Enron Notes, Enron "bond-like" preferred securities, and Foreign Debt Securities acquired during the Eligible Period, the Recognized Claim will be the dollar amount of estimated inflation per unit in the purchase or acquisition price multiplied by the number of units acquired, if the debt security was held at least until December 3, 2001.

The table below displays the estimated inflation in the prices of Category 1 Enron debt securities in percentage terms.

---

[15]    Recognized claims for Enron Notes subject to §11 claims and claims by state institutions under the Texas Securities Act are calculated in the manner described in §§3 and 4 below.

**Inflation in the Prices of Category 1 Enron Debt Securities in the Eligible Period:**

| | |
|---|---|
| 09/09/97 – 11/15/98 | 0% |
| 11/16/98 – 03/29/00 | difference between Purchase Price Paid and 80% of face value (par value) |
| 03/30/00 – 10/16/01 | difference between Purchase Price Paid and 20% of face value (par value) |
| 10/17/01 – 11/27/01 | difference between Purchase Price Paid (or Sales Price Received) and 20% of face value (par value) |
| 11/28/01 – 12/02/01 | 0% |

3.    **Recognized Claims for the §11 Notes**[16]

(a)    A Recognized Claim for any of the §11 Notes will depend upon the particular §11 Note purchased. Each of the §11 Notes is assigned a multiplier used in the calculation of a Recognized Claim based on Recognized Losses as described below. The multiplier was derived from certain settlements with defendants against whom only claims for violations of §11 of the Securities Act of 1933 on the §11 Notes were pending.

(b)    Any §11 Note purchased during the Eligible Period and prior to October 17, 2001, must have been held through October 16, 2001, to participate in this Plan. The Recognized Claim for a §11 Note will be:

---

[16]    The §11 Notes are:

- Enron Corp. 7.375% Notes due May 15, 2019

- Enron Corp. 7% Exchangeable Notes due July 31, 2002 (a preferred security)

- Enron Corp. 7.875% Notes due June 15, 2003

- Enron Corp. Zero Coupon Convertible Senior Notes due 2021.

(i)    For purchases at or below the offering price of the Note, the purchase price of the Note less the sales price (but not more than the offering price) if sold on or after October 17, 2001 and prior to December 3, 2001, or, if held on December 3, 2001, the purchase price less the price of the Note on December 3, 2001, times the multiplier set forth in the following table:

| Section 11 Security | Multiplier |
|---|---|
| Enron Corp. 7% Exchangeable Notes | 3.9 |
| Enron Corp. 7.875% Notes due June 16, 2003 | 4.4 |
| Enron Corp. Zero Coupon Convertible Senior Notes due 2021 | 1.0 |
| Enron Corp. 7.375% Senior Notes due May 15, 2019 | 5.0 |

(ii) For purchases above the offering price of the Note, a claim in addition to the one calculated under (b)(i) above will be calculated based on the difference between the inflation in the Purchase Price Paid and either the (a) inflation in the Sales Price Received (if sold during the Eligible Period at or above the offering price) or (b) the inflation in the offering price (if sold during the Eligible Period below the offering price or if held through the end of the Eligible Period) and otherwise calculated pursuant to the terms of §V.D.1.(a), above.

4.    **Recognized Claim by a State Institution Under the Texas Securities Act, for Either of Two Enron Notes ("Texas Securities Act Notes")**

For claims regarding transactions by a state or state institution in either of two Enron Notes[17] as to which the Texas Securities Act applies, the Eligible Claimant must have purchased the Notes in the Eligible Period and held them at least until October 17, 2001, or purchased them on or after October 17, 2001, but before December 3, 2001. A Recognized Claim for either of these Notes will be equal to the total purchase price paid for units of these Notes acquired in the Eligible Period, minus: (i) the total sales price received on the same unit(s) of that Note or, (ii) if held on or after

---

[17]    The two Enron Notes subject to claims under the Texas Securities Act are: Enron 6.40% Notes due July 15, 2006 and Enron 6.95% Notes due July 15, 2028.

December 3, 2001, the price of the Note on November 28, 2001, multiplied by the number of units of the Notes.

**5.      Recognized Claims for Category 2 (Enron-Related) Securities**

(a)      A Recognized Claim for a Category 2 Enron-related security acquired in the Eligible Period will be the same as the Recognized Loss on that security.  The Recognized Loss on each Category 2 Enron-related security purchased in the Eligible Period will be the lesser of amounts calculated under (i) or (ii) below:

(i)      The loss on that security due to the alleged Enron fraud, offset by any gain on that security.  The loss will be calculated uniquely for each eligible Category 2 Enron-related security.  The loss will be:

1)      the Purchase Price Paid at acquisition in the Eligible Period times the number of units acquired, minus the Sales Price Received at sale of the same units times the number of units sold if sold prior to December 3, 2001; and

2)      or, if units of the security were held on or after December 3, 2001, the Purchase Price Paid times the number of units acquired less the price or value per unit on November 28, 2001, times the number of units.

(ii)      the price inflation paid when the security was acquired in the Eligible Period, minus any price inflation received if any such units of the security were sold prior to December 3, 2001, or, if held on December 3, 2001, the price inflation paid when the security was acquired.  Inflation will be calculated using the same percentage price inflation per unit as existed in the corresponding Enron Category 1 security on the date of acquisition or sale:

1)      For Category 2 equities and "stock-like" preferred, the corresponding Enron security will be Enron common stock.

- 22 -

2)      For Category 2 debt and "bond-like" preferred, the corresponding Enron security will be Enron Notes.  Category 2 debt securities acquired in the Eligible Period also must have been held at least until October 17, 2001, or have been purchased on or after October 17, 2001, to be eligible to receive a distribution under this Plan.

3)      For Category 2 call options the corresponding Enron security will be Enron call options.  For Category 2 put options the corresponding Enron security will be Enron put options.[18]

(b)      Exhibit 1 lists Category 2 Enron-related securities which are Eligible Securities.  Exhibit 2 lists Category 2 Enron-related securities which are not Eligible Securities.  Exhibit 3 lists certain other Category 2 Enron-related securities because their eligibility is "unknown."  Any claim made for losses on any of the securities appearing in Exhibit 3 as "unknown" must be accompanied by evidence that a loss resulted from the disclosure of the alleged Enron fraud.  That evidence may include purchase and/or sale prices and documentation of the terms of the security or other information demonstrating that fraud-related disclosures about Enron's credit, or financial condition, or ability to pay impacted the security's price in the Eligible Period.

(c)      At present, only certain Category 2 Enron-related preferred and debt securities are known to have incurred some loss due to the alleged fraud.  The list of Category 2 Enron-related securities in these Exhibits may not be complete.  If claims are presented by claimants who acquired other Category 2 Enron-related securities not listed in these Exhibits in the Eligible Period, accompanied by evidence of losses on those securities due to the alleged fraud, those claims will be evaluated on a security-by-security basis.

---

[18]      No Category 2 options have been identified to date.

E.    **Distributions from the Net Settlement Fund**

1.    For each Eligible Security purchased or acquired during the Eligible Period, each Eligible Claimant's aggregate Recognized Claim will be calculated as the sum of his/her/its gains and losses on all transactions in that security multiplied by any applicable multiplier.

2.    The Net Settlement will be distributed only to Authorized Claimants who have a Recognized Claim based on a net loss (as calculated under this Plan) on at least one Eligible Security.

3.    Initially, 95% of the Net Settlement Fund will be allocated to the payment of claims that are based on Category 1 securities ("Category 1 Claims") and 5% will be allocated to the payment of claims based on Category 2 securities ("Category 2 Claims"). However, payments made on Category 2 Claims shall not exceed the percentage (calculated as the amount distributed per dollar of Recognized Claim) paid on Category 1 Claims and any excess amounts shall be reallocated to Category 1 Claims.

4.    In the unlikely event that 95% of the Net Settlement Fund is sufficient to pay 100% of the amount of the Category 1 Claims, any excess amount will be paid on Category 2 Claims until 100% of the amount of Category 2 Claims is paid. Thereafter, any remaining amounts will be distributed pro rata on Category 1 Claims and Category 2 Claims.

5.    The Court reserves jurisdiction to modify, amend or alter the Plan of Allocation without further notice or to allow, disallow or adjust any Authorized Claimant's claim, to ensure a fair and equitable distribution of funds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Lead Plaintiff, Plaintiffs' Lead Counsel or any claims administrator or defendants or any Person designated by Plaintiffs' Lead Counsel or defendants or defendants' counsel based on distributions made substantially in

- 24 -

accordance with the Plan of Allocation, or further orders of the Court. All Eligible Claimants who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court).

## VI.    PARTICIPATION IN THE DISTRIBUTION OF THE SETTLEMENT FUND

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim form must be postmarked on or before April 30, 2008, and delivered to the Claims Administrator at the address set forth in §IX below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund.

## VII.   APPLICATION FOR FEES AND EXPENSES

At the Hearing and pursuant to a fee agreement entered into with The Regents at the outset of the case, counsel for the Lead Plaintiff will request the Court to award attorney fees of approximately 9.522% of the Gross Settlement Fund, plus interest thereon. In addition, the Lead Plaintiff will seek up to $1.8 million in reimbursement of its time and expenses incurred in prosecuting the Action. In addition, the following representative plaintiffs will seek the amounts shown in reimbursement of their time and expenses incurred in prosecuting the Action: Amalgamated Bank ($52,909.54), San Francisco Employees Retirement System ($28,043.00), Employer-Teamsters Local Nos. 175/505 Pension Trust Fund ($331.50), Staro Asset Management ($51,560.00), Nathaniel Pulsifer as Trustee of Shooters Hill Revocable Trust ($15,117.00), and Conseco ($133,030.00). Finally, eleven individuals who were either proposed as class representatives or otherwise took action for the benefit of the class will seek up to $45,000 each in reimbursement of their time and expenses. Such sums as may be approved by the Court will be paid

- 25 -

from the Gross Settlement Fund, and each Eligible Claimant's recovery will be correspondingly reduced pro rata.

While plaintiffs' counsel have received interim reimbursement from certain of the Prior Settlements for some of their expenses, they have not received any fees or the remainder of their expenses. The fee requested by plaintiffs' counsel will compensate counsel for their efforts in obtaining the Gross Settlement Fund for the benefit of the Eligible Claimants, and for their risk in undertaking this representation on a wholly contingent basis.

## VIII. THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Eligible Claimant who objects to the Plan of Allocation, or the application for attorney fees and expenses, may file a written objection with the Court, with copies sent to Lead Counsel. Any Eligible Claimant who files a written objection may, but is not required to, appear and be heard at the Hearing. Any such Person must submit a written notice of objection and all pleadings or other papers in support thereof, which must be filed with the Court on or before February 1, 2008, at the following address:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF TEXAS
> HOUSTON DIVISION
> 515 Rusk Avenue
> Houston, TX 77002

and postmarked and sent on or before February 1, 2008, to the following:

> *Lead Counsel for Plaintiff:*

> COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> PATRICK J. COUGHLIN
> KEITH F. PARK
> HELEN J. HODGES
> 655 West Broadway, Suite 1900
> San Diego, CA 92101

The notice of objection must state that it relates to *In re Enron Corp. Securities Litigation*, demonstrate the objecting Person's status as an Eligible Claimant, including the number of shares or units of Enron Securities or Enron-Related Securities purchased or otherwise acquired and sold during the Eligible Period and contain a statement of the reasons for objection. Only Eligible Claimants who have submitted written notices of objection in this manner will be entitled to be heard at the Hearing, unless the Court orders otherwise.

## IX.    SPECIAL NOTICE TO NOMINEES

All nominees who purchased Enron Securities or Enron-Related Securities during the period beginning September 9, 1997 through and including December 2, 2001 for the beneficial ownership of another are requested to send this Notice to all such beneficial owners no later than ten days after receipt of this Notice.  Additional copies of the Notice will be provided to such nominees upon written request sent to:

> *In re Enron Corporation Securities Litigation – Plan of Allocation*
> c/o Gilardi & Co. LLC
> P.O. Box 808061
> Petaluma, CA  94975-8061

In the alternative, all nominees are requested, IF YOU HAVE NOT ALREADY DONE SO IN CONNECTION WITH THE PRIOR NOTICES OF SETTLEMENT SENT REGARDING THE PARTIAL SETTLEMENTS WITH ANDERSEN WORLDWIDE SOCIETE´ COOPERATIVE, BANK OF AMERICA, LEHMAN BROTHERS, THE ENRON OUTSIDE DIRECTORS, CITIGROUP, JP MORGAN CHASE, CANADIAN IMPERIAL BANK OF COMMERCE, ARTHUR ANDERSEN OR KIRKLAND & ELLIS, no later than ten days after receipt of this Notice, to send a list of the names and addresses of such beneficial owners to Gilardi & Co. LLC at the above address.  Gilardi & Co. LLC will thereafter mail copies of this Notice directly to all such beneficial owners. Lead Plaintiff's counsel offer to prepay the reasonable costs of preparing a list of the names and addresses of such beneficial owners or of forwarding this Notice to beneficial owners

in those cases where a nominee elects to forward notice, rather than provide a list of names and addresses to Gilardi & Co. LLC.

## X.    EXAMINATION OF PAPERS

This notice is a summary and does not describe all of the details of the Plan of Allocation, the fee application and related documents. For full details of the matters discussed in this Notice, you may review additional documents and materials relating to the Plan of Allocation and the fee application filed with the Court, which may be inspected during business hours at the office of the Clerk of the Court, Bob Casey U.S. Courthouse, 515 Rusk Avenue, Houston, Texas 77002, or at www.gilardi.com or www.enronfraud.com.

If you have any questions about the Plan of Allocation or the application for an attorney fee, you may contact Plaintiffs' Lead Counsel by writing:

> COUGHLIN STOIA GELLER
>  RUDMAN & ROBBINS LLP
> PATRICK J. COUGHLIN
> KEITH F. PARK
> HELEN J. HODGES
> 655 West Broadway, Suite 1900
> San Diego, CA 92101

### DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

DATED: _____, 2007                BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF TEXAS
                                          HOUSTON DIVISION

S:\Settlement\Enron.Set\Final Approval Filing October 2007\Revised Order and Exhibits 12-18-07\12-18-07 NOTICE OF HEARING.doc

**EXHIBIT 1**

**Exhibit 1: Securities Eligible for Distributions Under This Plan**

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (In Thousands) | Currency | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CATEGORY 1: ENRON SECURITIES** | | | | | | | | | | | | |
| *Enron Common Stock* | | | | | | | | | | | | |
| 293561106 | | | QUNENR AU Equity | | AU000QUNENE9 | ENRON CORP | | | | | | 1 |
| | | | ENRB AR Equity, BNBC | | ARENRU110947 0 | Enron Corp CEDEAR | | | | | | 1 |
| *Enron Options* | | | | | | | | | | | | |
| | | | | | | ENRON CORP Call Options | | | | | | 1 |
| | | | | | | ENRON CORP Put Options | | | | | | 1 |
| *Enron Preferred Securities* | | | | | | | | | | | | |
| 293571208 | | | | | | Enron Capital Resources LP 9% Series A due 8/31/24 Preferred (9750A) | | | | | | 1 |
| 29357P201 | | | | | | Enron Cap Trust II 8.125% Preferred TOPRS ($150A) | | | | | | 1 |
| 29357N206 | | | | | | Enron Cap Trust I 8.3% Preferred TOPRS ($200A) | | | | | | 1 |
| Y2612A521 | | | | | | Enron Capital LLC MIPS 8% Preferred due 11/N/A/0 ($200A) | | | | | | 1 |
| J9730710 | | | | | | Enron Capital LLC MIPS 8% Preferred due 11/N/A/0 ($200A) | | | | | | 1 |
| 293561882 | | | | | | Enron Corp 7% Exchangeable Preferred due 7/31/02 ($225A) | | | | | | 1 |
| 293561601 | | | | | | Enron Corp $10.50 Convertible Preferred | | | | | | 1 |
| *Enron Debt Securities* | | | | | | | | | | | | |
| | | | | | BC2516396 | Enron Corp 0.510% Notes due 5/2/01 (2/0.000M) JPY | 5/02/01 | 4/22/00 | 0.51 | 20,000,000 | JPY | 1 |
| | EC3680365 | | | | | Enron Corp 0.52% Notes due 5/15/02 (25,000M JPY) | 5/15/02 | 5/04/01 | 0.52 | 25,000,000 | JPY | 1 |
| | EC3022010 | | | | | Enron Corp 0.58% Notes due 11/3/00 (10,000M) (10,000M) | 11/03/00 | 11/16/99 | 0.58 | 10,000,000 | JPY | 1 |
| 29356 1R24 | | | | | | Enron Corp 9.82% Notes due 11/25/06 ($1,151M) | 11/25/06 | 11/23/96 | 9.82 | 1,151,818 | USD | 1 |
| 29357W9A7 | | EC3591424 | | | | Enron Corp 0.77% Notes due 6/18/01 (10,000M) | 6/18/01 | 06/18/01 | 0.77 | 10,000,000 | JPY | 1 |
| 29357W9B5 | | | | | | Enron Corp 0.679% Notes due 6/18/03 (40,000M) | 6/18/03 | 06/18/01 | 0.679 | 40,000,000 | JPY | 1 |
| 29357T69A3 | | | | | | Enron Corp Credit Linked 6.5% Notes due 5/24/06 (200M Euro) | 5/24/06 | 05/24/01 | 6.5 | 200,000 | Euro | 1 |
| 29357T69B9 | | | | | | Enron Corp Credit Linked 7.25% Notes due 5/24/06 (125M GBP) | 5/24/06 | 05/24/01 | 7.25 | 125,000 | GBP | 1 |
| 46075SAR4 | | | | | | RNG Interconell 9.625% due 3/15/2005 | 03/15/06 | 03/12/96 | 9.625 | 200,000 | USD | 1 |
| 29357WAA5 | | | | | | Enron Corp 8.375% Medium Term Notes Ser A due 5/23/05 ($175M) | 05/23/05 | 05/18/00 | 8.375 | 175,000 | USD | 1 |
| 293561BT2 | | | | | | Enron Corp 6.4% Notes due 7/15/06 ($250M) | 07/15/06 | 07/07/98 | 6.4 | 250,000 | USD | 1 |
| 293561BQ8 | | | | | | Enron Corp 6.45% Notes due 11/15/01 ($300M) | 11/15/01 | 11/13/97 | 6.45 | 300,000 | USD | 1 |

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (In Thousands) | Currency | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29356IBN5 | | | | | | Enron Corp 6.625% Notes due 10/15/03 ($100M) | 10/15/03 | 10/20/97 | 6.625 | 100,000 | USD | 1 |
| 29356IBE4 | | | | | | Enron Corp 6.625% Notes due 11/15/05 ($250M) | 11/15/05 | 11/15/97 | 6.625 | 250,000 | USD | 1 |
| 29356IBL9 | | | | | | Enron Corp 6.5% Notes due 8/1/02 ($150M) | 08/01/02 | 08/04/97 | 6.5 | 150,000 | USD | 1 |
| 29356IBN7 | | | | 2156116 | | Enron Corp 6.75% Notes due 9/1/04 ($100M) | 09/01/04 | 08/17/97 | 6.75 | 100,000 | USD | 1 |
| 29356IAY2 | | | | | | Enron Corp 6.75% Notes due 9/15/04 ($50M) | 09/15/04 | 09/06/95 | 6.75 | 50,000 | USD | 1 |
| 29356IBA3 | | | | 2345510 | | Enron Corp 6.75% Notes due 8/7/09 ($200M) | 08/01/09 | 07/24/97 | 6.75 | 200,000 | USD | 1 |
| 29356IAZ9 | | | | | | Enron Corp 6.875% Notes due 10/15/07 ($100M) | 10/15/07 | 10/05/95 | 6.875 | 100,000 | USD | 1 |
| 29356IBU9 | | | | | | Enron Corp 6.95% Notes due 7/15/28 ($250M) | 07/15/28 | 07/07/98 | 6.95 | 250,000 | USD | 1 |
| 29356IBW5 | | | | | | Enron Corp 6.95% Notes due 2028 ($250M) | 07/15/28 | 11/23/98 | 6.95 | 250,000 | USD | 1 |
| 29356IAX4 | | | | 2816904 | | Enron Corp 7.125% Notes due 5/15/07 ($150M) | 05/15/07 | 05/17/95 | 7.125 | 150,000 | USD | 1 |
| 29356IAX7 | | | | 2363043 | | Enron Corp 7.625% Notes due 9/10/04 ($200M) | 09/10/04 | 08/27/92 | 7.625 | 200,000 | USD | 1 |
| 29356IAG9 | | | | | | Enron Corp 9.125% Notes due 4/1/03 ($200M) | 04/01/03 | 04/05/91 | 9.125 | 200,000 | USD | 1 |
| 29356IBP0 | | | | 2311788 | | Enron Corp Remarketed Reset Floating Rate Notes due 11/15/57 ($200M) | 11/15/57 | 11/06/97 | 6.725 | 200,000 | USD | 1 |
| 29356IAU0 | | | | | | Enron Corp 7% SR DEBS due 8/15/23 ($100M) | 08/15/23 | 08/19/93 | 7 | 100,000 | USD | 1 |
| 29356IBX3 | | | | | | Enron Corp 7.375% Senior Notes due 5/15/19 ($500M) | 05/15/19 | 05/19/99 | 7.375 | 500,000 | USD | 1 |
| 29356IAF5 | | | | | | Enron Corp 9.875% Senior Notes due 6/15/03 ($100M) | 06/15/03 | 06/15/48 | 9.875 | 100,000 | USD | 1 |
| 29356ICC8 | | | | | | Enron Corp Zero Coupon Convertible Senior Notes due 2/7/21 ($1.9B) | 02/07/21 | 02/07/01 | 0 | 614,612 | USD | 1 |
| 29356ICD6 | | | | | | Enron Corp Zero Coupon Convertible Senior Notes due 2/7/21 ($1.9B) | 02/07/21 | 02/07/01 | 0 | 1,290,086 | USD | 1 |
| 29356ICB0 | | | | | | Enron Corp 7.875% Senior Note 6/15/03 ($325M) | 06/15/03 | 09/17/92 | 7.875 | 325,000 | USD | 1 |
| 29356IAB5 | | | | | | Enron Corp 8.25% Senior SR DB due 9/15/12 ($150M) | 09/15/12 | 09/17/92 | 8.25 | 150,000 | USD | 1 |
| 29356IAT3 | | | | | | Enron Corp 6.575% SR SBNT due 7/1/05 ($200M) | 07/01/05 | 06/17/93 | 6.75 | 200,000 | USD | 1 |
| | | | EC3999553 | 7177327 | | Enron Corp 0.97% Medium Term Note due 6/18/04 (10,000M JPY) | 06/18/04 | 06/05/01 | 0.97 | 10,000,000 | JPY | 1 |
| | | | EC2310752 | | | Enron Corp 0.47% Bonds due 3/7/01 (JPY) | 3/7/2001 | 02/21/00 | 0.47 | 20,000,000 | JPY | 1 |
| | | | EC2573110 | | | Enron Corp 0.44% Bonds due 5/17/01 (20,000M JPY) | 5/17/2001 | 05/10/00 | 0.44 | 20,000,000 | JPY | 1 |
| | | | EC0075627 | | | Enron Corp 0.493% Medium Term Note due 6/13/02 (20,000M JPY) | 06/13/02 | 06/15/01 | 0.493 | 20,000,000 | JPY | 1 |
| | | | EC1194538 | 5665880 | | Enron Corp 4.375% Notes 1999 - 4.625% (400M euro) | 03/31/09 | 04/08/05 | 4.375 | 400,000 | Euro | 1 |

2

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Charges | Issue Amount (In Thousands) | Currency | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29356PAA1 | | | EC3993465 | | | Enron Corp Floating Rate Medium Term Notes 2001 - 6/18/03 (40,000M JPY) | 06/18/03 | 06/04/01 | 0.66 | 40,000,000 | JPY | 1 |
| | | | | | | Enron New Trust Natwest Exchangeable TR REC 144A due 9/2/04 (50,000M) | 09/01/04 | 08/12/97 | 12.5 | 100,000 | USD | 1 |
| 460575AP4 | | | | | | INTERNORTH INC DEB 12.5%02 | 10/15/02 | | 12.5 | 150,000 | USD | 1 |
| 460575AE9 | | | | | | INTERNORTH INC S D EXCH 10.5%08 | 06/01/08 | 06/02/88 | 10.5 | 240,000 | | 1 |

**Enron Defendant Foreign Debt Securities**

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Charges | Issue Amount (In Thousands) | Currency | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29357YAB9 | | | EC3993727 | | | Enron 7.375 Credit Linked Notes Trust II due 9/15/06 (500M) | 05/15/06 | 05/17/01 | 7.375 | 500,000 | USD | 1 |
| 29357YAA1 | | | EC2854791 | | | Enron 8% Credit Linked Notes Trust due 9/15/05 (500M) | 08/15/05 | 08/17/00 | 8 | 500,000 | USD | 1 |
| 29357YAD5 | | | EC3993743 | 7128314, 7128499 | | Enron 7.25% Sterling Credit Linked Notes Trust II (125M) | 05/15/06 | 05/17/01 | 7.25 | 125,000 | GBP | 1 |
| | | | EC3932204, EC2923768 | 2816697, 7128356 | | Enron 6.5% Euro Credit Linked Notes due 5/24/06 (200M) | 5/24/2006 | 05/17/01 | 6.5 | 200,000 | Euro | 1 |
| 999346AJ0 | 571223AB1 | 571223AA3 | EC4211501, EC4211446 | | | Marlin Water Tr II/Marlin Water Cap Corp II 6.19% Senior Secured Notes due 7/15/03 (515M) | 07/15/03 | 07/12/01 | 6.19 | 515,000 | Euro | 1 |
| 571223AC9 | 571223AD7 | | EC4211210 | | | Marlin Water Tr II/Marlin Water Cap Corp II 6.31% Senior Secured Notes due 7/15/03 (475M) | 07/15/03 | 07/12/01 | 6.31 | 475,000 | USD | 1 |
| 688407AD7 | 684467AF2 | | EC2972809 | | | Osprey Trust / Osprey I, Inc. 7.797% Senior Secured Notes due 1/15/03 ($750,000,000) | 01/15/03 | 09/28/00 | 7.797 | 790,000 | USD | 1 |
| 688407AA3 | 688407AB1 | | EC3816601 | | | Osprey Trust / Osprey I, Inc. 8.31% Senior Secured Notes due 1/15/03 ($1,400,000,000) | 01/15/03 | 09/16/99 | 8.31 | 1,400,000 | USD | 1 |
| 688407AE5 | 688407AC0 | | EC3972247 | 431214 | | Osprey Trust / Osprey I, Inc. 6.375% Senior Secured Notes due 1/15/03 ($315,000,000) | 01/15/03 | 09/28/00 | 6.375 | 315,000 | Euro | 1 |
| 987406AA3 | | | EC1572420 | 2531564 | | Yosemite Securities Trust I 8.25% Series 1999-A Linked Enron Obligations (LEO₂) due 11/15/04 ($750,000,000) | 11/15/04 | 11/24/99 | 8.25 | 790,000 | USD | 1 |
| | | | EC2284164 | 5903535 | | Yosemite Securities Co. Ltd. 8.75% Series 2000-A Linked Enron Obligations (LEO₂) due 2/15/07 ($200,000,000) | 02/15/07 | 02/15/00 | 8.75 | 200,000 | GBP | 1 |

**CATEGORY 2: ENRON-RELATED SECURITIES**

**Enron-Related Preferred Securities**

| CUSIP | | | | | | Issuer/Description | | | Charges | Issue Amount | Currency | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 73650854 | | | | | | Portland General Electric 8.25% 12/31/2015 Series A | | | 8.25 | | | 2 |

**Enron-Related Debt Securities**

| CUSIP | | | | | | Issuer/Description | Maturity Date | Issue Date | Charges | Issue Amount | Currency | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29411YAA6 | | | | | | EOTT Energy Partners L&k Energy LLC 11% | 10/01/09 | 09/28/99 | 11 | 235,000 | USD | 2 |

3

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Charges | Issue Amount (in Thousands) | Currency | Category* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 665501AB8 | | | | | | Northern Natural Gas BRK 6.875% due 5/1/2005 | 05/01/05 | 05/04/93 | 6.875 | 100,000 | USD | 2 |
| 665501AC6 | | | | | | Northern Natural Gas BRK 6.75% due 9/15/2008 Series 144A | 09/15/08 | 09/01/98 | 6.75 | 150,000 | USD | 2 |
| 665501AD4 | | | | | | Northern Natural Gas BRK 7% due 6/1/2011 Series 144A | 06/01/11 | 05/24/99 | 7 | 250,000 | USD | 2 |

* Category 1: Securities issued by Enron, or by Enron's predecessor firms Internorth or Houston Natural Gas, or by a trust or another entity created by Enron for the purpose of issuing a particular security (for example a trust created to issue an Enron preferred security), as well as derivatives of securities issued by Enron.

* Category 2: Securities issued by Enron-related entities, including equity, debt, preferred securities, and derivatives of those securities.

**EXHIBIT 2**

**Exhibit 2: Securities Not Eligible for Distributions Under This Plan**

**CATEGORY 1: ENRON SECURITIES**

**Enron Preferred Securities**

| CUSIP | CUSIP 1 | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 293561203 | | | | | | | ENRON CORP | 10/01/47 | | | | | 1 | stopped trading before 9/9/97 (called 10/1/47) |
| 293561304 | | | | | | | ENRON CORP | | | | | | 1 | stopped trading before 9/9/97 |
| 293561403 | | | | | | | ENRON CORP | | | | | | 1 | stopped trading before 9/9/97 |
| 293561502 | | | | | | | ENRON CORP | | | | | | 1 | stopped trading before 9/9/97 |
| 293561700 | | | | | | | ENRON CORP | | | | | | 1 | stopped trading before 9/9/97 |
| 293561809 | | | | | | | Enron Corp. 6.25% Convertible | | | | | | 1 | stopped trading before 10/7/08 (12/15/99) |

**Enron Debt Securities**

| CUSIP | CUSIP 1 | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29257XAA8 | | | | | | | Enron Cap Trust III Cap (Auto Flag Rt Rule 144A) | 06/04/46 | 06/04/97 | | 200,000 | USD | 1 | stopped trading before 10/7/08 (called 6/01) |
| 293561AD9 | | | | | | | Enron Corp 9.69% Deb due 3/1/561 (S100M) | 05/01/561 | 05/01/89 | 9.25 | 100,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 293561AW6 | | | | | | | Enron Corp 8.2% Note due 2/7/00 ($150M) | 02/07/00 | 01/26/93 | 8.3 | 150,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 293561AN6 | | | | | | | Enron Corp 9.5% Notes due 6/15/01 (Co Sensitive Notes) ($100M) | 06/15/01 | 05/01/89 | 9.5 | 100,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 293561BV7 | | | | | | | Enron Corp Flag Rate Note due 1/3/000 ($250M) | 02/29/00 | 09/24/98 | 3.901 | 250,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 293561BR6 | | | | | | | Enron Corp Flg Rate Note due 11/10/99 ($150M) | 11/16/99 | 11/13/97 | 3.601 | 150,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 293561CA2 | | | BC370814 | | | | Enron Corp Floating Rate Notes due 9/10/01 ($1,000M) | 09/10/01 | 03/07/00 | 3.901 | 1,000,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 293561AE6 | | | | | | | Enron Corp 10% Senior Note due 6/7/98 | 06/07/98 | 06/02/88 | 10 | 100,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 293561AA4 | | | | | | | Enron Corp 10.625% Sr Sb Deb due 2/15/99 ($700M) | 02/15/99 | 02/05/87 | 10.62 | 700,000 | USD | 1 | stopped trading before 10/7/08 (matured) |
| 46267SAC7 | | | | | | | INTERNORTH INC | 10/15/02 | 10/22/08 | 12.25 | 150,000 | USD | 1 | stopped trading before 10/7/08 (matured) |

**Enron Derivatives Enron Debt Securities**

| CUSIP | CUSIP 1 | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 571256AA7 | | EO776151 | | | | | Marlin Water Trust/Cap 7.09% due 12/15/2001 – Series 144A | 12/15/01 | 12/08/04 | 7.09 | 1,024,000 | USD | 1 | stopped trading before 10/7/08 (mandatorily redeemed and repaid with Marlin Trust 7/01) |

**CATEGORY 2: ENRON-RELATED SECURITIES**

**Enron-Related Common Stock**

| CUSIP | CUSIP 1 | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 159112110 | | | | | | | CHAPMAN ENERGY INC | | | | | | 2 | stopped trading before 9/9/97 |
| 191865010 | | | | | | | CODA ENERGY INC | | | | | | 2 | stopped trading before 9/9/97 |
| | | | C03777 | | | | CODA GROUP | | | | | | 3 | stopped trading (9/19/98); no evidence of fraud-related market loss |
| 221616100 | | | | | | | COSTILLA ENERGY INC | | | | | | 2 | stopped trading (10/1/01, 2/26/01); no evidence of fraud-related market loss |

1

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (In Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29355Q4J00 | | | | | | ENRON GLOBAL POWER & PIPELINES | | | | | | | |
| 29355QN106 | | | | | | ENRON LIQUIDS PIPELINE | | | | | | 2 | names reclassed of fissuid-related market loss, despite hold prior drop 10/16/01-12/3/01; otherwise does not back Enron et al., OPEC lasses new eligible date 11/12-15. |
| 26672F101 | | | | | | ENRON AL OAA CO | | | | | | 2 | no prior drop 10/16/01-12/3/01 |
| 65500N112 | | | | | | DORCHESN NAT GAS CO | | | | | | 2 | stopped trading before 9/9/97 (continued 9/17/01) |
| 73650N106 | | | | | | PORTLAND GEN CORP | | | | | | 2 | stopped trading before 9/9/97 |

**Euro-Related Preferred Securities**

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (In Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19911Z201 | | | | | | CHAPMAN ENERGY INC | | | | | | 2 | stopped trading before 9/9/97 |
| 19921X300 | | | | | | CHAPMAN ENERGY INC | | | | | | 2 | stopped trading before 9/9/97 |
| 69944S309 | | | | | | Panhandle Eastern Pipeline 6.6% due 7/1/93 | 07/01/93 | | 4.64 | | USD | 2 | stopped trading before 9/9/97 (called 7/1/93) |
| 73650K301 | | | | | | PORTLAND GEN ELEC CO | 10/01/04 | | 8.6 | | USD | 2 | stopped trading before 9/9/97 (called 12/1/95) |
| 73650M607 | | | | | | PORTLAND GEN ELEC CO | | | | | | 2 | stopped trading before 9/9/97 |
| 73650N825 | | | | | | PORTLAND GEN ELEC CO | | | | | | 2 | stopped trading before 9/9/97 |
| 73650M862 | | | | | | Portland General Electric 7.75% due 06/15/07 | 06/15/07 | | 7.75 | | USD | 2 | stopped trading before 9/9/97 |
| 73650N888 | | | | | | PORTLAND GEN ELEC CO | | | | | | 2 | stopped trading before 9/9/97 (called 9/14/95) |
| 89401N309 | | | | | | TRANSWESTERN PIPELINE CO | | | | | | 2 | stopped trading before 9/9/97 |

**Euro-Related Debt Securities**

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (In Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1533RQ4AA3 | | | | 421,604 | | Coreastgp 10.625% due 12/1/2010 - Series 144A | 12/01/10 | 1200/04 | 10.65 | 172,000 | USD | 2 | no price drop 10/16/01-12/3/01 |
| 191886AA6 | 1918S6AB6 | 191886AC6 | | | | Cold Energy Inc. 10.5% due 4/1/2006 - Series 144A | 04/01/06 | 03/12/96 | 10.5 | 110,000 | USD | 2 | stopped trading before 10/16/01-12/3/01 |
| 22161QAA1 | | DD0130128 | | | | Comdln Energy Inc. 10.25% due 10/1/2006 | 10/01/06 | 10/02/96 | 10.25 | 100,000 | USD | 2 | no price drop 10/16/01-12/3/01 |
| 22161QAB9 | 22161QAC7 | | | | | Comfld Energy Inc. 10.25% due 10/1/2006 | 10/01/06 | 01/14/98 | 10.25 | 80,000 | USD | 2 | stopped trading before 10/16/01-12/3/01 (called 10/1/06) |
| 22161QAD5 | | | | | | Comfld Energy Inc. 10.25% due 10/1/2006 | 10/01/06 | 04/01/96 | 10.25 | 77,000 | USD | 2 | stopped trading before 10/16/01-12/3/01 |
| 27179AAA5 | 27179AAB3 | | BC12461L4, BC1346155 | 2432757 | | East Coast Power LLC 6.737% due 3/31/2008 - Series 144A | 03/31/08 | 04/14/99 | 6.737 | 296,000 | USD | 2 | no price drop 10/16/01-12/3/01 |
| 27179AAC1 | 27179AAD9 | | BC1346094, BC1346171 | 2432106 | | East Coast Power LLC 7.066% due 3/31/2012 - Series 144A | 03/31/12 | 04/14/99 | 7.066 | 236,000 | USD | 2 | no price drop 10/16/01-12/3/01 |
| 27179AAE7 | 27179AAF4 | | BC1346296, BC1346336 | 2336964 | | East Coast Power LLC 7.396% due 6/30/2017 - Series 144A | 06/30/17 | 04/14/99 | 7.396 | 318,000 | USD | 2 | no price drop 10/16/01-12/3/01 |
| 29356DAB4 | | | | | | EOG Resources 6% due 12/15/2008 | 12/15/08 | 12/07/98 | 6 | 175,000 | USD | 3 | too price drop 10/16/01-12/3/01 |
| 29356DAC2 | | | | | | EOG Resources 6.5% due 12/1/2007 | 09/01/04 | 09/12/97 | 6.5 | 100,000 | USD | 3 | too price drop 10/16/01-12/3/01 |
| 29356DAD0 | | | | | | EOG Resources 6.5% due 12/1/2007 | 12/01/07 | 11/14/97 | 6.5 | 100,000 | USD | 3 | too price drop 10/16/01-12/3/01 |
| 29356DAE8 | | | | | | EOG Resources 6.65% due 4/1/2028 | 04/01/28 | 04/03/98 | 6.65 | 150,000 | USD | 3 | too price drop 10/16/01-12/3/01 |
| 29356DAG3 | | | | | | EOG Resources 6.7% due 11/15/2028 | 11/15/28 | 11/30/98 | 6.7 | 150,000 | USD | 3 | too price drop 10/16/01-12/3/01 |
| 29356DAH1 | | | | | | EOG Resources 9.1% due 2/15/1998 | 02/15/98 | 02/12/98 | 9.1 | 100,000 | USD | 3 | stopped trading before 10/16/01-12/3/01 |
| 33762SAA5 | 33762SAC1 | | | | | Forumexid Communications 13% due 4/15/2008 - Series 144A | 04/15/08 | 04/06/98 | 13 | 470,000 | USD | 2 | no price drop 10/16/01-12/3/01 (continued) 10/17/01 |

2

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 665551AA0 | | | | | | Northern Natural Gas BRK 8% due 6/1/2005 | 06/01/05 | 05/19/02 | 8 | 250,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 6944GLAA6 | | | | | | PANHANDLE EASTN PPE LINE CO | 06/01/10 | 04/13/00 | 12 | 105,750 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 6944GLAC2 | | | | | | Duke Energy Corp. 8.625% due 4/15/2005 | 04/15/05 | 04/05/95 | 8.625 | 100,000 | USD | 2 | no price drop 10/14/01-12/3/01 |
| 6944G5AD0 | | | | | | Duke Energy 7.25% due 3/15/2005 Panhandle Eastern Pipeline 10.375% due 11/15/11 | 03/15/05 11/01/11 | 09/10/95 09/24/96 | 7.25 10.375 | 100,000 100,000 | USD USD | 3 3 | no price drop 10/14/01-12/3/01 (continued) stopped trading before 10/17/05 (continued) |
| 6944G6AU5 | | | | | | CMS Energy Corp 7.95% due 3/15/2022 | 03/15/23 | 03/06/03 | 7.95 | 100,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 6944G6AX9 6944G6AZ4 | | | | | | CMS Energy Corp 7.5% due CMS Energy Corp 7.875% due 3/15/2004 | 09/15/26 08/01/04 | 09/16/03 08/16/94 | 7.5 7.875 | 100,000 100,000 | USD USD | 2 2 | no price drop 10/14/01-12/3/01 no price drop 10/14/01-12/3/01 |
| 6944G6BA8 | 6944G5B22 | 6944G5BD0 | | | | Panhandle Eastern Pipe Line 8.25% due 4/1/2010 | 04/01/10 | 05/22/00 | 8.25 | 100,000 | USD | 2 | no price drop 10/14/01-12/3/01 |
| 7365RAM4 | | | | | | PORTLAND GEN ELECCO | 12/01/05 | 12/01/96 | 11.625 | 50,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 7365RAAQ5 | | | | | | PORTLAND GEN ELECCO | 08/01/10 | 04/18/86 | 13.375 | 75,000 | USD | 2 | no price drop 10/14/01-12/3/01 |
| 7365RAA3 | | | | | | PORTLAND GEN ELECCO | 10/01/12 | 05/04/98 | 15.5 | 75,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 7365RAA1 | | | | | | PORTLAND GEN ELECCO | 11/01/99 | 12/07/97 | 7.5 | 75,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 7365HRAT9 | | | | | | Portland General Electric 8.85% due 8/15/2011 | 08/12/99 | 08/12/91 | 8.85 | 6,500 | USD | 1 | stopped trading before 10/17/05 (continued) |
| 7365HRAW1 | | | | | | Portland General Electric 9.46% due 8/15/2031 | 04/01/01 | 04/01/91 | 9.46 | 10,000 | USD | 1 | no price drop 10/14/01-12/3/01 |
| 7365RAA07 | | | | | | Portland General Electric 7.75% due 11/1/2023 | 11/01/03 | 10/25/72 | 7.75 | 20,000 | USD | 1 | stopped trading before 10/17/05 (continued) |
| 7365RAN30 | 7365RABB7 | 7365RBRD5 | | | | Portland General Electric 7.75% due 4/15/2023 | 04/15/2023 | 10/02/67 | 7.25 | 150,000 | USD | 2 | no price drop 10/14/01-12/3/01 |
| 7365RAC5 | | | | | | Portland General Electric 6.6% due 10/1/1997 | 10/01/57 | 09/26/67 | 6.6 | 24,000 | USD | 1 | stopped trading before 10/17/05 (continued) |
| 7365RAB9 | 7365HRBAG4 | | | | | Portland General Electric 7.15% due 3/15/2007 | 03/15/07 | 03/16/95 | 7.15 | 30,000 | USD | 1 | stopped trading before 10/17/05 (continued) |
| 7365HRBR0 | | | | | | Portland General Electric 5.65% due 5/15/1996 | 05/15/04 | 05/09/95 | 5.65 | 27,000 | USD | 3 | stopped trading before 10/17/05 (continued) |
| 7365HRB97 | | | | | | Portland General Electric 5.69% due 9/15/1999 | 05/15/04 | 07/22/93 | 5.69 | 35,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 7365HRDAG5 | | | | | | Portland General Electric 6.47% due 6/15/2005 | 05/15/05 | 07/25/95 | 6.47 | 40,000 | USD | 2 | no price drop 10/14/01-12/3/01 |
| 7365HRBAG3 | | | | | | Portland General Electric 6.625% due 9/15/1999 | 06/21/99 | 06/24/96 | 6.625 | 50,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 7365HRAY7 | | | | | | Portland General Electric 6.75% due 1/13/1999 | 06/15/00 | 03/16/95 | 6.75 | 30,000 | USD | 2 | stopped trading before 10/17/05 (continued) |
| 7365HRB9 | | | | | | Portland General Electric 7.23% due 1/13/2009 | 01/13/09 | 01/05/92 | 7.28 | 16,000 | USD | 1 | stopped trading before 10/17/05 (continued) |
| 7365HRDG0 | | | | | | Portland General Electric 7.4% due 6/15/1994 | 06/15/01 | 06/17/94 | 7.4 | 45,000 | USD | 1 | stopped trading before 10/17/05 (continued) |
| 7365HRBC9 | | | | | | Portland General Electric 7.6% due 7/1/2004 | 07/01/04 | 07/07/92 | 7.6 | 8,000 | USD | 2 | no price drop 10/14/01-12/3/01 |
| 7365HRBG6 | | | | | | Portland General Electric 7.61% due 7/1/2004 | 07/01/04 | 07/07/92 | 7.61 | 11,000 | USD | 2 | no price drop 10/14/01-12/3/01 |
| 7365HRB6 | | | | | | Portland General Electric 7.61% due 7/20/2004 | 07/20/04 | 07/07/92 | 7.61 | 26,000 | USD | 2 | no price drop 10/14/01-12/3/01 |

5

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category* | Reason Why Not Eligible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 736331UX9 | | | | | | Portland General Electric 7.609% due 11/4/2002 | 01/14/02 | 01/06/92 | 7.66 | 5,000 | USD | 2 | too price drop 10/16/01-1/29/01 |
| 736331AV3 | | | | | | Portland General Electric 9.31% due 8/1/2021 | 08/01/21 | 08/01/91 | 9.31 | 15,000 | USD | 1 | no price drop 10/16/01-1/29/01 |
| 736506BC5 | | 736506BB1 | | | | Portland General Electric 7.875% due 3/15/2010 | 03/15/10 | 03/06/90 | 7.875 | 150,000 | USD | 1 | no price drop 10/16/01-1/29/01 |
| 736506DJ9 | | | | | | Portland General Electric 9.4% due 1/1/1999 | 01/01/99 | 10/01/78 | 9.4 | 50,000 | USD | 2 | stopped trading before 10/17/01 (continued) |
| 736506DY9 | | | | | | Portland General Electric 9.5% due 11/1/1999 | 11/01/99 | 11/01/74 | 9.5 | 50,000 | USD | 1 | stopped trading before 10/17/01 (continued) |
| 736506F*8 | | | | | | Portland General Electric 11.1% due 6/9/2000 | 06/09/00 | 12/01/85 | 11.1 | 100,656 | USD | 2 | stopped trading before 10/17/01 (continued) |
| 736506FF4 | | | | | | Portland General Electric 13.25% due 2/1/2000 | 02/01/00 | 02/01/00 | 13.25 | 55,000 | USD | 2 | stopped trading before 10/17/01 (continued) |
| 832051AJ3 | | | | | | Smith Street 5.57% due 12/15/2005 | 12/15/05 | 02/09/96 | 5.57 | 50,000 | USD | 2 | no price drop 10/16/01-1/29/01 |
| 84265LAA6 | | | TT3171165X | | | Sithe Power Corp. 5.5% due 12/28/2008 | 12/28/08 | 12/22/03 | 5.5 | 105,000 | USD | 2 | no price drop 10/16/01-1/29/01 |
| 89461LAB6 | | | | | | Transwestern Pipeline 7.55% due 1/15/2000 | 01/15/00 | 12/11/92 | 7.55 | 100,000 | USD | 2 | stopped trading before 10/17/01 (continued) |

* Category 1:  Securities issued by Enron, or by Enron's predecessor Enron International or Houston Natural Gas, or by a trust or similar entity created by Enron for the purpose of issuing a particular security (for example a trust created to issue an Enron preferred security), as well as derivatives of securities issued by Enron.

* Category 2:  Securities issued by Enron-related entities, including equity, debt, preferred securities, and derivatives of those securities.

**EXHIBIT 3**

## Exhibit 3: Other Securities—Eligibility for Distributions Under This Plan Unknown

(Categorized as unknown when no pricing data found to date to determine if an alleged fraud-related price decline occurred

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category[4] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

### CATEGORY 1: ENRON-RELATED SECURITIES

**Enron-Related Common Stock**

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category[4] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19186U107 | | | | 025265 | | CODA GROUP | | | | | | 2 |
| | | | 160432 US Equity | | | CODA OCTOPUS GROUP INC | | | | | | 2 |
| | | | | | | EAST COAST POWER LLC | | | | | | 2 |
| | | | | 271449 | | ELEKTRO ELETRICIDADE E SERVICO | | | | | | 2 |
| | | | | 271450 | | ELEKTRO ELETRICIDADE E SERVICO | | | | | | 2 |
| | | | 451392 BZ Equity | | | ENRON AMERICA DO SUL LTD | | | | | | 2 |
| | | | 6256Z US Equity | | | ENRON CAPITAL LLC | | | | | | 2 |
| 295561908 | | | | | | ENRON CORP | | | | | | 2 |
| | | | 117692 US Equity | | | ENRON CORP / OREGON | | | | | | 2 |
| | | | 146032Z US Equity | | | ENRON FUNDING CORP | | | | | | 2 |
| | | | 344792 US Equity | | | ENRON GLOBAL MARKETS LLC | | | | | | 2 |
| | | | ENJCZ JP Equity | | | ENRON JAPAN CORP | | | | | | 2 |
| 295562906 | | | | | | ENRON OIL & COAL CO | | | | | | 2 |
| | | | 207TZ LN Equity | | | ENRON WATER EUROPE (TLC) | | | | | | 2 |
| 266732P03 | | | | | | EOG RES INC | | | | | | 2 |
| 26672P11 | | | | | | EOG RES INC | | | | | | 2 |
| | | | 2661ZE Equity | | | EOG RES INC | | | | | | 2 |
| | | | 1214Z GR Equity | | | GARDEN STATE PAPER CO LLC | | | | | | 2 |
| | | | | 067962 | | MG METALLGESELLSCHAFT FINANCE | | | | | | 2 |
| | | | MEADF US Equity | | | MG | | | | | | 2 |
| | | | | | | MG TECHNOLOGIES? | | | | | | 2 |
| | | | | | | METALLGESELLSCHAFT AG | | | | | | 2 |
| 698446993 | | | | | | PANHANDLE EASTERN PIPE LINE CO | | | | | | 2 |
| 894064106 | | | | | | SUBIC POWER CORP | | | | | | 2 |
| 894061100 | | | | | | TRANSWESTERN MGT PD | | | | | | 2 |
| | | | | | | TRANSWESTERN PIPELINE CO | | | | | | 2 |

**Enron-Related Preferred Securities**

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category[4] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 268729P119 | | | | | | EOG RES INC | | | | | | 2 |
| 268737P200 | | | | | | EOG Resources Inc. 7.195% - Series 144A | 12/01/11 | 11/23/01 | 7.195 | | USD | 2 |
| 268737P309 | | | | | | EOG RES INC | | | | | | 2 |
| 268729N409 | | | | | | EOG Resources Inc. 7.195% - Series B | 09/01/02 | 03/01/92 | 7.195 | | USD | 2 |
| 268737P705 | | | | | | EOG Resources Inc. 6.84% - Series D | 11/01/04 | 12/01/89 | 6.84 | | USD | 2 |
| 698445200 | | | | | | PANHANDLE EASTERN PIPE LINE CO | | | | | | 2 |

**Enron-Related Debt Securities**

| CUSIP | CUSIP 2 | CUSIP 3 | Bloomberg Number | SEDOL | ISIN | Issuer/Description | Maturity Date | Issue Date | Coupon | Issue Amount (in Thousands) | Currency | Category[4] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 268778LAA5 | | | | | | EOG Company of Canada, 7% due 12/1/2011 - Series 144A | 12/01/11 | 12/01/11 | 7 | 220,000 | USD | 2 |
| 8227E7AA6 | | | | | | Trailblazer Pipeline 8.03% due 9/1/2002 | 09/01/02 | 09/01/92 | 8.03 | 101,000 | USD | 2 |
| 894061PV0 | | | | | | Trailblazer Pipeline 9.2% due 11/1/2004 | 11/01/04 | 12/01/89 | 9.2 | 27,000 | USD | 2 |

* Category 1:    Securities issued by Enron, or by Enron's predecessor firms Interorth or Houston Natural Gas, or by a trust or another entity created by Enron for the purpose of issuing a particular security (for example a trust created to issue an Enron preferred security); as well as derivatives of securities issued by Enron.

* Category 2:    Securities issued by Enron-related entities, including equity, debt, preferred securities, and derivatives of those securities, as well as securities on whose issuer a determination could not be made for lack of data.

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § § | Civil Action No. H-01-3624 **(Consolidated)** CLASS ACTION |
| This Document Relates To: | § § | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § § | |
| Defendants. | § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | |
| KENNETH L. LAY, et al., | § § § | |
| Defendants. | § § | |

**PROOF OF CLAIM**

**EXHIBIT 2**

## I.   GENERAL INSTRUCTIONS

1.   To recover as an Authorized Claimant based on your claims in the action entitled *Newby, et al. v. Enron Corp., et al.*, Civil Action No. H-01-3624 (Consolidated) (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim form.  If you fail to submit a properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the prior settlements of the Action.

2.   Submission of this Proof of Claim form, however, does not assure that you will share in the Settlement Fund.

3.   **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM, POSTMARKED ON OR BEFORE APRIL 30, 2008, ADDRESSED AS FOLLOWS:**

> *Enron Securities Litigation Proof of Claim*
> Claims Administrator
> c/o Gilardi & Co.
> P.O. Box 808061
> Petaluma, CA  94975-8061

If you are NOT an Eligible Claimant (as defined in the "Notice of Hearing for Final Approval of: (A) Plan of Allocation of Settlement Proceeds; and (B) Plaintiffs' Counsel's Application for an Award of Attorney Fees and Lead Plaintiff's and Certain Other Persons' Application for Reimbursement of Expenses ("Notice") that accompanies this Proof of Claim) DO NOT submit a Proof of Claim form.

4.   If you are an Eligible Claimant, and have not previously requested exclusion, you are bound by the terms of the judgments previously entered in the Action with respect to the Prior Settlements, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## II.   DEFINITIONS

Capitalized terms not defined in this Proof of Claim form have the same meaning as defined in the Notice that accompanies this form.

## III.   CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired Enron or Enron-Related Securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased the securities but the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Enron or Enron-Related Securities which forms the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim.   Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.   Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Enron or Enron-Related Securities" to supply all required details of your transaction(s) in such securities. If you need more

space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your purchases or other acquisitions and *all* of your sales or other dispositions of Enron or Enron-Related Securities which took place at any time beginning September 9, 1997 through December 2, 2001, inclusive (the "Eligible Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction in the Eligible Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.    The date of covering a "short sale" is deemed to be the date of purchase of Enron or Enron-Related Securities. The date of a "short sale" is deemed to be the date of sale of such securities.

5.    Broker confirmations or other documentation of your transactions in Enron or Enron-Related Securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6.    USE PART II SECTION A *ONLY* FOR ENRON COMMON STOCK. USE PART II SECTION B *ONLY* FOR ENRON PREFERRED STOCK. USE PART II SECTIONS C & D *ONLY* FOR ENRON OPTIONS. USE PART II SECTION E *FOR ALL OTHER TYPES OF ENRON OR ENRON-RELATED SECURITIES* AND IDENTIFY THE SECURITY BY NAME AND IDENTIFYING NUMBER (CUSIP, BLOOMBERG, SEDOL OR ISIN) SHOWN ON EXHIBITS 1-3 WHICH ACCOMPANY THE NOTICE AND THIS PROOF OF CLAIM.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*Newby, et al. v. Enron Corp., et al.*
Civil Action No. H-01-3624 (Consolidated)

PROOF OF CLAIM

Must be Postmarked on or Before: April 30, 2008
Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                            State or Province

_____        _____
Zip Code or Postal Code         Country

                                        Individual
_____        _____
Social Security Number or              _____    Corporation/Other
Taxpayer Identification Number

_____        _____
Area Code               Telephone Number (work)

_____        _____
Area Code               Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:    SCHEDULE OF TRANSACTIONS IN ENRON OR ENRON-RELATED SECURITIES

A.    ENRON COMMON STOCK *ONLY*

1.    Number of shares of Enron common stock held at the beginning of trading on September 9, 1997: _____

2.    Purchases (September 9, 1997 – December 2, 2001, inclusive) of Enron common stock:

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

IMPORTANT:    Identify by number listed above all purchases in which you covered a "short sale": _____

3.    Sales (September 9, 1997 – December 2, 2001, inclusive) of Enron common stock:

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4.    Number of shares of Enron common stock held at close of trading on December 2, 2001: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

B.    ENRON PREFERRED STOCK *ONLY*

1.    Number and type of Enron preferred shares or units held at the beginning of trading on September 9, 1997: _____

2.    Purchases (September 9, 1997 – December 2, 2001, inclusive) of Enron preferred shares or units:

| Trade Date Month Day Year | Type of Preferred Security | Number of Shares/Units Purchased | Total Purchase Price |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

IMPORTANT:    Identify by number listed above all purchases in which you covered a "short sale": _____

3.    Sales (September 9, 1997 – December 2, 2001, inclusive) of Enron preferred shares or units:

| Trade Date Month Day Year | Type of Preferred Security | Number of Shares/Units Sold | Total Sales Price |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4.    Number and type of Enron preferred shares or units held at close of trading on December 2, 2001: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

C.    ENRON CALL OPTIONS *ONLY*

     1.    Enron call options purchased (September 9, 1997 – December 2, 2001):

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Purchase (List Chronologically) | Number of Contracts | Expiration Date | Strike Price | Principal Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

     2.    Enron call options written (or sold) (September 9, 1997 – December 2, 2001):

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Writing/Sale (List Chronologically) | Number of Contracts | Expiration Date | Strike Price | Principal Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

D.    ENRON PUT OPTIONS *ONLY*

1.    Enron put options written (or sold) (September 9, 1997 – December 2, 2001):

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Writing/Sale (List Chronologically) | Number of Contracts | Expiration Date | Strike Price | Principal Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

2.    Enron put options purchased or re-purchased (September 9, 1997 – December 2, 2001):

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Purchase (List Chronologically) | Number of Contracts | Expiration Date | Strike Price | Principal Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

E.    ALL OTHER TYPES OF ENRON OR ENRON RELATED SECURITIES

     1.    Using Exhibits 1-3 to the Notice and this Proof of Claim, be sure to identify the security by description and number.

     2.    Number and type of all other Enron or Enron-Related Securities held at the beginning of trading on September 9, 1997: _____

     3.    Purchases (September 9, 1997 – December 2, 2001, inclusive) of all other types of Enron or Enron-Related Securities:

| Trade Date Month Day Year | Security Description | Security Identification Number (CUSIP, Bloomberg, SEDOL or ISIN) – See Exhibits 1-3 | Number of Shares/Units Purchased | Total Purchase Price |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

IMPORTANT:    Identify by number listed above all purchases in which you covered a "short sale": _____

     4.    Sales (September 9, 1997 – December 2, 2001, inclusive) of all other types of Enron or Enron-Related Securities:

| Trade Date Month Day Year | Security Description | Security Identification Number (CUSIP, Bloomberg, SEDOL or ISIN) – See Exhibits 1-3 | Number of Shares/Units Sold | Total Sales Price |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

     5.     Number and type of all other Enron or Enron-Related Securities held at close of trading on December 2, 2001: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

## V.　SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim form under the terms of the Plan of Allocation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division (the "Court"), with respect to my (our) claim as a Settlement Class Member. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the judgment(s) which have been entered in connection with the Prior Settlements in the Action, including the releases set forth therein. I (We) agree to furnish additional information such as transactions in other Enron or Enron-Related Securities to the Claims Administrator to support this claim if required to do so.

## VI.　RELEASE AND WARRANTIES

1.　I (We) acknowledge that we are bound by the releases which have been set forth in prior judgment(s) entered in connection with the Prior Settlements in the Action and submit to the jurisdiction of the Court for the purposes of enforcing those releases.

2.　I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter or any part or portion thereof released pursuant to the prior judgment(s) entered in the Action.

3.　I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Enron or Enron-Related Securities which occurred during the Settlement Class Period as well as the number and type of Enron or Enron-Related Securities held by me (us) at the opening of trading on September 9, 1997 and at the close of trading on December 2, 2001.

4.　I UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

- 11 -

SUBSTITUTE FORM W-9
Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐ Individual/Sole Proprietor        ☐ Pension Plan
☐ Corporation    ☐ Partnership    ☐ Trust
☐ IRA    ☐ Other

Enter TIN on appropriate line.

For individuals, this is your social security number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

__ __ __ - __ __ - __ __ __ __      or      __ __ - __ __ __ __ __ __ __
Social Security Number                    Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

PART III

Certification

UNDER PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.    The number shown on this form is my correct TIN; and

2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:    If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

- 12 -

SEE ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
<br>　　　　　　　　　　　　　　　　　　　(Month / Year)

in _____, _____.
<br>　　　　(City)　　　　　　　　　(State / Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign this Proof of Claim.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

S:\Settlement\Enron.Set\Final Approval Filing October 2007\Revised Order and Exhibits 12-18-07\12-18-07 PROOF OF CLAIM FORM 00044658.doc

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § | Civil Action No. H-01-3624 **(Consolidated)** |
| This Document Relates To: | § § | CLASS ACTION |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, vs. | § § § | |
| ENRON CORP., et al., | § § § | |
| Defendants. | § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, vs. | § § § | |
| KENNETH L. LAY, et al., | § § § | |
| Defendants. | § § § | |

## SUMMARY NOTICE FOR PUBLICATION

## EXHIBIT 3

TO:    ALL PERSONS (AND THEIR BENEFICIARIES) WHO PURCHASED OR ACQUIRED
       ANY ENRON SECURITIES OR ENRON-RELATED SECURITIES BY ANY METHOD
       FROM SEPTEMBER 9, 1997 THROUGH AND INCLUDING DECEMBER 2, 2001

       Pursuant to an Order of the United States District Court, dated _____, 2007, a

hearing (the "Hearing") will be held on February 29, 2008 at _____ __.m., before the Honorable

Melinda Harmon, United States District Judge, at the United States District Court for the Southern

District of Texas, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002,

for the purpose of determining whether: (1) the proposed Plan of Allocation of settlement proceeds

proposed by the Lead Plaintiff, The Regents of the University of California, should be finally

approved by the Court as fair, reasonable and adequate; and (2) plaintiffs' counsel's application for

attorney fees and Lead Plaintiff's and other plaintiffs' request for reimbursement of expenses should

be granted.  Your rights may be affected by these matters.  If you have not received a Notice of

Hearing for Final Approval of: (A) Plan of Allocation of Settlement Proceeds; and (B) Plaintiffs'

Counsel's Application for Award of Attorney Fees and Lead Plaintiff's and Certain Other Persons'

Application for Reimbursement of Expenses (the "Mailed Notice") or the Proof of Claim that

accompanies it you may obtain a copy by contacting: *In re Enron Corporation Securities Litigation,*

c/o Gilardi & Co. LLC, P.O. Box 808061, Petaluma, CA 94975-8061 or at www.gilardi.com or

www.enronfraud.com.

       Any objection to the Plan of Allocation or request for an attorney fee and expenses must be

filed with the Court by February 1, 2008, and must show due proof of service on the counsel listed

below:

                  COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
                  PATRICK J. COUGHLIN
                  KEITH F. PARK
                  HELEN J. HODGES
                  655 W. Broadway, Suite 1900
                  San Diego, CA 92101-3301

To share in any distribution of settlement proceeds, you must submit a valid Proof of Claim

to the address contained in it postmarked no later than April 30, 2008.

**_PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE._**

DATED: _____, 2007       BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF TEXAS

S:\Settlement\Enron.Set\Final Approval Filing October 2007\Revised Order and Exhibits 12-18-07\12-18-07 SUMMARY NOTICE
00046171.doc

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ORDER APPROVING FORM AND MANNER OF NOTICE document has been served by sending a copy via electronic mail to serve@ESL3624.com on December 19, 2007.

I also certify that a copy of the above-mentioned document has been served via U.S. MAIL on the parties listed on the attached "Additional Service List" on this 19th day of December, 2007.

*Deborah S. Granger*

_____
DEBORAH S. GRANGER

## ADDITIONAL SERVICE LIST

| | |
|---|---|
| Stuart Yoes<br>THE YOES LAW FIRM, LLP<br>3535 Calder Avenue, Suite 235<br>Beaumont, TX 77726-7584<br>409/833-2352<br>409/838-5577 (fax) | Frank H. Tomlinson<br>PRITCHARD, McCALL; & JONES, LLC<br>505 N. 20th Street, Suite 800<br>Birmingham, AL 35203<br>205/328-9190<br>205/458-0035 (fax) |
| Edward W. Cochran<br>20030 Marchmont Rd.<br>Shaker Heights, OH 44122<br>216/751-5546<br>216/751-6630 (fax) | N. Albert Bacharach Jr.<br>115 N.E. Sixth Avenue<br>Gainesville, FL 32601-6592<br>352/378-9859<br>352/338-1858 (fax) |
| Paul S. Rothstein<br>626 N.E. First Street<br>Gainesville, FL 32601<br>352/376-7650<br>352/374-7133 (fax) | Maureen McGuirl<br>FENSTERSTOCK & PARTNERS LLP<br>30 Wall Street, 9th Floor<br>New York, NY 10005<br>212/785-4100<br>212/785-4040 (fax) |
| Lawrence W. Schonbrun<br>LAW OFFICES OF LAWRENCE W.<br>SCHONBRUN<br>86 Eucalyptus Road<br>Berkeley, CA 94705<br>510/547-8070<br><br>SERVICE VIA UPS OVERNIGHT | Richard C. Bauerle<br>30 Greenbriar<br>Ottumwa, IA 52501 |
| Arnold Gregg<br>4445 Forest Glen Road<br>Anaheim Hills, CA 92807 | Steven F. Helfand<br>HELFAND LAW OFFICES<br>601 Montgomery Street, Suite 325<br>San Francisco, CA 94111<br>415/397-0007<br>415/397-0009 (fax) |
| Mr. Stanley Majors<br>22868 Beaverhead Drive<br>Diamond Bar, CA 91765<br>909/860-8150 | Stephen Neuwirth<br>QUINN EMANUEL URQUHART OLIVER<br>  & HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 |

S:\Settlement\Enron.Set\Final Approval Filing October 2007\Revised Order and Exhibits 12-18-07\12-18-07 ORD RE NOTICE 00046169.doc