IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, et al., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, et al., | § § | |
| Defendants | § § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause is Deutsche Bank Securities Inc.'s ("Deutsche Bank's") opposed motion for an order approving Deutsche Bank's *Newby* settlement fund proof of claim (instrument #6098).

Deutsche Bank claims that on April 27, 2008 it filed a timely and valid proof of claim for distribution from the *Newby* settlement fund, but that it was denied by the claims administrator, Gilardi & Company, on the grounds Deutsche Bank had been a defendant in the *Newby* class action. Deutsche Bank argues that it was finally dismissed from that action in June 5, 2006, and thus no longer a defendant when Lead Plaintiff's proposed Plan of Allocation was posted on the ESL website on July 27, 2007, subsequently presented to the Court, and finally approved by the Court on September 8, 2008. The Notice of Hearing for Final Approval of the Plan of Allocation ("the Notice") defines Eligible Claimants as "all Persons (and their beneficiaries) who purchased

or acquired any Enron Securities or Enron-Related Securities by any method from September 9, 1997 through and including December 31, 2001." It further states, "Defendants in the consolidated *Newby* Action . . . are not Eligible Claimants." The Notice was approved on December 21, 2007, by which time Deutsche Bank had been dismissed from *Newby* for more than eighteen months. The proposed Plan of Allocation, ultimately approved by the Court states that the Settlement Class "excludes defendants in the consolidated *Newby* Action . . . ." Deutsche Bank insists it should be eligible for a distribution because it was not a defendant when the Notice Approval Order, defining Eligible Claimants, was issued by the Court on December 21, 2007.

Lead Plaintiff opposes the motion on two grounds. First, Deutsche Bank is not a member of any of the settlement classes certified by the Court, in connection with the nine settlements entered into by the Regents of the University of California between August 2002 and January 2006 and approved by the Court in judgments entered between October 2003 and March 2007, which generated the Settlement Fund. Lead Plaintiff argues that for each settlement, a Stipulation of Settlement was entered into that, *inter alia*, defined the settlement class, governed who would be bound by the terms of that settlement, and identified who would be entitled to share in its proceeds. Each settlement class was certified by an order of the Court that conformed to and approved the settlement class definition proposed by the settling parties. For each settlement, after notice and a hearing, the

Court entered a final judgment approving the settlement and the terms of the stipulation, including its definition of the settlement class. Though the settlement class definitions have small variations, every one of them excluded Deutsche Bank because it was a defendant in the *Newby* action until June 5, 2006. See, e.g., #1554, the Anderson Worldwide Societe Cooperative Stipulation of Partial Settlement: "Excluded from the Newby Settlement Class are Defendants . . . " (¶ 1.20); "Defendants" is defined as "each and all of the defendants that have been or may be named in any of the Complaints in the Actions" (¶ 1.7); and 1583, 1834. See similar provisions in the other Stipulations (#2949, 2985, 2971, 4438, 4439, 4436, 5150, and 5153) and preliminary approval orders and final judgments (#3067, 4813; 3066 4048; 3065,4049; 4509, 4699;4531, 4705; 4532, 4700; 5246, 5552; 5247, 5455). Lead Plaintiff insists that the "Stipulation(s) of Settlement and the related orders and judgments of the Court trump the Plan of Allocation Notice" on which Deutsche relies. Because Deutsche Bank is not a class member, it is not entitled to any distribution from the Settlement Fund. *In re Isostatic Graphite Antitrust Litig.*, No. 00-01857-JF, 2006 WL 1687156 (E.D. Pa. June 19, 2006).

Alternatively, Lead Plaintiff asserts that even if Deutsche Bank were a Settlement Class member, "its conduct in contributing to the Enron debacle mandates that its claim be excluded on equitable grounds."

This Court agrees with Lead Plaintiff that the Stipulations of Settlement and the Court's orders certifying classes identical to the ones in the Stipulations of Settlement as well as final judgments approving all the terms of settlement exclude Deutsche Bank from any distribution from the Settlement Fund. Accordingly, the Court

ORDERS that Deutsche Bank's motion (#6098) is DENIED.

**SIGNED** at Houston, Texas, this 7th day of April, 2009.

                                                MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE