```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, et al., Plaintiffs | § § § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, et al., Defendants | § § § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause is Expert Witness Richard Leisner's ("Leisner's") opposed motion for leave to disclose documents subject to this Court's confidential orders (instrument #6171).

Leisner was hired as an expert witness in the *Newby* action by Credit Suisse Securities (USA) LLC (together with its affiliates, "CSFB"), and his expert report ("the *Newby* report") is subject to two protective orders entered by this Court in the instant case (#1838 and 2269[1]) prohibiting use of the confidential

---

[1] #1838 is the order relating to CSFB's materials. In paragraph 3, Leisner's report is designated as confidential material that cannot be disclosed outside this litigation. Because the report makes references to documents produced by V&E in *Newby*, it also cannot be disclosed under paragraphs 2-3 of #2269, the order regarding confidentiality of certain documents produced by V&E.  Both orders prohibit use of confidential documents and information derived from them outside the scope of the *Newby* litigation.  #2269 at ¶ 2; #1838 at ¶ 6.

information and documents outside of this litigation unless the Court issues an order permitting such disclosure.

Leisner was also hired as an expert to provide a report and to testify in another case, *Moore v. Jeffries & Co.*, No. 08-cv-3 (N.D. Ill.), a breach of contract and quantum meruit action claiming that Plaintiff Paul Moore is entitled to a finder's fee from Defendant Jeffries & Co., Inc. ("Jeffries") in connection with financing for a race track and a casino. Ex. D to #6171 (the complaint in the Illinois action). It is actually Jeffries, a non-party to *Newby*, who moves through Leisner for leave to disclose his *Newby* report. The report incorporates and references non-public, confidential material supplied during the *Newby* litigation by Vinson & Elkins, LLP ("V&E") and CSFB. The plaintiff in the Illinois case, during discovery, served a subpoena on Leisner demanding a copy of his *Newby* report in addition to other prior reports of the expert. Ex. E to #6171. Leisner objected, in part on the grounds that the report was subject to third-party confidentiality agreements. Ex. F to #6171. The plaintiff in that Illinois lawsuit then moved in that action to compel production of the Leisner reports on the grounds that they were "relevant" to his suit under Fed. R. Civ. P. 26(b)(1).[2] Ex. G to #6171; *In re Folding Carton Antitrust Litig.*,

---

1  Rule 26(b)(1) provides in relevant part,

***Scope in General***.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovering regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .

83 F.R. D. 251, 254 (N.D. Ill. 1978)("A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.")(quoting 8 C. Wright & A. Miller, *Federal Practice & Proc.* § 2008, at 46-47).  After reviewing this Court's confidentiality orders in *Newby*, Magistrate Judge Maria Valdez of the Northern District of Illinois ordered that Jeffries, through Leisner, seek leave of this Court to disclose Leisner's expert *Newby* report.  Ex. H to #6171.

Leisner notes that it is well settled that an expert's prior opinions and prior testimony are relevant evidence.  Fed. R. Civ. P. 26(a)(2)(B)(v)(requiring the expert to provide "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition."). Moreover an expert's report is relevant because "bias is of course one of the quintessential bases for impeachment of a witness" and a plaintiff is "entitled" to inquire into an expert's "comparative record in testifying for plaintiffs or for defendants as such." *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 524 (N.D. Ill. 2003). A party is entitled to explore "potential inconsistencies between the views [the expert] intends to express in the underlying case,

---

For good cause, the court may order discovery of any matter relevant to the subject  matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

and the testimony and opinions he has given, and the damages theories and methodologies he had adopted" in prior cases or on related subjects. *Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, No. 04 C 0321, 2004 WL 406999, *2 (N.D. Ill. Feb. 26, 2004)(and cases cited therein)(granting in full a motion requesting production of ten years of opinions on one subject and five years of opinions on another).

Pointing to this Court's confidentiality orders designating Leisner's report confidential material that cannot be disclosed outside this litigation, V&E and CSFB oppose the motion for leave to disclose.  CSFB highlights the fact that Leisner's report "summarizes and analyzes information taken from the documents, discovery responses and deposition testimony produced by, and designated confidential by" V&E.  CSFB joins in V&E's opposition to disclosure.

V&E insists Leisner's report is not relevant to the issues in the Illinois case:  it does not involve racetracks, casinos, finders' fees, registration requirements for broker dealers, the policies of investment banks, or the value of a finder's services to an investment bank, nor did Leisner opine on the commercial reasonability of an investment bank's policy for working with finders or of applying a bank's particular policy to a particular individual in this matter. Plaintiff Paul Moore has not explained why he needs the *Newby* report nor how it is relevant to his case.  Moore has only asserted that he is entitled to investigate potential inconsistencies between Leisner's report in

-4-

his case and Leisner's earlier reports, and that he needs to investigate Leisner's possible biases. V&E points out that Moore has already had access to four of Leisner's earlier reports. V&E also contends that disclosure of Leisner's *Newby* report would prejudice it. Because V&E is not a party to the *Moore* action, it would not be able to maintain the report's confidentiality in that proceeding. Finally, argues V&E, to allow disclosure would undermine the purpose of confidentiality orders. V&E emphasizes that Leisner's report is not being sought to further any public interest or debate, nor is it being sought by a government agency to further its investigation into possible wrongdoing by accessing concurrent civil discovery. *In re Enron Corp. Sec., Derivative &"ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005). Moore is simply a private litigant seeking Leisner's confidential *Newby* report that has nothing to do with the issues in his Illinois case. To modify the protective order here would mean such orders offer little protection to parties to whom they were granted. If the Court finds reviewing the report necessary for its decision, V&E offers to work with CSFB to file it under seal.

### Court's Decision

There is no Fifth Circuit Court of Appeals guidance relating to this issue. One lower court in this Circuit, relying on law from other Circuits, has pointed out in a thoughtful, unpublished opinion that there are three different types of protective orders: (1) the narrowest type protects specific, identified information which the court has reviewed and has

determined that "good cause" exists for such an order; (2) the disfavored "umbrella" protective order that designates all discovery as protected, without review or determination of "good cause" by the parties or the court; and (3) a "blanket" protective order which allows the parties to protect those documents which they in good faith believe contain trade secrets or other confidential commercial information and which are usually agreed to by the parties and approved of by the courts.  *Holland v. Summit Autonomous, Inc.*, No. CIV. A. 00-2313, 2001 WL 930879, *3-4 (E.D. La. Aug. 14, 2001)(*citing Bayer AG and Miles, Inc. v. Barr Laboratories*, 163 F.R.D. 456, 465 (S.D.N.Y. 1995)), *aff'd*, No. CIV. A. 00-2313, 2001 WL 1132030 (E.D. La. Sept. 21, 2001). "Blanket" protective orders "are essential to the functioning of civil discovery" in permitting competitors to designate sensitive commercial information.  *Id.* at *2. Modification of such protective orders may be permitted for good cause shown.  *Id.*

The orders at issue before this Court are "blanket" protective orders stipulated by the parties and then submitted to the Court for its approval.  Leisner's *Newby* report was never provided to the Court.  The *Holland* opinion suggests as a reasonable approach that the court consider the following factors when a party seeks modification of a stipulated protective order drafted to protect matters of private, as opposed to public, interest:   "(1) if good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown

-6-

for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection; (2) the nature of the protective order (*i.e.,*, narrow vs. broad, court imposed vs. court approved upon stipulation of the parties); (3) the foreseeability at the time of the original protective order of the modification now requested; and (4) the parties' reliance on the protective order." *Id.* at \*\*2-3, *citing Bayer Ag*, 162 F.R.D. at 462-63.

Here, because the orders in dispute were stipulated by the parties and approved by the Court, the parties, not the Court, designated which documents would be marked "confidential." This Court has previously observed, "'It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public'" but that Rule 26(c) allows a federal judge to reject this presumption where good cause is show. *In re Enron*, 229 F.R.D. at 130 n.8 (citations omitted). Where the court has "'entered a blanket stipulated protective order pursuant to Rule 24(c)[,] [s]uch blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document.'" *Id.* at 131, *quoting San Mercury News, Inc. v. U.S. Dist. Court Northern District (San Jose)*, 187 F. 3d 1096, 1103 (9th Cir. 1999).

Therefore the Court

ORDERS that V&E and CSFB shall submit within twenty days a copy of the Leisner *Newby* report under seal for *in camera*

review, along with their specific explanation why it should remain confidential. The Court will also allow Leisner the same period of time to assert more specific reasons why he thinks he needs access to this document. The Court will then weigh the interests of the party and determine whether the report should be disclosed.[3]

      **SIGNED** at Houston, Texas, this 29th day of September, 2009.

                                        MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE

---

[3] In *Holland*, the Magistrate Judge quoted *Pansy*, 23 F.3d at 790: "The party seeking to modify the order of confidentiality must come forward with a reason to modify the order. Once that is done, the court should then balance the interests, including the reliance by the original parties to the order to determine whether good cause still exists for the order." 2001 WL 930879, *2 n.2.