UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § § § § § § § § § § § § § | Civil Action No. H-01-3624 **(Consolidated)** CLASS ACTION |
| This Document Relates To: | | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | | |
| Plaintiffs, | | |
| vs. | | |
| ENRON CORP., et al., | | |
| Defendants. | | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § | Civil Action No. H-04-0088 CLASS ACTION |
| Plaintiffs, | | |
| vs. | | |
| MILBANK, TWEED, HADLEY & McCLOY LLP, et al., | | |
| Defendants. | | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

[New York #1875055 v7]

WHEREAS, consolidated and coordinated class actions are pending before this Court, including *In re Enron Corporation Securities Litigation,* Civil Action No. H-01-3624, which includes, among others, the case entitled *The Regents of the University of California v. Milbank Tweed, et al.* (the "Action");

WHEREAS, the Settling Parties have applied to the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of the Action as to them in accordance with the Stipulation of Settlement among them dated as of August 3, 2009 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action as to Goldman Sachs (the "Settlement") and for dismissal of the Action with prejudice as to Goldman Sachs;

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement; and

WHEREAS, the Court has read and considered the Stipulation and the Exhibits annexed thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed in the premises, and with good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2.     The Court preliminarily approves the Stipulation, including the releases contained therein, and the Settlement as being fair, reasonable, and adequate to the Settlement Class.

3.     Solely for purposes of the Stipulation and the Settlement, the Court now finds and concludes that:

1

(a)      With respect to all Released Claims, particularly in light of the Settlement, (1) the Members of the Settlement Class are so numerous that joinder of all class members in the Action is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class; and (4) in negotiating and entering into the Stipulation, the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

(b)      With respect to all Released Claims, (1) the questions of law and fact that are common to the Settlement Class predominate over any individual questions; and (2) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

4.      Solely for purposes of the Stipulation and the Settlement, the Settlement Class is hereby certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure in accordance with the following definition as set forth in the Stipulation: "Settlement Class" means all Persons (and their beneficiaries) who purchased or acquired 7% Exchangeable Notes from the date of issuance on August 10, 1999 until December 2, 2001, inclusive.  Excluded from the Settlement Class are Defendants, the officers and directors of Enron, and members of their immediate families or their successors, heirs, and legal representatives.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class, to the extent that they

2

are able to do so under Rule 23 of the Federal Rules of Civil Procedure, pursuant to the Mailed Notice (as defined in ¶6, below).

5.     Solely for purposes of the Stipulation and the Settlement, the Representative Plaintiffs are hereby certified as the class representatives pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

6.     The Court approves, as to form and content, the Notice of Pendency and Partial Settlement of Class Action (the "Mailed Notice") annexed hereto as Exhibit A-1, the Proof of Claim annexed hereto as Exhibit A-2 and the Summary Notice for Publication (the "Summary Notice") annexed hereto as Exhibit A-3.

7.     The date and time of the Settlement Hearing shall be added to the Mailed Notice and the Summary Notice before they are mailed and published, respectively, in accordance with ¶9, below.

8.     The Court finds that the mailing, publication and distribution of the Mailed Notice and Summary Notice substantially in the manner and form set forth, constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who can be identified through reasonable effort, and constitutes valid, due and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

9.     The Notice and Claims Administrator is empowered to supervise and administer the notice procedure, as set forth below:

(a)     Commencing on or before November 9, 2009, the Notice and Claims Administrator shall mail or cause to be mailed, by first class mail, postage prepaid, copies of the Mailed Notice and Proof of Claim to all Settlement Class Members who can be identified by

3

Plaintiffs' Counsel with reasonable effort at each such Settlement Class Member's last known address; and

(b)    On or before November 19, 2009, the Notice and Claims Administrator shall cause the Summary Notice to be published twice in *Investor's Business Daily* and twice in the *Houston Chronicle*.

10.    At or prior to the Settlement Hearing (as defined below), Plaintiffs' Counsel shall file with the Court and serve on counsel for Goldman Sachs proof by declaration or affidavit of the mailing and publication described in ¶9, above.

11.    Settlement Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein, except for Settlement Class Members who previously completed and submitted Proof of Claim forms as more fully set forth in ¶ 12 below.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked no later than February 16, 2010.  Any Settlement Class Member who does not timely submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Plaintiffs' Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby

12.    Settlement Class Members who completed and submitted the Proof of Claim form that accompanied the Plan of Allocation Notice dated December 20, 2007 that was previously mailed to Settlement Class Members commencing on December 21, 2007 need not complete and submit another Proof of Claim form to share in the distribution of the proceeds of the Net Settlement Fund. Those Settlement Class Members who do not need to submit a Proof of Claim form but who the

4

Claims Administrator determines are entitled to distributions from proceeds of the Net Settlement Fund shall receive distribution checks, to which will be attached a document containing the Release as set out in the Stipulation of Settlement and Proof of Claim form. The back of the check will contain language acknowledging that by endorsing the check the Settlement Class Member(s) is (are) releasing all "Released Claims" (including "Unknown Claims") against the "Released Parties" and that such endorsement and release shall operate as if they had been included in the Proof of Claim such Settlement Class Member(s) previously submitted, all as more particularly defined and set forth in the document attached to the check and in the Stipulation of Settlement between Goldman, Sachs & Co. and Plaintiffs dated August 3, 2009.

13.    Settlement Class Members who wish to exclude themselves from the Settlement Class must do so in accordance with the instructions contained in the Mailed Notice.

14.    Unless otherwise ordered by the Court, all Persons who fall within the definition of the Settlement Class and who do not timely and validly request to be excluded from the Settlement Class in accordance with the instructions set forth in the Mailed Notice shall be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

15.    A hearing (the "Settlement Hearing") shall be held on February 4, 2010, at 1:30 p.m., before the Honorable Melinda Harmon, United States District Judge, at the United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, to determine (a) whether the proposed Settlement as set forth in the Stipulation is fair, reasonable and adequate and should be approved by the Court; and (b) whether an

Order of Final Judgment and Dismissal, substantially in the form of Exhibit B to the Stipulation, should be entered herein.

16.     All motions and papers in support of the Settlement, and any motion by Plaintiffs' Counsel for an award of attorneys' fees and expenses, shall be filed and served on or before November 30, 2009. Replies to any objections shall be filed and served on or before January 20, 2010.

17.     Any Settlement Class Member may appear and show cause (if he, she or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Stipulation as fair, reasonable and adequate; (b) enter the Order of Final Judgment and Dismissal substantially in the form annexed as Exhibit B to the Stipulation; or (c) award attorneys' fees and expenses to Representative Plaintiffs' counsel; provided, however that no Person shall be heard with respect to, or shall be entitled to contest, the foregoing matters unless on or before December 30, 2009, that Person has served by hand or by first class mail notice of his, her or its intention to appear, setting forth briefly each objection and the basis therefor, together with copies of any papers and briefs in support of said objections and proof of membership in the Settlement Class, upon Patrick J. Coughlin, Keith F. Park and Helen J. Hodges, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101 (on behalf of the Representative Plaintiffs); and Max Gitter, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006 (on behalf of Goldman Sachs); and has filed said objections, papers and briefs with the Court. Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

[New York #1875055 v7]

18.     The Court may adjourn the Settlement Hearing from time to time and without further notice to the Settlement Class. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Settlement Class. The Court further reserves the right to enter the Order of Final Judgment and Dismissal, *inter alia*, dismissing the Action with prejudice as to Goldman Sachs at or after the Settlement Hearing and without further notice to the Settlement Class.

19.     Upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Representative Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Gross Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Parties.

20.     Except as otherwise provided in the Stipulation, no Person who is not a Settlement Class Member or counsel for one or more of the Representative Plaintiffs shall have any rights to any portion of the Gross Settlement Fund.

21.     Banks, brokerage firms, institutions, and other Persons who are nominees that purchased the 7% Exchangeable Notes of Enron (the "7% Notes") for the beneficial interest of other Persons during the Settlement Class Period, including each of the underwriters of the 7% Notes that initially sold the 7% Notes in August 1999, shall within twenty (20) calendar days of receiving the

7

Mailed Notice (a) send the Mailed Notice and Proof of Claim to all such beneficial owners and initial purchasers, respectively, or (b) if they have not already done so in connection with prior settlements, send a list of the names and addresses of such beneficial owners and initial purchasers, respectively, to the Notice and Claims Administrator, in which event the Notice and Claims Administrator shall promptly mail the Mailed Notice and Proof of Claim to such beneficial owners and initial purchasers. The Mailed Notice will advise such nominees and underwriters that, subject to the limitations set forth in the Mailed Notice, their reasonable costs in providing the Mailed Notice and Proof of Claim to such beneficial owners and initial purchasers, respectively, will be reimbursed by Plaintiffs' Counsel from the Gross Settlement Fund.  In addition, the Notice and Claims Administrator shall send the Mailed Notice to persons and entities who previously submitted Proof of Claim forms that accompanied the Plan of Allocation Notice dated December 20, 2007 and which Proof of Claim forms indicated that they were purchasers of the 7% Notes.

22.     All reasonable costs and expenses incurred in identifying and providing notice to Settlement Class Members and in administering the Gross Settlement Fund shall be paid as set forth in the Stipulation.

23.     The Court retains jurisdiction over all proceedings arising out of or related to the Stipulation and/or the Settlement.

24.     If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the provisions of ¶7.5 of the Stipulation shall apply.

25.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Stipulation.

8

[New York #1875055 v7]

26.     Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, no Settlement Class Member shall commence, prosecute, pursue or litigate any Released Claim against any Released Party, whether directly, representatively or in any other capacity, and regardless of whether or not any such Settlement Class Member has appeared in the Action.

IT IS SO ORDERED.

DATED: _October 29, 2009_       _Melinda Har_

THE HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § | Civil Action No. H-01-3624 **(Consolidated)** |
| | § | CLASS ACTION |
| This Document Relates To: | § § | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants. | § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | Civil Action No. H-04-0088 CLASS ACTION |
| Plaintiffs, | § § | |
| vs. | § § | |
| MILBANK, TWEED, HADLEY & McCLOY LLP, et al., | § § § | |
| Defendants. | § § § | |

**NOTICE OF PENDENCY AND PARTIAL SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

[New York #1874986 v7]

TO:    ALL PERSONS WHO PURCHASED OR ACQUIRED 7% EXCHANGEABLE NOTES OF ENRON CORPORATION DURING THE PERIOD FROM AUGUST 10, 1999 THROUGH AND INCLUDING DECEMBER 2, 2001.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT OR HAVE ALREADY SUBMITTED A VALID PROOF OF CLAIM FORM.

EXCLUSION DEADLINE: REQUESTS FOR EXCLUSION MUST BE FILED SO AS TO BE RECEIVED NO LATER THAN DECEMBER 30, 2009. SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE THE INSTRUCTIONS ON PAGE__ BELOW.

This Notice of Pendency and Partial Settlement of Class Action (the "Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Southern District of Texas, Houston Division (the "Court") to inform you of a proposed partial settlement of the Action (the "Settlement") and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement as set forth in the Stipulation of Settlement among the Representative Plaintiffs and Goldman Sachs (as further defined below), dated as of August 3, 2009 (the "Stipulation"), on file with the Court. This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action or the merits of the claims or defenses asserted. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this Action. All capitalized terms not defined prior to their use in this Notice have the meanings set forth in Section VIII, below.

1

I.    **STATEMENT OF PLAINTIFFS' RECOVERY**

The Settlement will result in the creation of a cash settlement fund in the aggregate principal amount of Eleven Million Five Hundred Thousand Dollars ($11,500,000) plus any interest that may accrue thereon (the "Gross Settlement Fund"), which, subject to deduction for costs of notice and administration and certain taxes and tax related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Settlement Class Members (as defined below). Your recovery from the Gross Settlement Fund will depend on a number of variables, including the number of units of Enron 7% Exchangeable Notes ("7% Notes") you purchased or otherwise acquired during the period August 10, 1999 to December 2, 2001, the timing of your purchases and any sales, and the number of units of 7% Notes purchased by other Settlement Class Members who submit valid and timely proof of claim forms.

II.    **STATEMENT OF POTENTIAL OUTCOME**

Representative Plaintiffs and Goldman Sachs do not agree about the issues of Goldman Sachs's alleged liability, the claims asserted by the Representative Plaintiffs, or the average amount of damages per unit that would have been recoverable from Goldman Sachs if Representative Plaintiffs were to have prevailed on each claim asserted. The issues on which the parties disagree include: (1) whether Goldman Sachs engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, Texas common law, or any other laws; (2) whether Goldman Sachs has valid defenses to any such claims of liability; (3) whether the Registration Statement for the 7% Notes was materially false and misleading; (4) the appropriate economic model for determining the amount by which the 7% Exchangeable Notes were allegedly artificially inflated (if at all) during the Settlement Class Period; (5) the amount by which the 7% Exchangeable Notes were allegedly artificially inflated (if at all) during the Settlement Class Period; (6) the effect of various market forces influencing the trading price of 7% Exchangeable Notes at

2

various times during the Settlement Class Period; (7) the extent to which external factors, such as general market conditions, influenced the trading price of 7% Exchangeable Notes at various times during the Settlement Class Period; (8) the extent to which the various matters that Representative Plaintiffs alleged were materially false or misleading influenced (if at all) the price of 7% Exchangeable Notes at various times during the Settlement Class Period; (9) the extent to which the various allegedly adverse material facts that Representative Plaintiffs alleged were omitted influenced (if at all) the price of the 7% Exchangeable Notes at various times during the Settlement Class Period; (10) whether claims based on the statements made or facts allegedly omitted were actionable under the federal securities or other laws.

## III.    STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Counsel for the Representative Plaintiffs do not intend to seek a separate award of fees and expenses in connection with this Settlement.

## IV.    REASONS FOR SETTLEMENT

The Representative Plaintiffs and their counsel believe that this Settlement is fair, reasonable, and adequate to the Members of the Settlement Class. The Representative Plaintiffs and their counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of the Representative Plaintiffs' claims against Goldman Sachs and Goldman Sachs' defenses to those claims, the uncertainties of this complex litigation, and the benefit provided by the Settlement to the Members of the Settlement Class. *See* Section VII.

## V.    IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

Any questions regarding the Settlement should be directed to a representative of Plaintiffs' Counsel:

RICK NELSON
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900

3

San Diego, CA 92101-4297
Telephone: (800) 449-4900

## VI.  BACKGROUND OF THE LITIGATION

Plaintiffs filed their complaint in this Action on January 9, 2004, and filed an amended complaint on February 6, 2004.  Goldman Sachs was named as a defendant in the Action, which alleged a claim against Goldman Sachs under §11 of the Securities Act of 1933 and a claim against The Goldman Sachs Group, Inc. for control person liability under §15 of the Securities Act of 1933. Goldman Sachs and The Goldman Sachs Group, Inc. moved to dismiss the Action on the ground that the complaint failed to state a claim upon which relief could be granted.  On December 5, 2005, the Court denied Goldman Sachs's motion to dismiss the claim asserted against it and granted The Goldman Sachs Group, Inc.'s motion to dismiss the control person claim asserted against it. Extensive fact discovery was conducted by plaintiffs, with Goldman Sachs producing documents and Goldman Sachs witnesses being deposed.  On August 1, 2006, plaintiff The Regents moved to confirm its appointment as lead plaintiff.  On August 11, 2006, plaintiff Pulsifer filed a motion for class certification.  On August 21, 2006, Goldman Sachs opposed the motion to confirm the Regents as Lead Plaintiff and filed a cross-motion for judgment on the pleadings against the Regents, and on October 11, 2006, Goldman Sachs opposed the motion for class certification and filed a cross-motion for judgment on the pleadings against both plaintiffs.  The Court has not yet decided those motions.

## VII.  BACKGROUND OF THE SETTLEMENT

Counsel for the Representative Plaintiffs have conducted an investigation relating to the claims and underlying events alleged in the complaint. Counsel for the Representative Plaintiffs also have conducted considerable formal and informal discovery in the Action and in related litigation and have analyzed the evidence obtained therein, and have researched the applicable law with respect

4

to the claims alleged in the complaint and the potential defenses thereto.  The Representative Plaintiffs, by their counsel, have also conducted arm's-length negotiations with counsel for Goldman Sachs with a view toward settling the issues in dispute and achieving the best result possible consistent with the interests of the Settlement Class.

Based upon their investigation and negotiations, counsel for the Representative Plaintiffs have concluded that the terms of the Settlement as set forth in the Stipulation are fair, reasonable, and adequate to the Representative Plaintiffs and the Settlement Class, and in the best interest of the Representative Plaintiffs and the Settlement Class, and have agreed to settle the Action as to Goldman Sachs pursuant to the terms and provisions of the Stipulation, after considering (i) the benefits that the Representative Plaintiffs and the Settlement Class will receive from the Settlement; (ii) the attendant risks of litigation; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

Goldman Sachs has denied and continues to deny each and all of the claims and allegations of wrongdoing made by the Representative Plaintiffs in the Action and maintains furthermore that it has meritorious defenses.  Goldman Sachs has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, and Goldman Sachs vigorously contends that many of the factual allegations of the complaint relating to Goldman Sachs were materially false or inaccurate.  Goldman Sachs also has denied and continues to deny, *inter alia*, the allegations that the Representative Plaintiffs or the Settlement Class Members were harmed by Goldman Sachs' conduct alleged in the Action.  Pursuant to the terms of the Stipulation, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession by Goldman Sachs with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.  Nonetheless,

5

Goldman Sachs has concluded that further litigation of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VIII.   DEFINITIONS

As used in this Notice, the following terms have the meanings specified below.   Any capitalized terms not specifically defined in this Notice shall have the meanings set forth for such terms in the Stipulation.  In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.      "Action" means *The Regents v. Milbank Tweed et al.*, Civil Action No. H-04-0088.

2.      "Actions" means *The Regents v. Milbank Tweed, et al.*, Civil Action No. 04-0088; *In re Enron Corp. Sec. Litig.*, Civil Action No. H-01-CV-3624 (S.D. Tex.); *Washington State Investment Board, et al. v. Kenneth L. Lay, et al.*, Civil Action No. H-02-CV-3401 (S.D. Tex.) (the "WSIB Action"); *The Regents of the University of California v. Royal Bank of Canada, et al.*, Civil No. H-04-0087 (S.D. Tex.); *The Regents of the University of California v. Milbank Tweed, et al.*, Civil No. H-04-0088 (S.D. Tex.); and *The Regents of the University of California v. Toronto-Dominion Bank, et al.*, Civil No. 03-5528.

3.      "Authorized Claimant" means any Settlement Class Member who is entitled to a distribution from the Gross Settlement Fund pursuant to the terms of the Stipulation, any Plan of Allocation, or any order of the Court.

4.      "Goldman Sachs" means Goldman, Sachs & Co.

5.      "Court" means the United States District Court for the Southern District of Texas, Houston Division.

6

6.    "Defendants" means each and all of the defendants that have been or may be named in any of the complaints in the Actions.

7.    "Effective Date" means the first date by which all of the events and conditions specified in paragraph 7.1 of the Stipulation have occurred and have been met, respectively.

8.    "Enron" means Enron Corporation and all of its past and present parents, subsidiaries, divisions, joint ventures, predecessors, successors, assigns, related or affiliated entities, and any entity in which any of them has a controlling interest.

9.    "Judgment" means a judgment to be rendered by the Court, substantially in the form attached to the Stipulation as Exhibit B.

10.    "Lead Plaintiff" means The Regents of the University of California.

11.    "Non-Goldman Sachs Defendants" means the defendants other than Goldman Sachs and The Goldman Sachs Group, Inc. that have been named in the complaints in the Actions.

12.    "Non-Settling Defendants" means each and all of the current Defendants in the Actions except Goldman Sachs.

13.    "Notice and Claims Administrator" means Gilardi & Co. LLC or its successors.

14.    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

15.    "Plaintiffs' Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP (and any successors thereof), Patrick J. Coughlin, Keith F. Park, Helen J. Hodges, 655 West Broadway, Suite 1900, San Diego, California 92101.

7

16.    "Plan of Allocation" means any plan or formula of allocation of the Gross Settlement Fund, to be approved by the Court, whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and Goldman Sachs shall have no responsibility or liability with respect thereto.

17.    "Proof of Claim and Release" means the form sent with this notice to Settlement Class Members, by which Settlement Class Members may make claims (if they have not previously done so by submitting an earlier proof of claim and release) against the Gross Settlement Fund for damages allegedly incurred by reason of their investment(s) in the 7% Exchangeable Notes.

18.    "Released Claims" means any and all claims, demands, rights, liabilities and causes of action (including "Unknown Claims" as defined below) of any nature whatsoever, asserted under federal, state, common, local law, or foreign law (including without limitation claims under the Securities Exchange Act of 1934 and the Securities Act of 1933, the Texas Securities Act, any analogous state securities act, and common law) that Representative Plaintiffs and/or any Settlement Class Member have, had, or may have against the Released Parties (i) based on, arising out of, or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding of any Enron or Enron-related publicly traded securities and (ii) based upon, arising out of, or related directly or indirectly to all acts, facts, statements, or omissions that were or could have been alleged in the Action.

19.    "Released Parties" means Goldman Sachs and its parent, The Goldman Sachs Group, Inc., their direct and indirect present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors, and all of their respective current and former members, officers, directors, managing directors, principals, shareholders, employees and agents, heirs, executors, administrators, spouses, assigns and/or bankruptcy estates, in each instance only in

8

their capacity as such, and any person or entity in which any of the above has or had a controlling interest or which is or was related to or affiliated with any of the above, but excluding the Non-Settling Defendants in the Action.

20.    "Representative Plaintiffs" means The Regents of the University of California and Nathanial Pulsifer, Trustee of the Shooters Hill Revocable Trust.

21.    "Settlement Amount" means the principal amount of Eleven Million Five Hundred Thousand Dollars ($11,500,000).

22.    "Settlement Class" means (i) all Persons (and their beneficiaries) who purchased or acquired the 7% Exchangeable Notes of Enron on August 10, 1999 until December 2, 2001, inclusive. Excluded from the Settlement Class are Defendants, the officers and directors of Enron, and members of their immediate families or their successors, heirs, and legal representatives. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class, to the extent that they are able to do so under Rule 23 of the Federal Rules of Civil Procedure, pursuant to this Notice.

23.    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class.

24.    "Settlement Class Period" means the period commencing on August 10, 1999 until December 2, 2001, inclusive.

25.    "Settling Parties" means, collectively, Goldman Sachs and the Representative Plaintiffs (on behalf of themselves and each of the Settlement Class Members).

26.    "Unknown Claims" means any Released Claim that any Representative Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that if known by him, her or it, might have affected his, her or its

[New York #1874986 v7]

settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall be deemed to have expressly waived, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Representative Plaintiffs shall be deemed to have expressly waived, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Representative Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Representative Plaintiff shall expressly have, and each Settlement Class Member shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty,

law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Representative Plaintiffs acknowledge, and the Settlement Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## IX.    THE SETTLEMENT CLASS

By Order dated _October 29_, 2009, the Court certified the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for the purpose of the Settlement only, and directed that this Notice be given to Members of the Settlement Class. If you fall within the definition of the Settlement Class set forth above at Section VIII, then you are a Settlement Class Member.

## X.    THE RIGHTS OF SETTLEMENT CLASS MEMBERS

If you are a Settlement Class Member, you may receive the benefit of, and you will be bound by, the terms of the proposed Settlement described in Section XI of this Notice, upon approval of the proposed Settlement by the Court.

If you are a Class Member, you have the following options:

If you have not already done so, you may submit a Proof of Claim and Release form as described below. If you choose this option, you will remain a Settlement Class Member, you will share in the proceeds of the proposed Settlement if your claim is timely, valid and you are otherwise entitled to a distribution under the Plan of Allocation and if the proposed Settlement is finally approved by the Court, and you will be bound by the Judgment and Release described below.

If you do not wish to be included in the Settlement Class and do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded with respect to all Released Claims.

11

[New York #1874986 v7]

To request to be excluded in accordance with the preceding paragraph, you must send a signed, written request to be excluded, postmarked no later than December 30, 2009, and addressed as follows:

*In re Enron Corporation Securities Litigation – Goldman Sachs*
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

You must set forth the name of this Action *(The Regents v. Milbank Tweed et al.*, Civil Action No. H-04-0088), your name, address and telephone number, and state that you "request exclusion from the Settlement Class in *The Regents v. Milbank Tweed et al.*, Civil Action No. H-04-0088." You must also set forth the number of 7% Exchangeable Notes that you purchased and sold during the Settlement Class Period and the prices at which the Notes were purchased and sold, along with the name and address of the record owner of such shares if different from your own. NO PERSON OR ENTITY MAY EXCLUDE HIMSELF, HERSELF, OR ITSELF FROM THE SETTLEMENT CLASS AFTER DECEMBER 30, 2009.

If you validly request exclusion from the Settlement Class (a) you will be excluded from the Settlement Class, (b) you will not share in the proceeds of the Settlement described herein, (c) you will not be bound by any judgment entered in the Action insofar as such judgment relates to the Action, and (d) you will not be precluded, by reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely and otherwise valid, against Goldman Sachs based on the matters complained of in the Action. If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense, provided that such counsel must file an appearance on your behalf on or before December 30, 2009, and must serve copies of such appearance on the attorneys listed in

12

Section XVI below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Plaintiffs' Counsel.

**XI.    TERMS OF THE PROPOSED SETTLEMENT**

A settlement has been reached in the Action between the Representative Plaintiffs and Goldman Sachs, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto.  The following description of the proposed Settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court, for a full statement of its provisions.  You may also access the Stipulation and related documents at the Notice and Claims Administrator's website, www.Gilardi.com.

**A.    The Settlement Fund**

The entire settlement fund (the "Gross Settlement Fund") consists of the aggregate principal amount of Eleven Million Five Hundred Thousand Dollars ($11,500,000) in cash, plus interest thereon, that has been placed into an interest-bearing account pursuant to the terms of the Stipulation.  A portion of the Gross Settlement Fund will be used to pay for this Notice, taxes and tax return preparation expenses regarding the interest earned on the Gross Settlement Fund and the Court awarded fees and expenses of counsel to the Representative Plaintiffs.

**B.    Releases**

If the proposed Settlement is approved by the Court, the Court will enter an order (the "Order of Final Judgment and Dismissal") that will dismiss the Action with prejudice as to Goldman Sachs. In addition, upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Representative Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Settlement

13

[New York #1874986 v7]

Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Parties. In addition, subject to certain limitations set forth in the Stipulation, Goldman Sachs will release the Representative Plaintiffs, the Settlement Class Members and Plaintiffs' Counsel from any claims relating to the prosecution of the Action. The Court shall retain jurisdiction over the Action, including, without limitation, all matters with respect to implementation and enforcement of the terms of the Stipulation.

## XII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who submit (or have previously submitted) valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Enron 7% Notes during the Settlement Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Counsel have consulted with their damage experts and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered had Lead Plaintiff prevailed at trial.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, (and as is more likely) the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the

14

percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

A 7% Note purchased during the Settlement Class Period and prior to October 17, 2001, must have been held through October 16, 2001, to participate in this plan.  The claim for a 7% Note will be the purchase price of the Note (but not more than $22.25) less the sales price (but not more than $22.25) if sold on or after October 17, 2001, and prior to December 3, 2001, or, if held on December 3, 2001, the purchase price (but not more than $22.25) less $4.12.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who made multiple purchases or sales of 7% Notes during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of units during the Settlement Class Period will be matched, in chronological order against units purchased during the Settlement Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Enron 7% Notes during the Settlement Class Period are subtracted from all losses.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

## XIII.  PARTICIPATION IN THE SETTLEMENT

The Net Settlement Fund from this settlement with Goldman Sachs will be distributed ***ONLY*** to Persons who purchased or acquired 7% Exchangeable Notes of Enron Corporation during the

15

period August 10, 1999 through December 21, 2001. To participate in the distribution of the Net Settlement Fund you must EITHER: (a) complete and submit the Proof of Claim form that accompanies this Notice; OR (b) have completed and submitted the Proof of Claim form that accompanied the Plan of Allocation Notice dated December 20, 2007 that was previously mailed to Settlement Class Members commencing on December 21, 2007. To share in the distribution of this Net Settlement Fund, you need only complete and submit one Proof of Claim form. If you are submitting the claim form that accompanies this Notice, you must complete, sign and mail the Proof of Claim form, postmarked on or before February 16, 2010, addressed as follows:

> *Enron Securities Litigation - Proof of Claim*
> Claims Administrator
> c/o Gilardi & Co LLC
> P.O. Box 808061
> Petaluma, CA 94975-8061

Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim form, you will be barred from receiving any payment from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and Judgment.

If you completed and submitted the Proof of Claim form that accompanied the Plan of Allocation Notice dated December 20, 2007 that was previously mailed to Settlement Class Members commencing on December 21, 2007, you need not complete and submit another Proof of Claim form to share in the distribution of the proceeds of the Net Settlement Fund. Those Settlement Class Members who do not need to submit a Proof of Claim form but who the Claims Administrator determines are entitled to distributions from proceeds of the Net Settlement Fund shall receive distribution checks, to which will be attached a document containing the same Release set out in the Stipulation of Settlement and Proof of Claim and Release form. The back of the check will contain language acknowledging that by endorsing the check, the Settlement Class Member(s) is

16

(are) releasing all "Released Claims" (including "Unknown Claims") against the "Released Parties" and that such endorsement and release shall operate as if they had been included in the Proof of Claim such Settlement Class Member(s) previously submitted, all as more particularly defined and set forth in the document attached to the check and in the Stipulation of Settlement between Goldman, Sachs & Co. and Plaintiffs dated August 3, 2009.

**XIV.** NOTICE TO BANKS, BROKERS, OTHER NOMINEES AND UNDERWRITERS

All nominees who hold 7% Notes purchased during the period beginning on August 10, 1999 through and including December 2, 2001 for the beneficial ownership of another, including each of the underwriters that sold the 7% Notes to initial purchasers during the initial period beginning on August 10, 1999, are requested to send this Notice to all such beneficial owners and initial purchasers, respectively, no later than twenty days after receipt of this Notice. Additional copies of the Notice will be provided to such nominees upon written request sent to:

> *In re Enron Corporation Securities Litigation – Goldman Sachs*
> c/o Gilardi & Co. LLC
> P.O. Box 808061
> Petaluma, CA  94975-8061

In the alternative, all nominees and underwriters are requested, IF YOU HAVE NOT ALREADY DONE SO IN CONNECTION WITH THE PRIOR NOTICES OF SETTLEMENT SENT REGARDING THE PARTIAL SETTLEMENTS WITH ANDERSEN WORLDWIDE SOCIETE′ COOPERATIVE, BANK OF AMERICA, LEHMAN BROTHERS, THE ENRON OUTSIDE DIRECTORS, CITIGROUP, JP MORGAN CHASE, CANADIAN IMPERIAL BANK OF COMMERCE, ARTHUR ANDERSEN OR KIRKLAND & ELLIS, no later than twenty days after receipt of this Notice, to send a list of the names and addresses of only such persons who are or were beneficial owners and/or initial purchasers of 7% Exchangeable Notes of Enron to Gilardi & Co. LLC at the above address. Gilardi & Co. LLC will thereafter mail copies of this Notice directly

17

[New York #1874986 v7]

to all such beneficial owners and initial purchasers. Lead Plaintiff's counsel offer to prepay the reasonable costs of preparing a list of the names and addresses of such beneficial owners and/or initial purchasers or of forwarding this Notice to beneficial owners and/or initial purchasers in those cases where a nominee or underwriter elects to forward notice, rather than provide a list of names and addresses to Gilardi & Co. LLC.

## XV.   APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Counsel for the Representative Plaintiffs do not intend to seek a separate award of fees and expenses in connection with this Settlement.

## XVI.   THE SETTLEMENT HEARING

A hearing (the "Settlement Hearing") will be held on February 4, 2010, at 1:30 p.m., before the Honorable Melinda Harmon, United States District Judge, United States District Court for the Southern District of Texas, at the Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, for the purpose of determining (a) whether the proposed Settlement as set forth in the Stipulation is fair, reasonable and adequate and should be approved by the Court; and (b) whether an Order of Final Judgment and Dismissal, substantially in the form of Exhibit B to the Stipulation, should be entered herein. The Court may adjourn the Settlement Hearing from time to time and without further notice to the Settlement Class.

Any Settlement Class Member who has not requested exclusion may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her or its objection is made in writing and is filed, together with proof of membership in the Settlement Class and copies of all other papers and briefs to be submitted by him, her or it to the Court at the Settlement Hearing, with the Court no later than December 30, 2009, and showing due proof of service on Plaintiffs' Counsel:

18

KEITH F. PARK
HELEN J. HODGES
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-4297

and upon the following counsel for Goldman Sachs:

MAX GITTER
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her or

its objection in the manner provided shall be deemed to have waived all objections to the foregoing

matters.

## XVII. EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the proposed Settlement. For a more

detailed statement of the matters involved in the Action, reference is made to the pleadings, to the

Stipulation and to other papers filed in this action, which may be inspected at the Office of the Clerk

of the United States District Court, Bob Casey United States Courthouse, 515 Rusk Avenue,

Houston, Texas 77002, during business hours of any business day. The Stipulation and other

documents relating to this Settlement may also be accessed at the Notice and Claims Administrator's

website, www.Gilardi.com.

Inquiries regarding the Action should be addressed to Plaintiffs' Counsel at the address set

forth above.

### *DO NOT CONTACT THE COURT REGARDING THIS NOTICE.*

DATED: _October 29_, 2009          BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF TEXAS

[New York #1874986 v7]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § | Civil Action No. H-01-3624 **(Consolidated)** |
| | § | CLASS ACTION |
| This Document Relates To: | § § | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § § | |
| Defendants. | § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | Civil Action No. H-04-0088 CLASS ACTION |
| Plaintiffs, | § § § | |
| vs. | § § | |
| MILBANK, TWEED, HADLEY & McCLOY LLP, et al., | § § § § | |
| Defendants. | § § | |

**PROOF OF CLAIM**

EXHIBIT A-2

I.      GENERAL INSTRUCTIONS

1.      To recover as an Authorized Claimant based on your claims in the action entitled *The Regents of the University of California, et al. v. Milbank, Tweed, Hadley & McCloy, et al.*, Civil Action No. H-04-0088 (Coordinated) (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim form.  If you fail to submit a properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the settlement of this Action.

2.      Submission of this Proof of Claim form, however, does not assure that you will share in the Settlement Fund.

3.      **IF YOU HAVE NOT ALREADY COMPLETED AND SUBMITTED THE PROOF OF CLAIM FORM SENT TO YOU WITH THE PLAN OF ALLOCATION NOTICE DATED DECEMBER 20, 2007, YOU MUST MAIL THIS PROOF OF CLAIM FORM, COMPLETED AND SIGNED, POSTMARKED ON OR BEFORE FEBRUARY 16, 2010, ADDRESSED AS FOLLOWS:**

> *Enron Securities Litigation - Proof of Claim*
> Claims Administrator
> c/o Gilardi & Co.
> P.O. Box 808061
> Petaluma, CA  94975-8061

If you are NOT a Settlement Class Member (as defined in the "Notice of Pendency and Partial Settlement of Class Action" ("Notice")) that accompanies this Proof of Claim) DO NOT submit a Proof of Claim form.

If you completed and submitted the Proof of Claim form that accompanied the Plan of Allocation Notice dated December 20, 2007 that was previously mailed to Settlement Class

[New York # 1874985 v6]

Members commencing on December 21, 2007, you need not complete and submit this Proof of Claim form to share in the distribution of the proceeds of the Net Settlement Fund. Those Settlement Class Members who do not need to submit a Proof of Claim form but who the Claims Administrator determines are entitled to distributions from proceeds of the Net Settlement Fund shall receive distribution checks, to which will be attached a document containing the same Release set out in the Stipulation of Settlement and this Proof of Claim form. The back of the check will contain language acknowledging that by endorsing the check you are releasing all "Released Claims" (including "Unknown Claims") against the "Released Parties" and that such endorsement and release shall operate as if they had been included in the Proof of Claim such Settlement Class Member(s) previously submitted, all as more particularly defined and set forth below, in the document attached to the check, and in the Stipulation of Settlement between Goldman, Sachs & Co. and Representative Plaintiffs dated August 3, 2009.

    4.      If you are a Settlement Class Member, and have not requested exclusion, you are bound by the terms of the judgment to be entered in the Action with respect to the Settlement, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

**II.    DEFINITIONS**

    Capitalized terms not defined in this Proof of Claim form have the same meaning as defined in the Notice that accompanies this form.

**III.    CLAIMANT IDENTIFICATION**

    1.      If you purchased or otherwise acquired Enron 7% Exchangeable Notes ("7% Notes") and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased the securities but the certificate(s) were registered in the

2

name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of 7% Notes which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

IV.    **CLAIM FORM**

1.    Use Part II of this form entitled "Schedule of Transactions in 7% Notes" to supply all required details of your transaction(s) in such securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your purchases or other acquisitions and *all* of your sales or other dispositions of 7% Notes which took place at any time beginning on August 10, 1999 through December 2, 2001, inclusive (the "Settlement Class Period"), whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of 7% Notes. The date of a "short sale" is deemed to be the date of sale of such securities.

5.      Broker confirmations or other documentation of your transactions in 7% Notes should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

[New York #1874985 v6]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*The Regents v. Milbank Tweed, et al.*
Civil Action No. H-04-0088(Coordinated)

PROOF OF CLAIM

Must be Postmarked on or Before: February 16, 2010
Please Type or Print

PART I:         CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)


_____
Street Address


_____          _____
City                                    State or Province


_____          _____
Zip Code or Postal Code                 Country


_____      _____      Individual

Social Security Number or
Taxpayer Identification Number      _____      Corporation/Other


_____        _____
Area Code          Telephone Number (work)


_____        _____
Area Code          Telephone Number (home)


_____
Record Owner's Name (if different from beneficial owner listed above)

5

[New York #1874985 v6]

PART II:    SCHEDULE OF TRANSACTIONS IN ENRON 7% NOTES

1.    Purchases (August 10, 1999 – December 2, 2001, inclusive) of Enron 7% Notes:

| Trade Date Month Day Year | Number of Units Purchased | Total Purchase Price |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

IMPORTANT:    Identify by number listed above all purchases in which you covered a "short sale": _____

2.    Sales (August 10, 1999 – December 2, 2001, inclusive) of Enron 7% Notes:

| Trade Date Month Day Year | Number of Units Sold | Total Sales Price |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

3.    Number of units of Enron 7% Notes held at close of trading on December 2, 2001: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

6

[New York # 1874985 v6]

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim form under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division (the "Court"), with respect to my (our) claim as a Settlement Class Member. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the judgment(s) to be entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information such as transactions in other Enron or Enron-related securities to the Claims Administrator to support this claim if required to do so.

## VI.    RELEASE AND WARRANTIES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Parties.

2.    "Released Claims" means any and all claims, demands, rights, liabilities and causes of action (including "Unknown Claims") of any nature whatsoever, asserted under federal, state, common, local or foreign law (including without limitation claims under the Securities Exchange Act of 1934 and the Securities Act of 1933, the Texas Securities Act, any analogous state securities act, and common law) that Representative Plaintiffs and/or any Settlement Class Member have, had, or may have against the Released Parties (as defined below) (i) based on, arising out of or related directly or indirectly to the purchase or sale or other acquisition or disposition, or holding of any Enron or Enron-related publicly traded securities, and (ii) based on, arising out of, or related directly or indirectly to all acts, facts, statements, or omissions that were or could have been alleged in the Action.

7

3.    "Released Parties" means Goldman, Sachs & Co. and its parent, The Goldman Sachs Group, Inc., their direct and indirect present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors, and all of their respective current and former members, officers, directors, managing directors, principals, shareholders, employees and agents, heirs, executors, administrators, spouses, assigns and/or bankruptcy estates, in each instance only in their capacity as such, and any person or entity in which any of the above has or had a controlling interest or which is or was related to or affiliated with any of the above, but excluding the Non-Settling Defendants in the Action.

4.    "Unknown Claims" "Unknown Claims" means any Released Claim that any Representative Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement or not to exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall be deemed to have expressly waived, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Representative Plaintiffs shall be deemed to have expressly waived, and each of the Settlement Class Members shall be deemed to have waived and by operation of the

8

Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Representative Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Representative Plaintiff shall expressly have, and each Settlement Class Member shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Representative Plaintiffs acknowledge, and the Settlement Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

5.    This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

9

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐   Individual/Sole Proprietor          ☐   Pension Plan
☐   Corporation     ☐   Partnership     ☐   Trust
☐   IRA             ☐   Other

    Enter TIN on appropriate line.

    For individuals, this is your social security number ("SSN").

    For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

    For other entities, it is your EIN.

__ __ __ - __ __ - __ __ __ __          or          __ __ - __ __ __ __ __ __ __
   Social Security Number                    Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

PART III

Certification

UNDER PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.    The number shown on this form is my correct TIN; and

2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

10

NOTE:          If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

SEE ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,

(Month / Year)

in _____, _____.

(City)                                        (State / Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

11

Reminder Checklist:

1.   Please sign this Proof of Claim.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original stock certificates.

4.   Keep a copy of your claim form for your records.

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send us your new address.

[New York #1874985 v6]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. H-01-3624 **(Consolidated)** CLASS ACTION |
| This Document Relates To: | § § | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants. | § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | Civil Action No. H-04-0088 CLASS ACTION |
| Plaintiffs, | § § | |
| vs. | § § | |
| MILBANK, TWEED, HADLEY & McCLOY LLP, et al., | § § § | |
| Defendants. | § § § | |

**SUMMARY NOTICE FOR PUBLICATION**

**EXHIBIT A-3**

TO:    ALL PERSONS (AND THEIR BENEFICIARIES) WHO PURCHASED OR ACQUIRED
       7% EXCHANGEABLE NOTES OF ENRON CORPORATION DURING THE PERIOD
       FROM AUGUST 10, 1999 THROUGH AND INCLUDING DECEMBER 2, 2001.

YOU ARE HEREBY NOTIFIED that the Representative Plaintiffs in the above litigation

(the "Action") have entered into a Stipulation of Settlement (the "Stipulation") dated as of August 3,

2009, with Goldman, Sachs & Co. ("Goldman Sachs") as further defined in the Stipulation to resolve

the issues raised in the Action as to Goldman Sachs.  The "Settlement Class" is defined as all

Persons (and their beneficiaries) who purchased or acquired 7% Exchangeable Notes from the date

of their issuance on August 10, 1999 until December 2, 2001.  Excluded from the Settlement Class

are Defendants, the officers and directors of Enron, and members of their immediate families or their

successors, heirs, and legal representatives.  Also excluded from the Settlement Class are those

Persons who timely and validly request exclusion from the Settlement Class, to the extent that they

are able to do so under Rule 23 of the Federal Rules of Civil Procedure, pursuant to the Mailed

Notice.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the United States District

Court, dated _October 29_, 2009, a hearing will be held on February 4, 2010, at 1:30 p.m.,

before the Honorable Melinda Harmon, United States District Judge, at the United States District

Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Avenue,

Houston, Texas 77002, for the purpose of determining whether, among other things: (1) the proposed

settlement of the Action as to Goldman Sachs for Eleven Million Five Hundred Thousand Dollars

($11,500,000) plus interest and certain other consideration should be approved by the Court as fair,

reasonable and adequate; and (2) the Action should be dismissed with prejudice as to Goldman Sachs

pursuant to the terms of the Stipulation.  If you meet the definition of the Settlement Class as set forth

above and are not a defendant, an officer or director of Enron, or a member of their immediate

1

families or their successors, heirs, and legal representatives; your rights may be affected by the settlement of the Action.  If you have not received a Notice of Pendency and Partial Settlement of Class Action (the "Mailed Notice") and Proof of Claim form you may obtain a copy by contacting: *In re Enron Corporation Securities Litigation – Goldman Sachs*, c/o Gilardi & Co. LLC , P.O. Box 808061, Petaluma, CA  94975-8061 or on the internet at www.gilardi.com.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must EITHER: (a) submit a Proof of Claim form postmarked no later than February 16, 2010 to: *Enron Securities Litigation – Proof of Claim*, c/o Gilardi & Co. LLC, P.O. Box 808061, Petaluma, CA  94975-8061, OR (b) have completed and submitted the Proof of Claim form that accompanied the Plan of Allocation Notice dated December 20, 2007 that was previously mailed to Settlement Class members commencing on December 21, 2007.

You will be bound by any judgment rendered in the Action with respect to Goldman with respect to claims based on or related directly or indirectly to all acts, facts, statements, or omissions that were or could have been alleged in the Action identified above, and with respect to other claims that you had, have, or may have against Goldman Sachs (and certain persons and entities related to Goldman Sachs) based on matters related to Enron Corporation or Enron-related securities, ***unless*** you request to be excluded from the Settlement Class, in writing, in accordance with the instructions set forth in the Mailed Notice, postmarked by December 30, 2009.  Any objection to the Settlement must be filed with the Court by December 30, 2009, and must show due proof of service on each of the counsel listed below:

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
KEITH F. PARK
HELEN J. HODGES
655 West Broadway
Suite 1900

2

San Diego, CA 92101

MAX GITTER
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

DATED: *October 29*, 2009          BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF TEXAS

3

[New York #1874990 v5]