UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § Civil Action No. H-01-3624<br>§ **(Consolidated)**<br>§<br>§ <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ENRON CORP., et al.,<br><br>                    Defendants. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MILBANK, TWEED, HADLEY & McCLOY LLP, et al.,<br><br>                    Defendants. | § Civil Action No. H-04-0088<br>§<br>§ <u>CLASS ACTION</u> |

**MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT WITH GOLDMAN, SACHS & CO. AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS**

I.  **MOTION AND INTRODUCTION**

Representative Plaintiffs, The Regents of the University of California ("The Regents") and Nathaniel Pulsifer, Trustee of the Shooters Hill Revocable Trust, move for final approval of both the settlement with Goldman, Sachs & Co. ("Goldman") for $11.5 million and the Plan of Allocation (the "Goldman Plan of Allocation") which will govern how the Goldman settlement proceeds are allocated among the Enron 7% Exchangeable Note purchasers who comprise the class benefitted by this settlement. The motion will be heard on February 4, 2010 at 1:30 p.m. before The Honorable Melinda Harmon, United States District Judge. The settlement is a very good result for the class under the circumstances and the Goldman Plan of Allocation is based on the principles set forth in the Plan of Allocation previously approved by the Court on September 8, 2008 (Docket No. 6028). Both the settlement and Goldman Plan of Allocation should be approved by the Court.

II.  **THE SETTLEMENT SHOULD BE FINALLY APPROVED**

Representative Plaintiffs' Motion for Preliminary Approval of Proposed Partial Settlement With Goldman, Sachs & Co. and Memorandum in Support Thereof, filed on October 2, 2009 (Docket No. 6189) ("Preliminary Approval Memorandum"), discussed the background and nature of the limited claims asserted against Goldman and the negotiations that led to the settlement now before the Court for final approval. The Preliminary Approval Memorandum also discussed the legal standards for final approval of a class settlement and demonstrated that the Goldman settlement fully satisfies that criteria. For the sake of brevity, that discussion is not repeated here, but a copy of the Preliminary Approval Memorandum is attached as Exhibit A hereto for the Court's convenience. The settlement should be finally approved by the Court.[1]

---

[1]  To date, there have been no objections to final approval of the Goldman settlement. Pursuant to the Court's October 29, 2009 Order Preliminarily Approving Settlement (Docket No. 6229), the

- 1 -

III. **THE COURT SHOULD ALSO APPROVE THE PLAN OF ALLOCATION**

Assessment of an allocation of settlement proceeds in a class action under Rule 23 of the Federal Rules of Civil Procedure is governed by the same standards of review applicable to the settlement as a whole – the plan must be fair, reasonable and adequate. *See In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1284 (9th Cir. 1992); *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (standard of review "applies with as much force to the review of the allocation agreement as it does to the review of the overall settlement between plaintiffs and defendants"). District courts enjoy "broad supervisory powers over the administration of class-action settlements to allocate the proceeds among the claiming class members . . . equitably." *Beecher v. Able*, 575 F.2d 1010, 1016 (2d Cir. 1978); *accord Chicken Antitrust*, 669 F.2d at 238. An allocation formula need only have a reasonable, rational basis, particularly if recommended by "experienced and competent" class counsel. *White v. NFL*, 822 F. Supp. 1389, 1420 (D. Minn. 1993); *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 142 F.R.D. 588, 596 (S.D.N.Y. 1992).

Under the Goldman Plan of Allocation, a claim will be calculated pursuant to the following formula:

> A 7% Note purchased during the Settlement Class Period and prior to October 17, 2001, must have been held through October 16, 2001, to participate in this plan. The claim for a 7% Note will be the purchase price of the Note (but not more than $22.25) less the sales price (but not more than $22.25) if sold on or after October 17, 2001, and prior to December 3, 2001, or, if held on December 3, 2001, the purchase price (but not more than $22.25) less $4.12.

This formula and the Goldman Plan of Allocation are eminently fair, reasonable and adequate for at least two reasons. First and foremost, the Goldman Plan of Allocation for Enron 7% Exchangeable

---

last day for objections is December 30, 2009. In the event of any objections, Representative Plaintiffs will respond by January 20, 2010.

Notes is based on the same formula previously approved by the Court with respect to the Plan of Allocation relating to all Enron or Enron-related securities (including the Enron 7% Notes) (Docket No. 6028).[2] These principles, in turn, were based on damage studies performed by economic experts and tracked the damage theories Lead Plaintiff intended to prove at trial. Second, the Goldman Plan of Allocation calculates claims based on the statutory measure of damages set forth in §11 of the

---

[2] There are two minor differences between the calculation of claims for 7% Notes in the Goldman Plan of Allocation and the plan previously approved by the Court. Neither is material. First, the prior plan used "multipliers" on the Recognized Losses for the claims of §11 securities purchasers (including 7% Note purchasers) in an effort to put §11 claimants in the same economic position as they would have been if portions of the various settlement funds had been allocated solely to them. Here, there is no need for a multiplier for the Goldman settlement since all of the proceeds will go solely to 7% Note purchasers. Second, in the prior plan, in addition to claims calculated pursuant to the §11 statutory measure of damages, there was a §10(b) measure for claimants who purchased 7% Notes at a price above the offering price. Here, there is no need for a §10(b) calculation since the claims asserted against Goldman were limited to §11 and, hence, so is the Goldman Plan of Allocation.

- 3 -

Case 4:01-cv-03624   Document 6249   Filed on 11/24/09 in TXSD   Page 5 of 8

Securities Act of 1933. 15 U.S.C. §77k.[3] Nothing could be fairer since only §11 claims were asserted against Goldman. The Goldman Plan of Allocation should be approved.

DATED: November 24, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
KEITH F. PARK
HELEN J. HODGES
BYRON S. GEORGIOU
G. PAUL HOWES
SPENCER A. BURKHOLZ
JAMES I. JACONETTE
ANNE L. BOX
ALEXANDRA S. BERNAY
MATTHEW I. ALPERT
JENNIFER L. GMITRO

/s/ Roger B. Greenberg *signed by permission
KEITH F. PARK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

**Lead Counsel for Plaintiffs**

---

[3]   Subsection (e) states:

> The suit authorized under subsection (a) may be to recover such damages as shall represent the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought . . . .

15 U.S.C. §77k(e).

SCHWARTZ, JUNELL, GREENBERG
  & OATHOUT, LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932


             /s/ Roger B. Greenberg
          ROGER B. GREENBERG

Two Houston Center
909 Fannin, Suite 2700
Houston, TX 77010
Telephone: 713/752-0017

WOLF POPPER LLP
ROBERT C. FINKEL
845 Third Avenue
New York, NY 10022
Telephone: 212/759-4600

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO
MATTHEW L. TUCCILLO
53 State Street
Boston, MA 02109
Telephone: 617/439-3939

**Attorneys for Nathaniel Pulsifer**

S:\Settlement\Enron.Set\Goldman\BRF FINAL APPROVAL 00063117.doc

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT WITH GOLDMAN, SACHS & CO. AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS document has been served by sending a copy via electronic mail to serve@ESL3624.com on November 24, 2009.

I also certify that a copy of the above-mentioned document has been served via U.S. MAIL on the parties listed on the attached "Additional Service List" on this 24th day of November, 2009.

*Deborah S. Granger*
_____
DEBORAH S. GRANGER

| ADDITIONAL SERVICE LIST ||
|---|---|
| Stuart Yoes<br>THE YOES LAW FIRM, LLP<br>3535 Calder Avenue, Suite 235<br>Beaumont, TX 77726-7584<br>409/833-2352<br>409/838-5577 (fax) | Darrell Palmer<br>LAW OFFICES OF DARRELL PALMER<br>603 North Highway 101, Suite A<br>Solana Beach, CA 92075<br>858/792-5600<br>866/583-8115 (fax) |
| Edward W. Cochran<br>20030 Marchmont Rd.<br>Shaker Heights, OH 44122<br>216/751-5546<br>216/751-6630 (fax) | N. Albert Bacharach Jr.<br>115 N.E. Sixth Avenue<br>Gainesville, FL 32601-6592<br>352/378-9859<br>352/338-1858 (fax) |
| Paul S. Rothstein<br>626 N.E. First Street<br>Gainesville, FL 32601<br>352/376-7650<br>352/374-7133 (fax) | J. Scott Kessinger<br>7304 Michigan Ave.<br>St. Louis, MO 63111<br>314/369-5115<br>314/754-8370 (fax) |
| Lawrence W. Schonbrun<br>LAW OFFICES OF LAWRENCE W. SCHONBRUN<br>86 Eucalyptus Road<br>Berkeley, CA 94705<br>510/547-8070 | Edward F. Siegel<br>27600 Chagrin Blvd. #340<br>Cleveland, OH 44122<br>216/831-3424<br>216/831-6584 (fax) |
| John J. Pentz<br>CLASS ACTION FAIRNESS GROUP<br>2 Clock Tower Place, Suite 260G<br>Maynard, MA 01754<br>987/461-1548<br>707/276-2925 (fax) | Jonathan E. Fortman, Esq.<br>Attorney at Law<br>910 S. Florissant Road<br>St. Louis, MO 63135<br>Tel: (314)522-2312<br>Fax: (314)524-1519 |