United States District Court
Southern District of Texas
**ENTERED**
September 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ENRON CORPORATION SECURITIES LITIGATION | MDL Docket No. 1446 |
| MARK NEWBY, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ENRON CORPORATION, et al.,<br><br>Defendant. | Consolidated Civil Action No. H-01-3624 |
| This Document Relates To:<br><br>CONNECTICUT RESOURCES RECOVERY AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH LAY, et. al.,<br><br>Defendants. | Civil Action Nos.<br>H-03-1558, H-03-1579 |

### ORDER OF FINAL JUDGMENT AND DISMISSAL AS TO THE FINANCIAL INSTITUTIONS AND BAR ORDER

WHEREAS, the Court has been informed that the Plaintiff in the above-referenced Actions, Materials Innovation and Recycling Authority ("MIRA"), statutory successor in interest to Connecticut Resources Recovery Authority, and Defendants Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston LLC), Credit Suisse (USA), Inc. (f/k/a Credit Suisse First Boston (USA), Inc.), Pershing LLC (f/k/a Donaldson, Lufkin & Jenrette Securities Corporation), Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, JPMorgan Chase & Co., J.P. Morgan Securities LLC (f/n/a J.P. Morgan Securities Inc.), JPMorgan Chase Bank, N.A., Royal

Bank of Canada, Royal Bank Holding Inc., Royal Bank DS Holding Inc., RBC Dominion Securities Limited, RBC Dominion Securities Inc., Royal Bank of Canada Europe Ltd., RBC Holdings (USA) Inc., RBC Dominion Securities Corporation, The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, National Westminster Bank plc, Greenwich Natwest Structured Finance, Inc. (Dissolved), Greenwich Natwest Ltd., Campsie Ltd. (Dissolved), Toronto-Dominion Bank, Toronto Dominion Holdings (U.S.A.), Inc., TD Securities, Inc., TD Securities (USA), LLC, Toronto Dominion Investments, Inc., Toronto Securities Ltd., and Toronto Dominion (Texas), LLC (collectively, the "Financial Institutions") have entered into a Settlement Agreement and Mutual Release (the "Agreement"), dated as of September __, 2017, settling all claims against the Financial Institutions in the above-referenced Actions;

WHEREAS, for good cause shown, and upon due consideration of the Agreed Motion for Expedited Consideration of, and for Entry of, Order of Dismissal with Prejudice of the Financial Institutions and Bar Order;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has the requisite jurisdiction to consider and enter this Order.

3. This Court hereby dismisses the Actions in their entirety as to the Financial Institutions, with prejudice and with each Party to bear its own costs. This dismissal does not operate as a dismissal of MIRA's claims against the Non-Settling Defendants referred to in the Agreement.

4. Upon the Effective Date, MIRA, on behalf of itself, its successors and assigns, and any other person or entity claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of this Order shall have, fully, finally and forever released,

relinquished and discharged all Released Claims against the Financial Institutions and shall have covenanted not to sue the Financial Institutions with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim against the Financial Institutions.

5. All persons or entities, including, without limitation, the Non-Settling Defendants in the Actions and any other persons or entities later named as defendants in the Actions, are hereby permanently enjoined, barred and restrained from commencing, prosecuting or asserting any action, for contribution, indemnity or otherwise, against the Financial Institutions seeking, as damages or otherwise, the recovery of all or any part of any liability or any settlement which they pay or are obligated to pay or agree to pay to MIRA, as a result of such persons' or entities' participation in any acts, facts, statements or omissions that were or could have been alleged in the Actions (whether under federal law, state law, foreign law or otherwise) as claims, cross-claims, counterclaims, third-party claims or otherwise, whether asserted in the Actions in this Court or in any federal or state court or any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere.  The Financial Institutions are hereby permanently enjoined, barred and restrained from commencing, prosecuting or asserting any action, for contribution, indemnity or otherwise, against all persons or entities, including without limitation, the Non-Settling Defendants in the Actions and any other persons or entities later named as defendants in the Actions, seeking, as damages or otherwise, the recovery of all or any part of any liability or any settlement which the Financial Institutions pay or are obligated to pay or agree to pay to MIRA, as a result of the Financial Institutions' participation in any acts, facts, statements or omissions that were or could have been alleged in the Actions (whether under federal law, state law, foreign law or otherwise) as claims, cross-claims, counterclaims, third-party claims or otherwise, whether asserted in the Actions

in this Court or in any federal or state court or any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere.

6. Upon the Effective Date, all obligations of the Financial Institutions to MIRA or claims against the Financial Institutions arising out of, based upon or otherwise related to the transactions and occurrences that were alleged, or could have been alleged, on behalf of MIRA in the Complaints in the Actions shall be fully, finally and forever discharged, and all persons and entities shall be permanently barred and enjoined from instituting, prosecuting, pursuing or litigating in any manner (regardless of whether such persons or entities purport to act individually, representatively, or in any other capacity and regardless of whether such persons or entities purport to allege direct claims, claims for contribution, indemnification or reimbursement, or any other claims) any such obligations or claims. Expressly excluded from this release and injunction are claims asserted to enforce the release and other terms and conditions contained in the Agreement.

7. Any person or entity barred and enjoined under this Order may be entitled to appropriate judgment reduction if and when a verdict or final judgment is ultimately reached and will not be prevented from presenting relevant evidence of judgment reduction, provided that nothing herein shall be construed as limiting or holding inapplicable the law of joint and several liability to the extent it pertains to MIRA's claims.

8. Upon the Effective Date, the Financial Institutions shall be deemed to have, and by operation of this Order shall have, fully, finally and forever released, relinquished and discharged MIRA from all claims (including unknown claims), arising out of, in any way relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims except to enforce the releases and other terms and conditions contained in the Agreement.

9. This Order is a final judgment in the Actions as to all claims among the Financial Institutions, on the one hand, and MIRA, on the other hand. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

10. Without affecting the finality of this Order in any way, this Court retains continuing jurisdiction over all proceedings related to the implementation and enforcement of the terms of the Agreement.

11. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

IT IS SO ORDERED.

DATED: _September 15, 2017_     _Melinda Harmon_
THE HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE